THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

Robert F. Murphy, III, Lead Plaintiff for Patrol )
Officer Plaintiffs, including Patrol Officers Edward )
Keraissey, Daniel R. Brogan, Richard Vieira, )          Docket No.: 04-11996RGS
Elizabeth R. Heffler, Office Thomas W. Vitale, John)
C. Frissore, S. Christopher Salis, Joseph N. Hayes, )
Amy Coughlin, James M. Ordway, Elizabeth M. )
Blanchard, Diane Morrill, Brian A. Bosselman, )
James P. Quilty, Brian D. Ingham, John W. Doherty,)
Jr., John P. Haswell, Robert A. Hoffman, Jr., )
Leonard Jennings, Christian Rodriquez, James F. )
Keohane, Richard P. Halloran, Jr., Allan W. )
Graham, Jr., Vincent Forde, James M. Linton, )
Robert J. White, William A. Geissler, Edward )
Arena, Howard L. Harper, Kevin J. Delehanty, )
Ronald D. Richardson, Arthur Peros, Cara M. )
Rossi-Cafarelli, Douglas McDonnell, Scott Smith, )
Brett Conaway, Anthony M. Gaieski, Kenneth )
Fitzgerald and )
)
and )
)
Brian C. Grassey, Lead Plaintiff for Superior )
Officer Plaintiffs, including Superior Officers )
Daniel L. O'Callaghan, Robert D. Dunlop, Mark V. )
St. Hilaire, Thomas G. Lamont, Alfred B. Grassey, )
Peter E. Mason, Robert L. Davis, Jr., Lawrence J. )
Fleming, Leo J. Fitzpatrick, Jr., Nicholas S. )
Mabardy, Sergeant Richard P. Douglas, Paul W. )
Thompson, Jeffrey E. Longtine, Steven J. )
Pagliarulo, Brian G. Lauzon, Alfred F. Morgan )
)
Plaintiffs )
)
v. )
)
Town of Natick, Natick Police Department, and )
Dennis R. Mannix, in his capacity as Chief of )
Police )
)
Defendants )
_____ )

<u>**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**</u>

**<u>FIRST DEFENSE</u>**

The Complaint fails to state a claim upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

The Complaint fails to state a claim upon which relief can be granted because the Defendants are not liable to pay the Plaintiffs any amount of damages.

**<u>THIRD DEFENSE</u>**

Defendants Town of Natick, Natick Police Department, and Dennis R. Mannix respond to the allegations of the Plaintiffs' Complaint, paragraph by paragraph, as follows:

<u>Background</u>

1.      Defendants admit the allegations of Paragraph 1.

2.      As to the allegations of Paragraph 2, the Defendants admit only that Dennis Mannix holds the position of Chief of Police and that the Plaintiffs have named Dennis Mannix, Natick Police Department and the Town of Natick as defendants in their Complaint.  The Defendants make no response to the remainder of Paragraph 2 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a further response may be required, the Defendants leave the Plaintiffs to their proof.

3.      The Defendants make no response to Paragraph 3 because it does not allege material fact, but rather contains the Plaintiffs' self serving description of their lawsuit to which no response is required.  However, to the extent that a response may be required, the Defendants leave the

2

Plaintiffs to their proof.

4.      Defendants deny the allegation contained in Paragraph 4.

<u>Jurisdiction</u>

5.      The Defendants make no response to Paragraph 5 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a response may be required, the Defendants leave the Plaintiffs to their proof.

6.      The Defendants make no response to Paragraph 6 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a response may be required, the Defendants leave the Plaintiffs to their proof.

7.      The Defendants make no response to Paragraph 7 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a further response may be required, the Defendants leave the Plaintiffs to their proof.

<u>Parties</u>

8.      As to the allegations of Paragraph 8, the Defendants admit only that the Plaintiffs are or were formerly employed by the Town of Natick within the Natick Police Department and that some of the Plaintiffs are or were patrol officers and others are or were superior officers.  The Defendants make no response to the remainder of Paragraph 8 because it does not allege material fact, but rather states conclusions of law to which no response is required.  To the extent a further response may be required, Defendants  leave the Plaintiffs to their proof.

9.      As to the allegations of Paragraph 9, the Defendants admit only that the Town of Natick admits that it is a municipality duly organized under the laws of the Commonwealth of Massachusetts and that the Natick Police Department is a department and agency of the Town of

3

Natick.  The Defendants make no response to the remainder of Paragraph 9 because it does not allege material fact, but rather states conclusions of law to which no response is required.  To the extent a response may be required, Defendants  leave the Plaintiffs to their proof.

Factual Background

10.     The Defendants make no response to Paragraph 10 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a further response may be required, the Defendants leave the Plaintiffs to their proof.

11.     The Defendants make no response to Paragraph 11 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a further response may be required, the Defendants leave the Plaintiffs to their proof.

12.     The Defendants make no response to the first sentence of Paragraph 12 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a response may be required, the Defendants deny the first sentence of Paragraph 12.  The Defendants deny the remaining allegations contained in Paragraph 12.

13.     As to the allegations of Paragraph 13, the Defendants admit only that during the past three years the Town of Natick, with the Plaintiff's agreement, has at times provided the Plaintiffs with compensatory time credit rather than cash payment.  The Defendants deny the remaining assertions and allegations of Paragraph 13.

