THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

USDC Case No:
04-11996 RGS

Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, including Patrol Officers Edward Keraissey, Daniel R. Brogan, Richard Vieira, Elizabeth R. Heffler, Office Thomas W. Vitale, John C. Frissore, S. Christopher Salis, Joseph N. Hayes, Amy Coughlin, James M. Ordway, Elizabeth M. Blanchard, Diane Morrill, Brian A. Bosselman, James P. Quilty, Brian D. Ingham, John W. Doherty, Jr., John P. Haswell, Robert A. Hoffman Jr., Leonard Jennings, Christian Rodriquez, James F. Keohane, Richard P. Halloran, Jr., Allan W. Graham, Jr., Vincent Forde, James M. Linton, Robert J. White, William A. Geissler, Edward Arena, Howard L. Harper, Kevin J. Delehanty Ronald D. Richardson, Arthur Peros, Cara M. Rossi-Cafarelli, Douglas McDonnell, Scott Smith, Brett Conaway, Anthony M. Gaieski, Kenneth Fitzgerald, and

Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, including Superior Officers Daniel L. O'Callaghan, Robert D. Dunlop, Mark V. St. Hilaire, Thomas G. Lamont, Alfred B. Grassey, Peter E. Mason, Robert L. Davis, Jr., Lawrence J. Fleming, Leo J. Fitzpatrick, Jr., Nicholas S. Mabardy, Sergeant Richard P. Douglas, Paul W. Thompson, Jeffrey E. Longtine, Steven J. Pagliarulo, Brian G. Lauzon, Alfred F. Morgan,

   Plaintiffs

 v.

Town of Natick, Natick Police Department, and Dennis R. Mannix in his capacity as Chief of Police,

   Defendants

**FIRST AMENDED COMPLAINT OF VIOLATION
UNDER THE FAIR LABOR STANDARDS ACT**

## Background

1. The Plaintiffs in this action are fifty-six (56) current and former patrol and superior officers who are or were employed by the Town of Natick, Massachusetts, within the Natick Police Department.

2. The Defendants in this action are the following individuals and entities: Dennis R. Mannix, who holds the position of Chief of Police and is the chief executive of the Natick Police Department; the Town of Natick; and the Natick Police Department. Each of the above-named defendants is person or entity that falls within the definition of "employer" within the meaning of 29 U.S.C. §203(b).

3. Plaintiffs bring this action for a declaratory judgment, backpay for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA").

4. Defendants' willful violations of the FLSA include unlawful failure to calculate and pay overtime in violation of 29 U.S.C. §207.

## Jurisdiction

5. Jurisdiction over this action is conferred on the court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6. Jurisdiction to provide declaratory relief and any relief as necessary to effectuate such declaration is authorized under 28 U.S.C. §§2201 and 2202.

7.  This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

**Parties**

8.  Each of the Plaintiffs is or was during the relevant statute of limitations an employee within the meaning of the FLSA §203(e), of the Town of Natick within the Natick Police Department. Each Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. §216(b). See attachments to original complaint. There are two sub-categories of Plaintiffs. One group referred to herein as "Patrol Officer Plaintiffs" is or were patrol officers within the Natick Police Department, and a second group referred to herein as "Superior Officer Plaintiffs" is or were superior officers within the Natick Police Department.

9.  The Defendant Town of Natick ("Town"), Massachusetts, is an employer within the meaning of FLSA §203(d) and is the official governmental authority responsible for the organization, provision, management and operation of law enforcement within its jurisdiction. The Town's police department is an official department or agency of the Town authorized and established to provide the Town's law enforcement.

**Factual Background**

10. The effective date for FLSA coverage of Plaintiffs with respect to their employment with the Town was April 15, 1986. FLSA Amendments of 1985 (Public Law 99-150); Garcia v. San Antonio Metropolitan Transit

Authority, 469 U.S. 528 (1985) (ruling that FLSA could constitutionally be applied to state and local employees).

11. Plaintiffs are scheduled to work a forty-hour work week, and the regular work period is a 7-day week.

12. Plaintiffs are not covered by the partial public safety exemption under 29 U.S.C. §207(k) and are therefore entitled to credit for time worked over forty hours in a week at time and one half.

