THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and,

Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintffs, et al.,

    Plaintiffs,

    v.

Town of Natick, et al.

    Defendants

USDC Case No.:  04-11996 RGS

**PLAINTIFFS' MOTION FOR SANCTIONS
AND AN ORDER COMPELLING DEFENDANTS
TO PROVIDE PROPER RESPONSES TO PLAINTIFFS'
REQUESTS FOR ADMISSION Nos. 22, 36 39, & 41-96**

Pursuant to Fed. R. of Civ. Proc. Rules 36 and 37 and Local Rules 36.1 and 37.1, Plaintiffs Robert F. Murphy, III and Brian C. Grassey, et al. (Plaintiffs) move for an order of the Court imposing sanctions on Defendant Town of Natick (Defendant or Town) and requiring that said Defendant provide proper responses to Plaintiffs' Requests For Admission Nos. 22, 36, 39 & 41-96 (hereinafter " RFA Nos. 22,36, 39, & 41-96").  There is good cause to grant this motion as set forth in Plaintiffs' Memorandum of Law filed simultaneously in support of this motion pursuant to Local Rule 7.1(B)(4).

WHEREFORE, Plaintiffs respectfully move for an Order of the Court as set forth on Appendix A of this motion:

(1) compelling the Town to conduct a reasonable and diligent investigation to determine the extent to which the Town may admit to the matters set forth in RFA Nos. 22,36, 39, & 41-96;

(2) compelling the Town to comply with all requirements of FRCP Rule 36 in responding substantively to RFA Nos. 22,36, 39, & 41-96 within 10 days of the court's order including the requirement, <u>inter alia</u>, that any denial "shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is required, the party shall specify so much of it as is true and qualify or deny the remainder";

(3) deeming that the admissions set forth in RFA Nos. 22,36, 39, & 41-96 are admitted unless the Town produces a proper substantive response within 10 days of the court's order;

(4) requiring the Town to pay for attorneys fees and costs incurred by Plaintiffs in drafting RFA Nos. 41-96 inasmuch as a proper response to RFA Nos. 22 and 36 would have yielded the same substantive response and RFA Nos. 41-96 were issued by Plaintiffs only because of the Town's refusal to respond properly to said RFA Nos. 22 and 36;

(5) requiring the Town to pay for attorneys fees and costs incurred by Plaintiffs in filing and advocating in support of the subject motion; and,

(6) any other relief that the Court deems appropriate.

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D) Plaintiffs also request oral arguments pertaining to this motion.

>Respectfully submitted,
>
>For Plaintiffs,
>
>By their attorneys,
>
>*/s/ Jack J. Canzoneri*
>Jack J. Canzoneri, BBO #564126
>McDonald Lamond & Canzoneri
>Cordaville Office Center
>153 Cordaville Road, Suite 210
>Southborough, MA 01772
>(508) 485-6600

Dated: June 7, 2006

## Local Rule 7.1(A) (2) Certification

I, Jack J. Canzoneri, hereby certify that I have conferred with opposing counsel in an effort to resolve the discovery dispute that is the subject of this motion, without success, as reviewed in detail in Part I Introduction, of the Memorandum of Law that Plaintiffs have filed simultaneously in support of this motion.

Dated: June 7, 2006               */s/ Jack J. Canzoneri*
                                  Jack J. Canzoneri

## CERTIFICATE OF SERVICE

I, Jack J. Canzoneri, hereby certify that I have this day via the Electronic Case File system, served a copy of the forgoing Plaintiffs' Motion For Sanctions And An Order Compelling Defendants To Provide Proper Responses To Plaintiffs' Requests For Admission Nos. 22, 36, 39, & 41-96 upon John P. Flynn, Jr. Esq., and Joseph T. Bartulis, Jr., Esq. counsel for the Defendants in the above-captioned matter.

Dated: June 7, 2006               */s/ Jack J. Canzoneri*
                                  Jack J. Canzoneri

**APPENDIX A**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and, <br><br> Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintffs, et al., <br><br>       Plaintiffs, <br><br>       v. <br><br> Town of Natick, et al. <br><br>       Defendants | USDC Case No.:  04-11996 RGS |

**ORDER**

As resolution of the Motion filed by Plaintiffs on June 7, 2006 for sanctions and an order compelling Defendant Town of Natick (Town or Defendant) to provide proper responses to Plaintiffs' Request For Admissions Nos. 22, 36, 39, & 41-96, (hereinafter " RFA Nos. 22,36, 39, & 41-96") the Court hereby GRANTS said motion and ORDERS as follows:

(1)   the Town shall conduct a reasonable and diligent investigation to determine the extent to which the Town may admit to the matters set forth in RFA Nos. 22,36, 39, & 41-96;

(2)   the Town shall comply with all requirements of FRCP Rule 36 in responding substantively to RFA Nos. 22,36, 39, & 41-96 within 10 days of this Order including the requirement, <u>inter alia</u>, that any denial "shall fairly meet the substance of the requested admission, and when good faith requires that a

party qualify an answer or deny only a part of the matter of which an admission is required, the party shall specify so much of it as is true and qualify or deny the remainder."

 (3) the Town shall be deemed to admit the facts set forth in RFA Nos. 22, 36, 39, & 41-96 unless the Town produces a proper substantive response within 10 days of this Order;

 (4) the Town shall forthwith pay for attorneys fees and costs incurred by Plaintiffs in drafting RFA Nos. 41-96 inasmuch as a proper response to RFA Nos. 22 and 36 would have yielded the same substantive response and RFA Nos. 41-96 were issued by Plaintiffs only because of the Town's refusal to respond properly to said RFA Nos. 22 and 36; and,

 (5) the Town shall also pay for attorneys fees and costs incurred by Plaintiffs in filing and advocating in support of the subject motion.

    By Order of the Court, this _____ day of
    _____, 2006,

    Honorable Richard G. Stearns presiding:

    _____