THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and, <br><br> Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintffs, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> Town of Natick, et al. <br><br>    Defendants | USDC Case No.:  04-11996 RGS |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SANCTIONS
AND AN ORDER COMPELLING DEFENDANTS
TO PROVIDE PROPER RESPONSES TO PLAINTIFFS'
REQUESTS FOR ADMISSION NOS. 22, 36, 39, & 41-96**

## I.  Introduction

Pursuant to Local Rule 7.1(B)(4) Plaintiffs file this memorandum of law with the Court in support of Plaintiffs' Motion For Sanctions And An Order Compelling Defendants To Provide Proper Responses To Plaintiffs' Requests For Admission Nos. 22, 36, 39, & 41-96.

On September 15, 2004 Plaintiffs in the above-captioned matter filed a complaint alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and sought <u>inter alia</u> injunctive and declaratory relief, along with backpay and liquidated damages.  After a pre-trial conference on March 14, 2005 the court ordered that the parties undertake 100 days of voluntary informal discovery to determine whether there were

significant damages (or a mere technical violation).  During that 100 day period Defendants' and Plaintiffs' counsel reviewed payroll data of the Town.  From that review Plaintiffs asserted that, if they prevailed, there was a significant issue of damages (in excess of $300,000). It was in this context that on July 27, 2005 the parties met with the court for a follow-up scheduling conference and reported the outcome of the informal discovery, summarized above.

After the July 27, 2005 court conference, the Court issued a scheduling order which provided for written and other discovery through November 2005. On November 2, 2005 (prior to the discovery deadline) Plaintiffs served their First Request For Admissions ("RFAs") upon Defendant Town, the relevant excerpt of which is attached hereto and incorporated herein as Attachment 1.[1] Later in December 2005, the Defendant Town issued its responses to Plaintiffs' RFAs, the relevant excerpt of which is attached hereto and incorporated herein as Attachment 2.

Plaintiffs were dissatisfied with Defendant's responses and the parties convened at least two telephone conferences to resolve that dispute between December 2005 and March, 2006.  Rather than filing a motion to compel at that time, Plaintiffs decided to send a follow-up request for admission which it hoped, as a practical matter, would avert the need for filing a motion to compel. Accordingly on March 16, 2006, Plaintiffs served their Third RFAs upon

---

[1] In December 2005 the parties submitted a joint motion to extend the scheduling order, asserting that Defendants responses to Plaintiffs pending RFAs in turn would aid the parties in determining the scope of discovery.

Defendant Town.² The Third RFA was comprised of fifty-six requests, RFA Nos. 41 through 96, but it was essentially a single question posed by each Plaintiff going to the issue of whether the Town would admit that each plaintiff was a non-exempt employee under the FLSA. Plaintiffs provided the RFA in this format in an effort accommodate concerns raised by counsel relating to the First RFAs that sought admissions on that topic through a single consolidated request for admission. The Third RFA served by Plaintiffs upon Defendants in March 2006 is attached hereto and incorporated herein as Attachment 3.

The time for Defendants to respond to the Third RFAs was extended, by order of the court, to June 2, 2006, principally because prior lead and associate counsel of Defendants left employment with the law firm representing Defendants, and new counsel from the same law firm needed time to acclimate himself to the case and respond to the pending Third RFAs. On June 2, 2006 Defendants served their responses to Plaintiffs' Third RFAs, a relevant excerpt of which is attached hereto and incorporated herein as Attachment 4.³

---

² There was an intervening Second RFA (which contained only one request) served in early December which is not in dispute.

³ The last three pages are not included (two signature pages, and one substantive page) in order to comply with the rule requiring that each item of attachment be 2.5 megabytes or less. This does not affect the substance of the analysis since, as discussed later, the Town's response for each of the fifty-six plaintiffs was essentially the same.

