THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

USDC Case No: 04-11996RGS

Robert F. Murphy, III, et al.
& Brian Grassey et al.,

    Plaintiffs,

v.

Town of Natick et al.,

    Defendants

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
UPON DEFENDANT TOWN OF NATIC
PURSUANT TO FRCP RULE 36**

**INTRODUCTION**

Pursuant to Rule 36, Fed. R. of Civ. Proc., Plaintiffs in the above-captioned matter respectfully request that Defendant Town of Natick ("Town") respond to the Requests For Admission set forth below within thirty (30) days or less. Plaintiffs incorporate by reference all requirements of Rule 36 as pertain to the obligations of Defendant in responding to these requests (e.g., "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party quality an answer or deny only a part of the matter of which an admission is required, the party shall specify so much of it as is true and qualify or deny the remainder."; FRCP Rule 36(a)¶2.)

**ATTACHMENT 1**

## DEFINITIONS

In addition to incorporating all default definitions of the Federal Rules of Civil Procedure for purposes of these Requests For Admissions, Plaintiffs state the following further definitions which are applicable to these requests:

1. <u>Relevant period</u> – this expression shall refer to the period from September 15, 2001 onward. The Town shall presume that such period applies to all requests for admission below unless otherwise stated.

2. <u>Regular rate</u> or <u>Overtime rate</u> – shall refer to those expressions as defined in the Fair Labor Standards Act unless otherwise stated.

3. <u>Base rate</u> shall refer to the amount that officers are paid, without any differentials added, said amount being defined by the applicable collective bargaining agreement the Town has entered into with the collective bargaining representative representing such employee.

4. <u>Patrol Officer Plaintiffs</u> and <u>Superior Officer Plaintiffs</u> – these expressions shall refer to the sub-categories of Plaintiffs as stated in ¶8 of the First Amended Complaint, who are employees of the Town within the Natick Police Department respectively as patrol officers (names in caption following lead patrol officer plaintiff Robert F. Murphy, III) and superior officers (names in caption following lead superior officer plaintiff Brian C. Grassey).

5. <u>NPOA</u> – shall refer to the Natick Patrol Officers Association, the union that is the "collective bargaining representative" under state law in Massachusetts (G.L. c.150E, §1) for Patrol Officer Plaintiffs.

6. <u>Local 622</u> - shall refer to the International Brotherhood Of Police Officers (IBPO) Local 622, the union the that is the "collective bargaining representative" under state law in Massachusetts (G.L. c.150E, §1) for Superior Officer Plaintiffs.

7. <u>RFA</u> – shall be the abbreviation for Request For Admission, in each heading below, followed by the number designation.

8. <u>CBA</u> – shall refer to the expression "collective bargaining agreement". The <u>NPOA CBA</u> shall refer to Attachments A and B; and the <u>Local 622 CBA</u> shall refer to Attachments C and D.

## REQUEST FOR ADMISSIONS

**RFA No. 1** Attached hereto as Attachment A is a true and accurate copy of the July 1, 2000 to July 30, 2003 CBA between the Town and the NPOA which sets forth terms and conditions of employment for Patrol Officer Plaintiffs during that period and thereafter pending execution of a successor CBA.

**RFA No. 2** Attached hereto as Attachment B is the Interest Arbitration Award dated April 7, 2005 in the matter of <u>Natick Patrol Officers Association and Town of Natick</u>, JLMC-04-04P, which established the terms and conditions for a successor CBA (i.e., successor to the 2000-2003 CBA) for Patrol Officer Plaintiffs for the period July 1, 2003 to June 30, 2006.

**RFA No. 3** Attached hereto as Attachment C is a true and accurate copy of the July 1, 2000 to July 30, 2003 CBA between the Town and Local 622 which set forth terms and conditions of employment for Superior Officer

| 5290 | Town School Committee |
| 0630 | Town Board of Health |
| 0640 | Town Fire Department |
| 0100 | Town Department of Public Works – Water and Sewer Division |

**RFA No. 21** Superior Officer Plaintiffs have been assigned to one or more of the following eight assignments from September 2001 to present unless otherwise indicated: (a) one Lieutenant assigned as Information Services Commander from December 9, 2004 onward; (b) approximately eleven Sergeants assigned as Patrol Supervisors; (c) three of the eleven Sergeants assigned as Patrol Supervisors also being assigned as Area Commander; (d) one Lieutenant assigned as Community Services Officer through approximately September 2004; (e) one Lieutenant assigned as Executive Officer; (f) one Sergeant assigned as Traffic Services Division Officer; (g) one Sergeant assigned as Administrative Officer; (h) one Lieutenant assigned as Investigative Services Commander; and (i) one Lieutenant assigned as Operations Commander.

**RFA No. 22** Each of the Superior Officer assignments referenced in RFA No. 21 is not an exempt employment position within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§213(a)(1), and the Town is obliged to provide overtime compensation to Superior Officers in each such assignment where they work more than forty-hours per week as required by the FSLA, 29 U.S.C. §207.

**RFA No. 23** None of the Superior Officers in each of the assignments referred to in RFA No. 21 is an "employee employed in a bona fide executive capacity" within the meaning of FLSA, 29 U.S.C. §13(a)(1).

**RFA No. 35** None of the Superior Officers performs an administrative function that involves the "exercise of discretion and independent judgment" with respect to "matters of significance," within the meaning of 29 C.F.R. §§541.200 and 541.202.

**RFA No. 36** Patrol Officers Plaintiffs have been assigned either as patrol officers and/or as detectives and all such Patrol Officers are not exempt employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§213(a)(1). Rather, the Town is obliged to provide overtime compensation to Patrol Officer where they work more than forty-hours per week as required by the FSLA, 29 U.S.C. §207.

**RFA No. 37** The Town has not established a qualifying work period in excess of seven days per week for Patrol Officers or Superior Officers within the meaning of FLSA, 29 U.S.C. §207(k), i.e., the "Section 207(k) Exemption".

**RFA No. 38** There are no records of the Town which reflect that the Town has established a Section 207(k) Exemption for any of the Plaintiffs, 20 U.S.C. §207(k).

**RFA No. 39** From September 2001 to September 2004 the Town has not sought a legal opinion from its counsel or the Department of Labor relating to the lawfulness of its overtime payment practices including whether it must add wage augments to the calculation of regular pay in computing overtime within the meaning of O;'Brien v. Town of Agawam, 350 F.3d 279 (2003); whether Superior Officers are entitled to overtime for work performed immediately before and after the end of their shift; and whether "private details" that are

performed for aspects of the Town's operations constitute "hours worked" on behalf of the Town within the meaning of FLSA, 29 U.S.C. §207.

Respectfully submitted,

For Plaintiffs,

By Plaintiffs' Counsel:

*[signature]*

Jack J. Canzoneri, BBO #564126
McDonald & Associates
153 Cordaville Road, Suite 210
Southborough, Massachusetts 01772
(508) 485-6600

Dated: November 2, 2005

13