THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

USDC CASE NO. 04-11996RGS

Robert F. Murphy, III, et al. )
& Brian Grassey, et al., )
 )
      Plaintiff, )
 )
v. )
 )
Town of Natick, et al., )
 )
      Defendants. )

**DEFENDANT TOWN OF NATICK'S RESPONSES TO PLAINTIFFS'
FIRST REQUEST FOR ADMISSIONS**

REQUEST NO. 1

    Attached hereto as Attachment A is a true and accurate copy of the July 1, 2000 to July 30, 2003 CBA between the Town and the NPOA which sets forth terms and conditions of employment for Patrol Officer Plaintiffs during that period and thereafter pending execution of a successor CBA.

**RESPONSE NO. 1**

    Admitted.

**ATTACHMENT 2**

compensated for such work at the overtime rate.

REQUEST NO. 21

Superior Officer Plaintiffs have been assigned to one or more of the following eight assignments from September 2001 to present unless otherwise indicated: (a) one Lieutenant assigned as Information Services Commander from December 9, 2004 onward: (b) approximately eleven Sergeants assigned as Patrol Supervisors; (c) three of the eleven Sergeants assigned as Patrol Supervisors also being assigned as Area Commander; (d) one Lieutenant assigned as Community Services Officer through approximately September 2004; (e) one Lieutenant assigned as Executive Officer; (f) one Sergeant assigned as Traffic Services Division Officer; (g) one Sergeant assigned as Administrative Officer; (h) one Lieutenant assigned as Investigative Services Commander; and (i) one Lieutenant assigned as Operations Commander.

**RESPONSE NO. 21**

OBJECTION: The Defendant objects to this Request on the grounds that it is overly broad in that it refers to all "Superior Officer Plaintiffs." The Defendant further objects to the compound nature of this Request which, combined with its over breadth, renders it impossible to answer precisely in its current form. Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving pending objections, the Defendant responds as follows:

(a) Admitted. Prior to December 9, 2004 one Lieutenant was assigned as a Sergeant Patrol Supervisor.
(b) Admitted.
(c) Admitted.
(d) Admitted.
(e) Admitted.
(f) Admitted.
(g) Admitted.
(h) Admitted.
(i) Admitted.

REQUEST NO. 22

Each of the Superior Officer assignments referenced in RFA No. 21 is not an exempt employment position within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §213(a)(1), and the Town is obliged to provide overtime compensation to Superior Officers in each such assignment where they work more than forty-hours per week as required by the FLSA, 29 U.S.C. §207.

**RESPONSE NO. 22**

OBJECTION: The Defendant objects to this Request to the extent that it is overly broad in that it refers to "the Superior Officer assignments referenced in RFA No. 21." Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving pending objections, the Defendant denies that each of the Superior Officer assignments referenced in RFA No. 21are not exempt employment positions within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §213(a)(1), and denies that it is obliged to provide overtime compensation under the FLSA, 29 U.S.C. § 207, to Superior Officers in each such assignment where they work more than forty-hours per week.

REQUEST NO. 23

None of the Superior Officers in each of the assignments referred to in RFA No. 21 is an "employee employed in a bona fide executive capacity" within the meaning of FLSA, 29 U.S.C. §13(a)(1).

**RESPONSE NO. 23**

OBJECTION: The Defendant objects to this Request to the extent that it is overly broad in that it refers to "the Superior Officers in each of the assignments referred to in RFA No. 21." Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving pending objections, the Defendant denies that none of the Superior Officers in the assignments referred to in RFA No. 21 is an "employee employed in a bona fide executive capacity" within the meaning of the FLSA, 29 U.S.C. §13(a)(1).

REQUEST NO. 36

Patrol Officer Plaintiffs have been assigned either as patrol officers and/or as detectives and all such Patrol Officers are not exempt employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §213(a)(1). Rather, the Town is obliged to provide overtime compensation to Patrol Officers where they work more than forty-hours per week as required by the FLSA, 29 U.S.C. § 207.

**RESPONSE NO. 36**

OBJECTION: The Defendant objects to this Request on the grounds that it is overly broad in that it refers to all "Patrol Officers Plaintiffs." Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving said pending objections, the Defendant denies that all Patrol Officer Plaintiffs have been assigned as either patrol officers and/or as detectives and denies that it is obliged to provide overtime compensation to all Patrol Officers where they work more than forty-hours per week as required by the FLSA, 29 U.S.C. § 207.

REQUEST NO. 37

The Town has not established a qualifying work period in excess of seven days per week for Patrol Officers or Superior Officers within the meaning of FLSA, 29 U.S.C. §207(k), i.e. the "Section 207(k) Exemption".

**RESPONSE NO. 37**

Admitted.

REQUEST NO. 38

There are no records of the Town which reflect that the Town has established a Section 207(k) Exemption for any of the Plaintiffs, 20 U.S.C. §207(k).

**RESPONSE NO. 38**

Admitted.

REQUEST NO. 39

From September 2001 to September 2004 the Town has not sought a legal opinion from its counsel or the Department of Labor relating to the lawfulness of its overtime payment practices including whether it must add wage augments to the calculation of regular pay in computing overtime within the meaning of O'Brien v. Town of Agawam, 350 F.3d 279 (2003); whether Superior Officers are entitled to overtime for work performed immediately before and after the end of their shift; and whether "private details" that are performed for aspects of the Town's operations constitute "hours worked" on behalf of the Town within the meaning of FLSA, 29 U.S.C. §207.

**RESPONSE NO. 39**

OBJECTION: The Defendant objects to this Request based on the grounds that it seeks information and/or communications which are protected by the attorney client privilege. The Defendant further objects based on the grounds that it seeks to discover the thoughts, mental impressions, strategy and theories of the Defendant's attorneys. Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving pending objections, the Defendant admits that from September 2001 to September 2004, the Town has not sought a legal opinion from the Department of Labor relating to the lawfulness of its overtime payment practices.

\

The Defendant,
TOWN OF NATICK,
By its attorneys,

William P. Breen, Jr., Esq., BBO # 558768
Rebecca L. Andrews, Esq., BBO #644846
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

Dated: December 21, 2005

## CERTIFICATION OF SERVICE

The undersigned attorney hereby certifies that on this 21st day of December 2005, she served a copy of the foregoing document, via facsimile and first class mail, upon the following:

Jack Canzoneri, Esq.
McDonald & Associates
153 Cordaville Road, Suite 210
Southborough, MA 01772

*[signature]*
Rebecca L. Andrews