THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04-11996RGS

Robert F. Murphy, III, Lead Plaintiff for )
   Patrol Officer Plaintiffs, et al. )

and )

Brian C. Grassey, Lead Plaintiff for )
   Superior Officer Plaintiffs, et al. )

       Plaintiffs, )

v. )

Town of Natick, et al. )

       Defendants. )

**DEFENDANT TOWN OF NATICK'S RESPONSES TO PLAINTIFFS'
THIRD REQUEST FOR ADMISSIONS
(RFA Nos. 41 Through 96)**

**GENERAL OBJECTIONS**

Defendant Town of Natick objects to Plaintiff's Third Request for Admissions ("Requests") on the grounds that:

1. Plaintiffs' Requests are overly broad and unduly burdensome and are not reasonably limited in time or scope.

2. Plaintiffs' Requests seek to discover information protected by the attorney-client or attorney work product privileges.

3. Plaintiffs' Requests seek information which is not relevant or material or is not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs' Requests seek admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

**ATTACHMENT 4**

## RESPONSES

Subject to and without waiving the foregoing objections, Defendant replies as follows:

**RFA Nos. 41 through 96:** For each workweek from September 15, 2001 to present, each of the Plaintiffs identified below (i.e., one through fifty-six) have been employed by the Town in its police department as non-exempt employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§213(a)(1), such that the Town has been obliged for each such workweek to provide overtime compensation to each such Plaintiff where they worked over forty-hours per week pursuant to the FSLA, 29 U.S.C. §207:

**Plaintiff No. 1**   Robert F. Murphy, III

**Response:**   Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 1, Robert F. Murphy, III, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006.[1] Defendant denies the remainder of the request.

**Plaintiff No. 2**   Edward Keraissey

**Response:**   Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 2, Edward Keraissey, was employed by the Town in its police department for each workweek

---

[1] In order to facilitate completion of the analysis, records for each Plaintiff were reviewed from September 15, 2001 through March 31, 2006.

from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 3**     Daniel R. Brogan

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No.3, Daniel Brogan, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 4**     Richard Vieira

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No.4, Richard Vieira, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 5**     Elizabeth R. Heffler

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No.5, Elizabeth R. Heffler, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 6**     Thomas W. Vitale

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No.6, Thomas W. Vitale, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 7**      John C. Frissore

**Response:**  Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No.7, John C. Frissore, was employed by the Town in its police department for each workweek from November 19, 2003 through October 31, 2004. Defendant denies the remainder of the request.

**Plaintiff No. 8**      S. Christopher Salis

**Response:**  Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 8, S. Christopher Salis, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 9**      Joseph N. Hayes

**Response:**  Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 9, Joseph N. Hayes, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 10**     Amy Coughlin

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 10, Amy Coughlin, was employed by the Town in its police department for each workweek from September 15, 2001 to August 12, 2004. Defendant denies the remainder of the request.

**Plaintiff No. 11**     James M. Ordway

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 11, James M. Ordway, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 12**     Elizabeth M. Blanchard

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 12, Elizabeth M. Blanchard, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 13**     Diane Morrill

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 13, Diane Morrill, was employed by the Town in its police department for each workweek

from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 14**     Brian A. Bosselman

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 14, Brian A. Bosselman, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 15**     James P. Quilty

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 15, James P. Quilty, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 16**     Brian D. Ingham

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 16, Brian D. Ingham, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 17**     John W. Doherty, Jr.

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 17, John W. Doherty, Jr., was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 18**     John P. Haswell

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 18, John P. Haswell, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 19**     Robert A. Hoffman, Jr.

**Response:**     Objection: Defendants objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 19, Robert A. Hoffman, Jr., was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 20**     Leonard Jennings

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 20, Leonard Jennings, was employed by the Town in its police department for each workweek

from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 21**     Christian Rodriquez

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 21, Christian Rodriquez, was employed by the Town in its police department for each workweek from November 26, 2003 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 22**     James F. Keohane

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 22, James F. Keohane, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 23**     Richard P. Halloran, Jr.

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 23, Richard P. Halloran, Jr., was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 24**     Allan W. Graham, Jr.

