THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04- 11996RGS

|  |  |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. | ) ) ) ) |
| and | ) ) |
| Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Town of Natick, et al. | ) ) |
| Defendants. | ) ) |

**DEFENDANT TOWN OF NATICK'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND AN ORDER COMPELLING DEFENDANTS TO PROVIDE PROPER RESPONSES TO PLAINTIFFS' <u>REQUESTS FOR ADMISSION NOS. 22, 36, 39, & 41-96</u>**

The Defendant, Town of Natick ("Natick"), opposes Plaintiffs' motion as unfounded and based on an incorrect evaluation of the legal issues. This discovery dispute arises from Plaintiffs' frustration because Natick will not provide them with the answer that they want, a complete admission as to the legal issues at the heart of this matter. Plaintiffs are using the discovery process to attempt to force these admissions from Natick. Natick has provided full and complete answers to the Requests for Admissions ("Requests") at issue, and in where possible, answered those Requests while still objecting (without waiving those objections). The key facts are summarized below.

**RELEVENT FACTS**

Plaintiffs filed this action on September 15, 2004, alleging various violations of the Fair Labor Standards Act ("FLSA") relating to overtime pay, the entitlement to such pay, and the calculation of such pay. The Defendants answered, denied and continue to deny all claims, and set forth several affirmative defenses, including failure to follow the applicable grievance procedures set forth in the collective bargaining agreement ("CBA"). That all claims were denied by Defendants, and continue to be in dispute, is an important fact that Plaintiffs fail to include in their factual recitation.

In November 2005, Plaintiffs served 39 Requests for Admission on Natick. Defendant answered those Requests fully and completely. Plaintiff was unsatisfied with the response, and several conferences of counsel ensued, in order to attempt to resolve the issues. In an effort to resolve the controversy without involving the court, Defendants' counsel agreed that Plaintiffs would serve additional Requests. Those additional Requests (Nos. 41-96)[1] were served on March 16, 2006. On June 1, 2006, Natick served a full and complete response.[2] Counsel for Plaintiffs was again dissatisfied with the response, and the parties spoke via telephone on June 5, 2006. At that time, counsel for Plaintiffs told counsel for Natick that he was reserving his right to take further action with respect to the disagreement about the responses. On June 6, 2006, Natick received a Fourth Request for Admissions (Nos. 97-368), with a cover letter indicating that the Request was being served "in a further attempt to resolve our pending differences relating

---

[1] Request No. 40 was served and answered separately, and apparently that response is satisfactory to Plaintiffs' counsel.

[2] In the interim, counsel for Defendants changed. The parties agreed to, and this court approved, an extension to reply until June 2, 2006.

to the Town's response to Plaintiffs' First and Third Requests for Admissions." Ex. A. On June 7, 2006, the instant motion was filed.

## ARGUMENT

Plaintiffs' Motion centers on their dissatisfaction with Natick's responses to the myriad of Requests served in this action. In each instance, and for each response, Natick provided a good faith, timely, and accurate response, or, objected. Where possible, Natick answered a portion of the Requests, while objecting or denying the remainder, in accord with Rule 36. Those responses and/or objections are based in the applicable law, or relevant facts of this case.[3] That Plaintiffs are not satisfied with Natick's responses has nothing to do with the quality or character of those responses, but reflect Plaintiffs' frustration in not being able to use the Requests as a means for forcing Natick to admit to liability in the ultimate legal issues in this case.

Plaintiffs' arguments as presented in their Memorandum in Support are baseless. If anything, Natick should be awarded its attorneys fee expended in defending this action.

### I. Responses Nos. 41-96.

Defendant's responses, including the objections, to Requests Nos. 41-96 were made in good faith, were timely, and accurate. The Requests at issue ask the same question for each of the 56 Plaintiffs in this matter. That question was phrased as:

**RFA Nos. 41 through 96**

For each workweek from September 15, 2001 to present each of the
Plaintiffs identified below (i.e., one through fifty-six) have been employed

---

[3] Defendants reserve the right to challenge the Third and Fourth Requests as untimely, based on the Court's recent ruling on scheduling.

>by the Town in its police department as non-exempt employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§[sic] 213 (a)(1), such that the Town has been obliged for each such workweek to provide overtime compensation to each such Plaintiff where they worked over forty-hours per week pursuant to the FLSA, 29 U.S.C. § 207.