14.     The Defendants deny the allegations of Paragraph 14.

15.     The Defendants make no response to Paragraph 15 because it does not allege material fact, but rather states a conclusion of law to which no response is required.  However, to the extent that a response may be required, the Defendants deny the assertions of this Paragraph.

16.     The Defendants object to Paragraph 16 of the Complaint because it does not contain a clear and concise allegation of material fact which can be answered in summary fashion in relation to 56 persons whose individual circumstances are known to the Defendants to vary. The Defendants further object that as to each of the Plaintiffs a different response may be required as to each subpart. Accordingly, the burden of responding to this Paragraph as to each Plaintiff as it is presently pled is onerous and unduly burdensome. However, to the extent that a further response may be required, the Defendants state that they lack sufficient knowledge and information upon which to base a conclusion as to the truth of the allegations of Paragraph 16, and therefore leave the Plaintiffs to their proof.

17.     The Defendants object to Paragraph 17 of the Complaint because its use of the term "other compensation augments" is vague and ambiguous. The Defendants make no response to Paragraph 17 because it does not allege material fact, but rather states a conclusion of law to which no response is required. However, to the extent that a response may be required, the Defendants deny the assertions of this Paragraph.

18.     As to the allegations of Paragraph 18, the Defendants admit only that some of the Plaintiffs are required to be dressed in full uniform for some of their job functions. Responding further, the Defendants deny that being dressed in uniform is compensable "work preparation", further deny that Patrol Officer Plaintiffs are required to perform compensable "work preparation prior to roll call at the start of the shift" and deny that the Plaintiffs are not paid for all hours of their work. The remaining allegations contained in Paragraph 18, if any, are denied.

19.     The Defendants deny the allegations of Paragraph 19 in the express terms alleged. Responding further, the Defendants deny that the Plaintiffs are performing overtime work when they

perform work which they refer to in their Complaint as "Town details" or "forced details".   To the extent that a further response may be required, the Defendants leave the Plaintiffs to their proof.

## COUNT I

20.     The Defendants hereby incorporate and make their response to Paragraphs 1-19 their response to Paragraph 20 as if fully set forth herein.

21.     The Defendants deny the allegations contained in Paragraph 21.

WHEREFORE, the Defendants respectfully move the Court to dismiss Count I of the Complaint, afford the Plaintiffs no relief and award the Defendants their recoverable costs and expenses.

## COUNT II

22.     The Defendants hereby incorporate and make their response to Paragraphs 1-21 their response to Paragraph 22 as if fully set forth herein.

23.     The Defendants deny the allegations contained in Paragraph 23.

WHEREFORE, the Defendants respectfully move the Court to dismiss Count II of the Complaint, afford the Plaintiffs no relief and award the Defendants their recoverable costs and expenses.

## COUNT III

24.     The Defendants hereby incorporate and make their response to Paragraphs 1-23 their response to Paragraph 24 as if fully set forth herein.

25.     The Defendants deny the allegations contained in Paragraph 25.

WHEREFORE, the Defendants respectfully move the Court to dismiss Count III of the Complaint, afford the Plaintiffs no relief and award the Defendants their recoverable costs and expenses.

## FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of laches.

## SEVENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of ratification.

## EIGHTH DEFENSE

Defendants have at all times acted in good faith with reasonable belief that their actions were in compliance with all relevant laws.

## NINTH DEFENSE

Plaintiffs' claims are barred for failure to follow the grievance procedures contained in the collective bargaining agreements entered into by and between the parties.

**TENTH DEFENSE**

Plaintiffs claims are barred in whole or in part by Section 15(b) of the Fair Labor Standards Act, as amended by Section 5 of the Portal-to-Portal Act, as a representative action since one or more named Plaintiffs did not consent to become a party.

**ELEVENTH DEFENSE**

One or more named Plaintiffs have not consented to become parties to this action.

**TWELFTH DEFENSE**

Any act or omission by Defendants giving rise to this action was in good faith, and the Defendants at all times had reasonable grounds for believing that their acts of omissions were not violations of the Fair Labor Standards Act, and Defendants have otherwise met the standards for an affirmative defense set forth in Section 11 of the Portal-to-Portal Act.

**THIRTEENTH DEFENSE**

The Defendants deny that they acted in violation of the Fair Labor Standards Act and further state that any act or omission by Defendants later determined to be in violation of the Fair Labor Standards Act was not a willful act or omission.

**FOURTEENTH DEFENSE**

Presently and at all times during the period of time within the applicable statute of limitations, Defendants have operated a work period that entitled them to the partial public safety exemption under 29 U.S.C. § 207(k).

**FIFTEENTH DEFENSE**

Plaintiffs do not have sufficient commonality with respect to questions of fact and law to proceed with their claims.

**JURY DEMAND**

Defendants demand a jury trial on all issues so triable.

The Defendants,
ROBERT  F.  MANNIX,  NATICK  POLICE
DEPARTMENT AND TOWN OF NATICK
By their attorneys,


/s/William P. Breen, Jr.
William P. Breen, Jr., BBO # 558768
Rebecca L. Andrews, BBO # 644846
Joseph Bartulis,  BBO # 561025
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

9