13. The compensation that Plaintiffs receive in their regular paychecks varies depending upon the quantity and quality of their work. In this regard: (a) Plaintiffs have received a 6% shift differential if they perform work on the second or third shifts (i.e., work between 4:00 p.m. and 8:00 a.m.); (b) Plaintiffs have received a differential relating to the education level that they have attained pursuant to the so-called Quinn Bill statute, Mass. G.L. c.31, §108L; (c) Plaintiffs have received a "longevity" payment based upon each Plaintiff's length of service in the Town; (d) Patrol Officer Plaintiffs have received a differential for certain technical training and knowledge that they use in the course of their duties referred to as a "Compstat/Techonlogy Training" differential; (e) Patrol Officer Plaintiffs receive a stipend for certain specialist assignments (e.g., $1200 stipend for assignment as a detective); (f) Superior Officer Plaintiffs have received a differential for certain aspects of their principal work duties as superior officers that immediately precede or follow the hours of their regular shift, but receive no overtime wages for such pre-regular shift or post-regular shift duties even though such duties generally

encompass approximately thirty minutes of work per day; and (g) Plaintiffs receive an annual stipend of between 1.575% to 7.7% of their base pay for in service training.

14. Except for shift differential (clause "a" of para. 13), the Town does not include other compensation augments as described in paragraph thirteen in calculating the "regular rate" within the meaning of the FLSA 29 U.S.C. §207(a) and the corresponding overtime rate under the FLSA as specified in 29 C.F.R. Part 778.

15. Plaintiffs are paid a flat rate that is less than the FLSA overtime rate when performing certain overtime work referred to as "Town details" or "forced details".

## COUNT I

16. With respect to the first count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-15.

17. Defendants have violated and continue to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs the proper amount in cash overtime compensation due them under the FLSA and its implementing regulations, specifically by failing to include multiple wage augments that Plaintiffs receive in calculating the "regular rate" and corresponding FLSA overtime rate. This has resulted in Plaintiffs receiving an overtime rate and compensation that is less than the amount required under the FLSA.

## COUNT II

18.   With respect to the second count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-17.

19.   Defendants have violated and continue to violate the FLSA by failing and refusing in a willful and intentional manner: (a) to pay Superior Officer Plaintiffs at the applicable rate under the FLSA for principal work duties as superior officers that immediately precede or follow the hours of their regular shift; and (b) to pay Plaintiffs at the applicable overtime rate under the FLSA for time spent working Town and forced details.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

A.   Enter a declaratory judgment that Defendants have willfully and wrongfully violated their obligations under the FLSA by depriving Plaintiffs cash overtime payment on their regular pay day as required by law for each instance that (a) a Plaintiff was not paid overtime in the correct amount due to the Town's failure to include all wage augments in the regular rate prior to calculating the FLSA overtime rate for three years prior to the date that this complaint was filed and onward to present; (b) a Superior Officer Plaintiff was not paid overtime for principal work duties that immediately precede or follow the hours of their regular shift at the applicable rate under the FLSA; and (c) a Plaintiff was not paid the applicable FLSA overtime rate for time working Town and forced details.

B.   Order Defendants, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate

accounting of all FLSA unpaid overtime compensation owing to each Plaintiff for the unlawful payment practices of the Town as alleged in-Count I and II starting three years prior to September 15, 2004 (i.e., the date that the instant complaint was filed in Federal District Court) and onward to present.

    C.    Enter a judgment under FLSA Section 216 against Defendants for payment of backwages to Plaintiffs for all sums found due to each Plaintiff for unpaid overtime compensation starting three years prior to September 15, 2004 (i.e., the date that the instant complaint was filed in Federal District Court) and onward to present.

    D.    Enter a judgment under FLSA Section 216 against Defendants for payment of liquidated damages to Plaintiffs as are owing to each Plaintiff in an amount equal to the amount adjudged as owing to each Plaintiff for unpaid overtime compensation under paragraph C.[1]

    F.    Enter a judgment under FLSA Section 216 against Defendants for all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this FLSA complaint.

---

[1] Assuming arguendo that no liquidated damages are held owing for any portion of the backpay liability—and Plaintiffs in now way concede that point—Plaintiffs then respectfully request that the Court enter a judgment against Defendants for prejudgment statutory interest on all such amounts.

G. Enter orders and judgments as may otherwise be a just and proper to remedy the Town's unlawful violations of the FLSA as alleged herein.

Respectfully submitted,

For Plaintiffs,

By Plaintiffs' Counsel:

_____
Jack J. Canzoneri, BBO #564126
McDonald & Associates
153 Cordaville Road, Suite 210
Southborough, Massachusetts 01772
(508) 485-6600

Dated: July 11, 2005

### Certificate of Service

I, Jack J. Canzoneri, hereby certify that I have this day by first class mail, postage prepaid, served a copy of the Plaintiffs' FIRST AMENDED COMPLAINT OF VIOLATION UNDER THE FAIR LABOR STANDARDS ACT upon Williams P. Breen, Jr. Esq., Joseph T. Bartulis, Jr., and Rebecca L. Andrews, Esq., counsel for the Defendants in the above-captioned matter.

Dated: July 11, 2005

_____
Jack J. Canzoneri, BBO #564126