Again, Plaintiffs were dissatisfied with Defendant's responses.  Another Local Rule 7.1 Conference was convened (via telephone) on June 5, 2006, but the parties were still unable to resolve the discovery dispute.[4]

Although Plaintiffs have multiple concerns with the manner in which Defendant responded to the First RFA,[5] for purposes of this motion they have reduced the area of dispute to Defendant's response to RFA Nos. 22, 36, and 39 of the First RFA (Attach. 1-2); and Defendants entire response to RFA Nos. 41-96 of the Third RFA (Attach. 3-4).

## II.  Legal Analysis

### A.  Defendant's Response Regarding RFA Nos. 41-96 Is Defective And Defendant Should Be Ordered To Provide A Proper Substantive Response.

Turning first to the Third RFA, served in March 2006, the specific RFA and response is as follows:

**RFA Nos. 41 through 96**

> For each workweek from September 15, 2001 to present, each of the Plaintiffs identified below (i.e., one through fifty-six) have been employed by the Town in its police department as non-exempt employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§213(a)(1), such that the Town has been

---

[4] Also, due to the delay caused by the parties attempting to voluntarily resolve the parties discovery dispute, the parties also sought an additional enlargement in the time for discovery to fall 2006.  There is some confusion in the record as to whether this joint motion was granted.  This issued was addressed by letter and motion to the court, sent by Defendants' counsel on May 5, 2006 (Doc # 23-24).  It appears that November 11, 2006 is the current deadline for completion of all written discovery.

[5] Plaintiffs are attempting to address those concerns separately through a Fourth RFA that was served on June 6.  Depending upon the outcome of that Fourth RFA, there may be a further dispute.

obliged for each such workweek to provide overtime compensation to each such Plaintiff where they worked over forty-hours per week pursuant to the FSLA, 29 U.S.C. §207:

    Plaintiff No. 1    Robert F. Murphy, III

    Plaintiff No. 2    * * * [Each Plaintiff as listed in the caption is set forth expressly, one through fifty-six]

(Attach. 3.)

**RESPONSE Nos. 41 through 96**

Plaintiff No. 1    Robert F. Murphy, III

Response:  Objection: Defendant objects to the extent that the request seeks admissions as to conclusion of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 1, Robert F. Murphy, III, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

Plaintiff No. 2    Edward Keraissey

* * * [Defendant's response for each further plaintiff was delineated in identical fashion, except for some variation on its statement as to the duration of employment from September 15, 2001 onward.]

(Attach. 4.)

As can be seen from the above, Defendant's objection to RFA Nos. 41-96 is that each of those RFAs sought an admission as to a "conclusion of law" rather than admission as to "a fact or the application of law to fact". (Attach. 4.) That objection is baseless and should be rejected by the court.

It is true that in order to respond to RFA Nos. 41-96 the Defendant must apprise itself of the legal standards that bear on the question of whether an

5

employee shall be deemed exempt (not eligible for FLSA overtime) or non-exempt (eligible for FLSA overtime). Those standards are set forth in the FLSA at 29 U.S.C. §§213(a)(1) and in regulations which appear at 29 C.F.R. §541 et seq. It is necessary for Defendant to know such standards because it must then examine the facts relating to the assignments held by each Plaintiff during the relevant period to determine whether, an application of those facts to the applicable law and regulations supports the requested admission that each Plaintiff has worked as a non-exempt employee in each week during the relevant period (using a three year statute of limitations). On its face, therefore, Defendant's objection to RFA Nos. 41-96 on grounds that it seeks an admission as to a "conclusion of law" is frivolous and without colorable basis.

    Moreover, RFA Nos. 41-96 provide a quintessential example of an RFA that is expressly permitted by FRCP Rule 36(a), i.e., an RFA may require a party engage in "an application of law to fact". FRCP Rule 36(a). In addition to this express language of FRC Rule 36, the 1970 Amendment Advisory Committee notes also specifically state that this is contemplated under Rule 36. In so stating the notes provide an example of applying law to the facts which mirror the analysis that Plaintiffs have asked Defendants to perform on the question of the exempt or non-exempt status of each Plaintiff. In that regard the Advisory Committee stated: "For example, an admission that an employee acted in the scope of his employment may remove a major issue from trial. . . ." Id. Here, rather than determining whether an employee acted in the scope of employment as described in the Advisory Committee notes, Plaintiffs

6

seek to have Defendant admit that each Plaintiff performed duties in the scope of a non-exempt employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§213(a)(1), and that "the Town therefore has been obliged for each workweek to provide overtime compensation to each such Plaintiff where they worked over forty-hours per week pursuant to the FSLA, 29 U.S.C. §207."