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 24, Allan W. Graham, Jr., was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 25**     Vincent Forde

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 25, Vincent Forde, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 26**     James M. Linton

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 26, James M. Linton, was employed by the Town in its police department for each workweek from September 15, 2001 to March 17, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 27**     Robert J. White

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 27, Robert J. White, was employed by the Town in its police department for each workweek

                from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 28**      William A. Geissler

**Response:**    <u>Objection</u>: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

                Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 28, William A. Geissler, was employed by the Town in its police department for each workweek from September 15, 2001 to March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 29**      Edward Arena

**Response:**    <u>Objection</u>: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

                Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 29, Edward Arena, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 30**      Howard L. Harper

**Response:**    <u>Objection</u>: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

                Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 30, Howard L. Harper, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 31**      Kevin J. Delehanty

**Response:**    <u>Objection</u>: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

>Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 31, Kevin J. Delehanty, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 32**     Ronald D. Richardson

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

>Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 32, Ronald D. Richardson, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 33**     Arthur Peros

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

>Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 33, Arthur Peros, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 34**     Cara M. Rossi-Cafarelli

**Response:**     Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

>Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No.34, Cara M. Rossi-Cafarelli, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 35**       Douglas McDonnell

**Response:**   <u>Objection</u>: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 35, Douglas McDonnell, was employed by the Town in its police department for each workweek from September 15, 2001 through April 30, 2002. Defendant denies the remainder of the request.

**Plaintiff No. 36**       Scott Smith

**Response:**   <u>Objection</u>: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 36, Scott Smith, was employed by the Town in its police department for each workweek from September 15, 2001 through May 4, 2004. Defendant denies the remainder of the request.

**Plaintiff No. 37**       Brett Conaway

**Response:**   <u>Objection</u>: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 37, Brett Conaway, was employed by the Town in its police department for each workweek from February 23, 2004 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 38**       Anthony M. Gaieski

**Response:**   <u>Objection</u>: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 38, Anthony M. Gaieski, was employed by the Town in its police department for each

workweek from February 23, 2004 through January 18, 2005. Defendant denies the remainder of the request.

**Plaintiff No. 39**        Kenneth Fitzgerald

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 39, Kenneth Fitzgerald, was employed by the Town in its police department for each workweek from September 7, 2004 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 40**        Brian C. Grassey

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No.40, Brian Grassey, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 41**        Daniel L. O'Callaghan

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 41, Daniel L. O'Callaghan, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 42**        Robert D. Dunlop

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

13

> Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 42, Robert D. Dunlop, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 43**    Mark V. St. Hilaire

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 43, Mark V. St. Hilaire, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 44**    Thomas G. Lamont

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 44, Thomas G. Lamont, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 45**    Alfred B. Grassey

**Response:**    Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 45, Alfred B. Grassey, was employed by the Town in its police department for each workweek from September 15, 2001 through September 7, 2004. Defendant denies the remainder of the request.

**Plaintiff No. 46**      Peter E. Mason

**Response:**      Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 46, Peter E. Mason, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 47**      Robert L. Davis, Jr.

**Response:**      Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 47, Robert L. Davis, Jr., was employed by the Town in its police department for each workweek from September 15, 2001 through July 26, 2005. Defendant denies the remainder of the request.

**Plaintiff No. 48**      Lawrence J. Fleming

**Response:**      Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 48, Lawrence J. Fleming, was employed by the Town in its police department for each workweek from September 15, 2001 through December 30, 2005. Defendant denies the remainder of the request.

**Plaintiff No. 49**      Leo J. Fitzpatrick, Jr.

**Response:**      Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 49, Leo J. Fitzpatrick, Jr., was employed by the Town in its police department for each

workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 50**      Nicholas S. Mabardy

**Response:**   Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 50, Nicholas S. Mabardy, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 51**      Richard P. Douglas

**Response:**   Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 51, Richard P. Douglas, was employed by the Town in its police department for each workweek from September 15, 2001 through September 13, 2003. Defendant denies the remainder of the request.

**Plaintiff No. 52**      Paul W. Thompson

**Response:**   Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. 52, Paul W. Thompson, was employed by the Town in its police department for each workweek from September 15, 2001 through March 31, 2006. Defendant denies the remainder of the request.

**Plaintiff No. 53**      Jeffrey E. Longtine

**Response:**   Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.