The individual Plaintiffs are then identified and numbered, one through fifty-six.

The question is compound, with several different parts. It not only refers to the relevant statute, but asks for an interpretation of that statute. In that instance, what Plaintiffs are seeking is a question of law, rather than the application of law to fact. A Request for Admission may not seek admission of a conclusion of law. In such a case, Defendant's response objecting to the request is appropriate.[4] See Reliance Ins. Co. v. Marathon LeTourneau Co., 152 F.R.D. 524, 525 n.2 (S. D. W. Va. 1994).

Plaintiffs' Requests seek conclusions of law with respect to whether or not each Plaintiff is "non-exempt" within the meaning of the FLSA. This is an improper subject for Admission, and was properly objected to. Olympia Holding Corp. v. Belt Concepts of America, 189 B.R. 846, 853 (M.D. Fla. 1995) ("A request for admission of a conclusion of law is improper."); Diederich v. Department of the Army, 132 F.R.D. 614, 618 (S.D.N.Y. 1990) (An objection that the request sees admission as to a matter of law "is valid on its face."). Whether or not an employee is "exempt" or "non-exempt" under the FLSA is a complicated question of law, which requires interpretation under the section of the FLSA referred to in the Request, as well as additional sections, the many pages of FLSA regulations codified in the Code of Federal Regulations ("CFR"), and the

---

[4] For each of the 56 Plaintiffs, Defendant responded as follows:

>Objection: Defendant objects to the extent that the request seeks admissions as to conclusions of law, rather than to statements or opinions of fact, or the application of law to fact.

interplay of the CBA with these various laws and regulations. Despite Plaintiffs assertions, the section of the FLSA cited in the Request does not define how and when police officers are to get paid, or what their status is. Further, determining how overtime is paid in the public sector, and what it means to be "exempt" or "non-exempt" requires a legal analysis that goes beyond 29 U.S.C. § 213(a)(1). Given that this question is one which takes courts pages of legal analysis, Natick's objections were well-founded, made in good faith, and proper.

      Additionally, the request seeks admission of a key issue in the litigation, and a point that is disputed. A request for admission which goes to the heart of the dispute between the parties, and which is disputed, is "beyond the proper scope of normal discovery." <u>Olympia Holding Corp.</u>, 189 B.R. at 853. Plaintiffs cannot, and should not, be allowed to force such admissions through discovery. <u>Id</u>. Forcing Natick to admit to a crucial issue in dispute – in this instance, Plaintiffs' status under the FLSA, and their entitlement to overtime pay – would force it to concede a highly disputed legal issue prior to trial. Plaintiffs should not be allowed to use the discovery process as a hammer to gain these types of concessions. The objections, and the denials, subject to those denials, were appropriate, and well-founded in the law. The denials are also consistent with Natick's position in this litigation, including its Answer, and its previous responses to Requests.

---

      Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff No. [1-56], [name of Plaintiff], was employed by the Town in its police department for each workweek from [relevant time period]. Defendant denies the remainder of the request.

## II. Responses No. 22 and 36.

Requests No. 22[5] and 36[6] also seek admissions with respect to the legal issue of whether or not the Plaintiffs are "exempt" or "non-exempt" under the FLSA. Again Natick objected, in this case, particularly with the way the questions were drafted. The requests are overbroad, because they lump the Plaintiffs together, making it impossible to answer the question. Natick also objected with respect to the fact that the Requests did not break out each question and each Plaintiff separately, as required by the Rules. Subject to those objections, and consistent with its position in the litigation, Natick denied the Requests. This response is consistent with the later response to Requests Nos. 41-96. There, Plaintiffs cured some of the drafting problems, but once the questions were separated out, the underlying problem relating to seeking admission of a conclusion of law, as addressed in Part I, above, became apparent.

Plaintiffs argue in their Memorandum that it was incumbent on Defendant to correct Plaintiffs' drafting problems, and provide answers to the Requests that counsel intended to ask. That argument is nonsense. Although the Rules provide that where possible, a party should qualify an answer, or deny only part of a matter, such a response

---

[5] REQUEST NO. 22

Each of the Superior Officer assignments referenced in RFA No. 21 is not an exempt employment position within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §213(a)(1), and the Town is obliged to provide overtime compensation to Superior Officers in each such assignment where they work more than forty-hours per week as required by the FLSA, 29 U.S.C. §207.