    For the above reasons, the Court should find that the Town has offered a frivolous basis for refusing to respond to RFA Nos. 41-96.  The Court should issue an order as requested in the subject motion compelling the Town to issue a proper substantive response.  In ordering the Town to so respond, the Court should also require that the Town to exhaust its investigation into the matter so that it has all facts germane to the issue and then issue an admission that is the result of applying the law to the facts.  See 1970 Amendment, Advisory Committee Notes for FRCP Rule 36 (citing Hise v Lockwood Grader Corp., 153 F Supp 276 (D. Nebr. 1957); E. H. Tate Co. v Jiffy Enterprises, Inc., 16 FRD 571 (E.D. Pa. 1954); Finman, The Request for Admissions in Federal Civil Procedure, 71 Yale L. J. 371, 404-409 (1962); 4 Moore's Federal Practice §36.04 (2d ed 1966); 2A Barron & Holtzoff, Federal Practice and procedure 509 (Wright ed. 1961).[6]

    **B.    Defendant's Responses Regarding RFA Nos. 22 And 36 Are Defective And Defendant**

---

[6] Plaintiffs reserve for reply a rebuttal argument as to any other bases that Defendant seeks to assert in any opposition Defendant files in response to this motion.

**Should Be Ordered To Provide A Proper
Substantive Response**.

With respect to RFA Nos. 22 and 36, they were the precursor RFAs to RFA Nos. 41-96 (RFA Nos. 41-46 having been necessitated by the Town's failure to properly respond regarding RFA Nos. 22 and 36). The two RFAs and the Town's response at issue are as follows:

**RFA No. 22**

Each of the Superior Officer assignments referenced in RFA No. 21 is not an exempt employment position within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§213(a)(1), and the Town is obliged to provide overtime compensation to Superior Officers in each such assignment where they work more than forty-hours per week as required by the FSLA, 29 U.S.C. §207.[7]

**RESPONSE NO. 22**

OBJECTION: The Defendant objects to this Request to the extent that it is overly broad in that it refers to "the Superior Officer assignments referenced in RFA No. 21." Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving pending objections, the Defendant denies that each of the Superior Officer assignments referenced in RFA No. 21 are not exempt employment positions

---

[7] RFA No. 21 is incorporated by reference in RFA No. 22, and reads as follows: "Superior Officer Plaintiffs have been assigned to one or more of the following eight assignments from September 2001 to present unless otherwise indicated: (a) one Lieutenant assigned as Information Services Commander from December 9, 2004 onward; (b) approximately eleven Sergeants assigned as Patrol Supervisors; (c) three of the eleven Sergeants assigned as Patrol Supervisors also being assigned as Area Commander; (d) one Lieutenant assigned as Community Services Officer through approximately September 2004; (e) one Lieutenant assigned as Executive Officer; (f) one Sergeant assigned as Traffic Services Division Officer; (g) one Sergeant assigned as Administrative Officer; (h) one Lieutenant assigned as Investigative Services Commander; and (i) one Lieutenant assigned as Operations Commander."

within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §213(a)(1), and denies that it is obliged to provide overtime compensation under the FLSA, 29 U.S.C. § 207, to Superior Officers in each such assignment where they work more than forty-hours per week.

**RFA No. 36**

Patrol Officers Plaintiffs have been assigned either as patrol officers and/or as detectives and all such Patrol Officers are not exempt employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§213(a)(1). Rather, the Town is obliged to provide overtime compensation to Patrol Officer where they work more than forty-hours per week as required by the FSLA, 29 U.S.C. §207.

(Attach. 1.)