[6] REQUEST NO. 36

Patrol Officer Plaintiffs have been assigned either as patrol officers and/or as detectives and all such Patrol Officers are not exempt employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §213(a)(1). Rather, the Town is obliged to provide overtime compensation to Patrol Officers where they work more than forty-hours per week as required by the FLSA, 29 U.S.C. § 207.

6

was not possible here. The Requests would have to have been drafted in such a way that a partial or qualified answer was possible. In this instance, they were not. Defendant has **no** obligation to re-draft the Requests for Plaintiffs, and Plaintiffs must live with the Requests that they drafted and served, as well as the good faith answers thereto.

### III.  Response No. 39.

In Request No. 39, Plaintiffs seek to discover purely privileged information, as to whether Natick sought the opinion of counsel with respect to the legality of its overtime practices. Again, this Request was improper, and Natick correctly objected.[7] Plaintiff argues that this admission is proper, because it is relevant to the question of willfulness under the FLSA. Regardless of the purpose of the Request, if it seeks information protected by the attorney-client privilege, or the attorney work-product privilege, that information may be shielded from discovery.

---

[7] **REQUEST NO. 39**

From September 2001 to September 2004 the Town has not sought a legal opinion from its counsel or the Department of Labor relating to the lawfulness of its overtime payment practices including whether it must add wage augments to the calculation of regular pay in computing overtime within the meaning of O'Brien v. Town of Agawam, 350 F.3d 279 (2003); whether Superior Officers are entitled to overtime for work performed immediately before and after the end of their shift; and whether "private details" that are performed for aspects of the Town's operations constitute "hours worked" on behalf of the Town within the meaning of FLSA, 29 U.S.C. §207.

**RESPONSE NO. 39**

OBJECTION: The Defendant objects to this Request based on the grounds that it seeks information and/or communications which are protected by the attorney client privilege. The Defendant further objects based on the grounds that it seeks to discover the thoughts, mental impressions, strategy and theories of the Defendant's attorneys. Further, the Request does not comply with Rule 36(a) of the Federal Rules of Civil Procedure which states that "each matter of which an admission is requested shall be separately set forth."

Notwithstanding and without waiving pending objections, the Defendant admits that from September 2001 to September 2004, the Town has not sought a legal opinion from the Department of Labor relating to the lawfulness of its overtime payment practices.

Requests that seek to discover information as to what advice counsel gave to its client on a particular occasion is privileged information, and not subject to discovery. <u>See Shawmut, Inc. v. American Viscose Corp.</u>, 12 F.R.D. 488, 489 (D. Mass. 1952). Here, Plaintiffs' Request seeks, not simply whether or not Natick **received** advice from counsel, but it seeks information relating to the **substance** of that advice. Regardless of the motive for seeking such information, the objection was fairly made, and Plaintiffs are not entitled to discover the content of such advice.

## **CONCLUSION**

Plaintiffs have now served on Natick four sets of Requests for Admission, numbering 368 separate Requests. That Plaintiffs have redrafted their Requests each time Natick objects is instructive. In each case, Plaintiffs have refined and focussed their questions, and separated out questions of law and fact. The Fourth Request for Admissions, served the day before Plaintiffs' Motion was filed, while burdensome, are somewhat more artfully drafted than the previous sets. In all of its responses, Natick has carefully and thoughtfully analyzed the Requests, as well as its responses and objections. In each case, the objections were made in good faith, in light of the applicable law and policy. Because these objections were valid on their face, and set forth a proper objections, Plaintiffs' Motion to Compel should be denied. Further, Plaintiffs' request for sanctions is inappropriate, and it should be denied.

WHEREFORE, for the forgoing reasons, Natick requests that Plaintiffs' Motion for Sanctions and an Order Compelling Discovery be denied, and that the Court grant any further relief which it deems just.

Respectfully submitted,

Defendant, TOWN OF NATICK,
By its attorneys,

/s/  John P. Flynn
John P. Flynn, BBO# 172640
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

Dated: June 21, 2006

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on June 21, 2006.


      /s/  John P. Flynn
      John P. Flynn