**RESPONSE NO. 36**

OBJECTION: The Defendant objects to this Request on the grounds that it is overly broad in that it refers to all "Patrol Officers Plaintiffs." Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving said pending objections, the Defendant denies that all Patrol Officer Plaintiffs have been assigned as either patrol officers and/or as detectives and denies that it is obliged to provide overtime compensation to all Patrol Officers where they work more than forty-hours per week as required by the FLSA, 29 U.S.C. § 207.

(Attach. 2.)

In responding to the above-quoted RFAs, the Town did not object on grounds that Plaintiffs were requesting admissions which required the Defendant to reach a conclusion of law. Rather its two objections were on other grounds.

9

Turning to the Town's first objection, for both RFA Nos. 22 and 36, the Town objected on grounds that the RFAs were "overly broad." It appears that the Town made this objection because the RFAs in question sought an admission, in the aggregate, that the entire class of Superior Officer Plaintiffs (RFA No. 22) and Patrol Officer Plaintiffs (RFA No. 36) were non-exempt employees within the meaning of 29 U.S.C. §§213(a)(1). That objection cannot be valid because the RFAs at issue seek to determine whether a finite group of Plaintiffs, fifty-six of them, shall be classified as exempt or non-exempt within the meaning of the applicable FLSA statutory provision. The RFAs do not seek an admission for anyone other than Plaintiffs and therefore they are not overly broad with respect to the class of individuals who are the subject of the request. Nor are the RFAs otherwise overly broad with respect to the scope of the admission. By such RFAs Plaintiffs ask Defendant to apply the law to facts so that Plaintiffs' can learn whether Defendants admit that each Plaintiff is non-exempt. This is fully germane to the disposition of the lawsuit because it clarifies whether the Town will assert an affirmative defense based upon a factual/legal allegation that one or more of the Plaintiffs is exempt and therefore not entitled to FLSA overtime payments. Under these circumstances, the objection that the request is "overly broad" should be rejected as a frivolous objection with no colorable basis.

With respect to the second objection, for both RFA Nos. 22 and 36 the Town also asserted that the RFAs did "not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that 'each matter of which an

admission is requested shall be separately set forth.'" It appears that the basis for this objection is that RFA No. 22 is stated as a request for admission in the aggregate for all Superior Officers, and that RFA No. 36 is similarly defective in requesting an admission for the aggregate of all Patrol Officer Plaintiffs. The Court should reject that argument. FRCP Rule 36(a), ¶2 expressly incorporates the same type of standard as applies to a defendants' duty to respond to complaint allegations:

> A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is required, the party shall specify so much of it as is true and qualify or deny the remainder.

FRCP Rule 36(a)¶2; Cf. FRCP Rule 8(b).

Applying that rule to the above RFAs, then, the Court should find that Defendant was obliged to admit so much of the request for admission that was true, and qualify the degree to which it was denying the remainder. It did not do this. For example, with respect to RFA No. 36, the Town crafted its response carefully so as to avoid delineating the degree of its agreement or disagreement with RFA No. 36 by stating "Defendant denies that all Patrol Officer Plaintiffs have been assigned as either patrol officers and/or as detectives and denies that it is obliged to provide overtime compensation to all Patrol Officers where they work more than forty-hours per week as required by the FLSA." (Attach. 2, RFA No. 36 Response.)

Faced with this response, Plaintiffs' counsel was not sure whether the Town was denying that each and every Patrol Officer Plaintiff was non-exempt

or whether the Town was being evasive and denying that "all" Patrol Officers were non-exempt.  The former understanding of the Town's response (i.e., that all patrol officers were exempt) would be a remarkable assertion.  It would be remarkable because police officers and sergeants have long been considered non-exempt by the courts.  Indeed, it was recognition of this and a desire to avoid costly litigation of the non-issue of the alleged exempt status of police officers, that lead the Department of Labor (DOL) to revise the FLSA regulations effective August 23, 2004so as to expressly state that police officers were non-exempt.  See 69 Fed. Reg. 22, 221 (Apr. 23, 2004), discussing this background as rationale for implementing 29 C.F.R. §541.3(b), where the regulations expressly address the non-exempt status of police officers

It was in this context that Plaintiffs' counsel engaged in a Local Rule 7.1 telephone conference with opposing (predecessor) counsel for the Town, to clarify the Town's response regarding "all" patrol and superior officers in RFA Nos. 22 and 36.  During said Local Rule 7.1 conferences Defendant's counsel stated that the Town did not have to qualify its response regarding the exempt and non-exempt status of patrol and superior officers.  Instead, Defendant's counsel asserted in effect that Defendant could respond to the request for admission as though it were a response to a cross examination question (i.e., that the Town would deny the entire RFA unless it was completely true as

presented, without any need to qualify any aspect of the request that was true). The parties agreed to disagree and the conference concluded.[8]

Based upon this analysis, the Court should find that the Plaintiffs were within their rights under FRCP Rule 36 in posing the RFA Nos. 22 and 36 which, as noted above, sought a broad admission that would establish that all Plaintiffs were non-exempt. Further the Court should find that the Town breached its obligation under FRCP 36 by responding with a general denial, without compliance with the FRCP Rule 36 standard that requires that a response to a RFA shall "fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is required, the party shall specify so much of it as is true and qualify or deny the remainder." Accordingly, the Court should find that the Town's responses regarding FRCP Rule 22 and 36 were defective and the motion should be sustained to the extent that it relates to compelling a proper response to RFA Nos. 22 and 36.[9]

---

[8] It was in that context that Plaintiffs' counsel, in an effort to avoid a continuing dispute, fashioned the RFAs as separately pertaining to each and every Plaintiff, RFA Nos. 41-96, Attach. 3, still to no avail.

[9] Regarding RFA No. 22 the Town also may be objecting on grounds that, to understand RFA No. 22, requires that RFA No. 21 be read. That objection is without basis since RFA No. 22 is clear and unambiguous, and it incorporates by reference the job titles expressly defined in RFA No. 22.

### C. Defendant's Responses Regarding RFA No. 39 Is Defective And Defendant Should Be Ordered To Provide A Full And Proper Substantive Response.

Defendant objected as well to providing a full response to RFA No. 39, as follows:

**RFA No. 39**

From September 2001 to September 2004 the Town has not sought a legal opinion **from its counsel** or the Department of Labor relating to the lawfulness of its overtime payment practices including whether it must add wage augments to the calculation of regular pay in computing overtime within the meaning of <u>O'Brien v. Town of Agawam</u>, 350 F.3d 279 (2003); whether Superior Officers are entitled to overtime for work performed immediately before and after the end of their shift; and whether "private details" that are performed for aspects of the Town's operations constitute "hours worked" on behalf of the Town within the meaning of FLSA, 29 U.S.C. §207.

(Attach. 1)

**RESPONSE NO. 39**

<u>OBJECTION</u>: The Defendant objects to this Request based on the grounds that it seeks information and/or communications which are protected by the attorney client privilege. The Defendant further objects based on the grounds that it seeks to discover the thoughts, mental impressions, strategy and theories of the Defendant's attorneys. Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving pending objections, the Defendant admits that from September 2001 to September 2004, the Town has not sought a legal opinion from the Department of Labor relating to the lawfulness of its overtime payment practices.

(Attach. 2.)

The Town's response to the foregoing RFA No. 39 is defective in that it refuses to respond regarding whether the Town obtained a legal opinion from its counsel pertaining to the lawfulness of its overtime payment practices.[10]

As a starting point in evaluating this RFA it is important to understand its relevance. The FLSA at Section 216(b), 29 U.S.C. §216(b), provides for liquidated damages as an element of the remedy for unlawful non-payment of overtime:

> Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCS §§ 206 or 207] <u>shall</u> be liable to the employee or employees affected in the amount of their unpaid . . . unpaid overtime compensation . . . <u>and in an additional equal amount as liquidated damages</u>.

29 U.S.C. §216(b) (emphasis added). With regard to the standard applicable in determining whether liquidated damages are owing, the following summarizes the law in this area:

> Once it has been determined that the State violated the Act, it must show that it acted <u>reasonably and in good faith</u> in order to avoid liability for liquidated damages. Here the burden of proof rests with the [the employer]. The standard for determining whether or not to grant liquidated damages is whether the employer "acted in good faith and had reasonable grounds for believing that its acts did not violate [the Act]." "The 'good faith' requirement is subjective and requires proof that the employer had an honest intention to ascertain and follow the requirements of the statute. The 'reasonableness' requirement is an objective one, and ignorance alone does not serve to exonerate the employer."

---

[10] It provided such information regarding whether it contacted the Department of Labor (admitting that it had not received an opinion from the DOL).

15

Andrews v. Dubois, 888 F. Supp. 213, 221 (D. Mass. 1995) (citations omitted) (citing, inter alia, Reich v. Newspapers of New England, Inc., 834 F. Supp. 530, 542 (D.N.H. 1993), aff'd, 44 F.3d 1060 (1st Cir. 1995)).

Given the foregoing standard, the Court should find that liquidated damages are mandatory unless the employer proves the elements of "good faith" and "reasonableness" noted above. Unless Defendants are willing to concede the lack of good faith and reasonableness of their violation of the comp time law, the Court should allow discovery relating to the issue of whether the Town received advice of counsel substantiating the lawfulness of its FLSA overtime practices since it goes to the reasonableness of the Town's actions. Dubois, 888 F. Supp. at 221.

In addition, the Court in this case must determine whether there was a willful violation as alleged in the complaint, which in turn would warrant a three year statute of limitations versus a two years limitations period for non-willful violations. Reich v. Newspapers of New England, 44 F.3d 1060 (1st Cir. 1995) ("[t]he FLSA imposes a two-year statute of limitations unless the violations are shown to be willful, in which case a three-year period applies.") (citing 29 U.S.C. §255(a)); Andrews v. Dubois, 888 F. Supp. 213 (D. Mass. 1995). FLSA violations are willful where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Newspapers of New England, 44 F.3d at 1079. Accordingly, damages will run from September 15, 2001 onward in the case of a willful violation (3 years prior

to the date that the complaint was filed) and September 15, 2002 onward in the case of a non-willful violation (2 years prior).

In this case Plaintiffs seek an admission that at all times material the Town did not receive advice from its legal counsel that substantiated the lawfulness of its FLSA overtime payment practices. Plaintiffs sought this admission because said fact goes to the issue of the recklessness and reasonableness of the Town's FLSA overtime payment practices. Consequently, the Town should be required to present such pre-lawsuit information on the question of whether it received a legal opinion from its counsel on this point. If it fails to provide such information then, pursuant to FRCP Rule 36, the admission should be deemed true.

### III.  Conclusion

Based upon the foregoing analysis Plaintiffs respectfully request that the Court GRANT the subject Motion For Sanctions And An Order Compelling Defendants To Provide Proper Responses To Plaintiffs' Requests For Admission Nos. 22, 36, 39, & 41-96 in all respects.

        Respectfully submitted,

        For Plaintiffs,

        By their attorneys,

        */s/ Jack J. Canzoneri*
        Jack J. Canzoneri, BBO #564126
        McDonald Lamond & Canzoneri
        Cordaville Office Center
        153 Cordaville Road, Suite 210
        Southborough, MA 01772
        (508) 485-6600

Dated:  June 7, 2006

### CERTIFICATE OF SERVICE

I, Jack J. Canzoneri, hereby certify that I have this day via the Electronic Case File system, served a copy of the forgoing Plaintiffs' Memorandum Of Law In Support Of Motion For Sanctions And An Order Compelling Defendants To Provide Proper Responses To Plaintiffs' Requests For Admission Nos. 22, 36, 39, & 41-96 upon John P. Flynn. Esq. and Joseph T. Bartulis, Jr., Esq. counsel for the Defendants in the above-captioned matter.

Dated: June 7, 2006        */s/ Jack J. Canzoneri*
                                                            Jack J. Canzoneri