THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and, <br><br> Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al., <br><br>     Plaintiffs, <br><br>     v. <br><br> Town of Natick, et al. <br><br>     Defendants | USDC Case No.: 04-11996 RGS |

**PLAINTIFF'S MOTION FOR STATUS CONFERENCE**

Plaintiffs in the above-captioned matter move for a status conference with the Court to clarify the status of the Scheduling Order and (assuming the Court is amenable to input) to provide the Court with the parties' proposals regarding the schedule.

The following docket entries should be noted relating to this motion:

| 11/23/2005 | 17 | Joint MOTION for Extension of Time to 100 days from current dates to complete discovery by Town of Natick, Natick Police Department, Town of Natick, Chief of Police. (Andrews, Rebecca) (Entered: 11/23/2005) |
|---|---|---|
| 12/08/2005 | | Judge Richard G. Stearns: Electronic ORDER entered **granting 17 Motion** for Extension of Time (Flaherty, Elaine) (Entered: 12/08/2005) |
| 02/06/2006 | 18 | Joint MOTION for Extension of Time (90 days) to conduct fact discovery & file dispositive motions by Town of Natick, Natick Police Department, Town of Natick, Chief of Police. (Andrews, |

|  |  | Rebecca) Modified on 2/28/2006 (Johnson, Mary).  (Entered: 02/06/2006) |
|---|---|---|
| 02/27/2006 |  | Judge Richard G. Stearns: Electronic ORDER entered **granting 18 Motion** for Extension of Time (Flaherty, Elaine) Modified on 2/28/2006 (Johnson, Mary). "all fact discovery shall be completed by 2-10-06; dispositive motions shall be filed by 3-10-06 with responses due 21 days thereafter". M. Johnson, Deputy Clerk. (Entered: 02/28/2006) |

With respect to the above-mentioned motion filed on February 6, 2006 (DOC #18) Defendants' former counsel Rebecca Andrews filed the wrong document.  Prior to filing DOC #18 Attorney Andrews contacted undersigned counsel for Plaintiffs and represented that she would file a document seeking an extension in discovery to November 11, 2006.  However Attorney Andrews made an error and re-filed the same motion for enlargement that was filed on November 23, 2005 (DOC #17).  The November 2005 motion had already been granted by the Court on December 8, 2005, and established an extension in discovery to February 10, 2006.  Plaintiffs accept Defendants' representation that such error was inadvertent and this motion should not be construed as accusing Defendants' counsel in any way of malfeasance.

Plaintiffs believe that, to cut off discovery at this time, or at least prior to Defendants completing responses to current pending discovery requests served upon them by Plaintiffs would prejudice Plaintiffs unfairly, as detailed below:

- Plaintiffs have been diligent in serving written discovery on Defendants. Plaintiffs' First Requests For Admissions (RFAs) were served on November 2, 2005.

2

- As a courtesy to Defendants, Plaintiffs assented to an extension in the time for the Defendants to file its responses to said First RFAs to December 22, 2005.

- When the November 23, 2005 motion for extension was filed (DOC #17) the parties represented to the court that Plaintiffs sought to narrow the scope of discovery by making such RFAs and the Court granted that request for enlargement in that context.

- There was a dispute over the Defendants' responses to the First RFAs.  In an effort to avoid a discovery dispute Plaintiffs served revised RFAs (the "Third RFAs") on Defendants on March 16, 2006 after multiple telephone conferences from December 22, 2005 to early March 2006.

- As a further courtesy to Defendants, Plaintiffs assented to an extension in the time for Defendants to respond to the Third RFAs to June 2, 2006, due to the fact that counsel for Defendants changed.  That motion was granted by the Court on April 13, 2006 ("Electronic ORDER entered granting [21] Motion for Extension of Time. Admissions due by 6/2/2006.").[1]  The motion reflected that the Third RFA was served in March 2006, one month after the February 2006 discovery deadline.  Thus the Court's granting of such motion made it appear that discovery was ongoing.

---

[1] The ongoing discussion between the parties relating to the Plaintiffs Requests For Admission is detailed in a prior motion of Plaintiffs to compel responses to requests for admission (DOC #26), which was denied on July 3 by the Court ("Denied. The requests call for conclusions of law or otherwise intrude on matters of privilege.").

3

- Plaintiffs' counsel first discovered the aforementioned error of Attorney Andrews on April 20, 2006 and notified Defendants' counsel. On May 5, 2006 Defendants' counsel filed a motion with the court explaining the error (DOC #23, 24) and requesting an enlargement of time to the fall 2006, as originally intended. That motion was denied on June 16, 2006. (Electronic ORDER entered denying [24] Motion for Extension of Time to Complete Discovery "Denied as untimely.")
- Pending Defendants' motion DOC #23, #24 to correct the error in the prior filing, Plaintiffs on June 9, 2006 served interrogatories, requests for production of documents, a Fourth RFA, and a notice of deposition for Defendant Chief Mannix scheduling such deposition for July 17, 2006.
- Plaintiffs would have served the above discovery materials prior to the February 10, 2006 deadline, without waiting for the results of the RFA dispute to resolve, had it known that the discovery deadline would remain at February 10, 2006. [2]
- Plaintiffs need the interrogatory responses, responses to the Fourth RFA, and production of documents, as well as testimony of Defendant Mannix via deposition scheduled for July 17, 2007, to complete their trial preparation and/or preparation relating to motions for summary judgment. Given the Court's order of June 16 denying the motion for enlargement, however, all such discovery (served on or about June 9, 2006) may well be (or is) outside the scope of the current scheduling

---

[2]   Plaintiffs' counsel did not verify the electronic records of the court earlier to confirm that Attorney Andrews filed the correct document, believing that it was a routine matter. In retrospect that assumption was unwarranted.

4

order (Doc #17 and 18).  Clarification is needed and an understanding of

(a) whether such discovery be deemed timely under the circumstances;

and (b) whether the discovery deadline otherwise shall be extended.

WHEREFORE, Plaintiffs respectfully move the Court to schedule a Scheduling Conference to discuss and clarify the current scheduling order.

                                                Respectfully submitted,

                                                For Plaintiffs,

                                                By their attorney,

*/s/ Jack J. Canzoneri*
Jack J. Canzoneri, BBO #564126
McDonald Lamond & Canzoneri
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01772
(508) 485-6600

Dated:  July 11, 2006

## Local Rule 7.1(A) (2) Certification

I, Jack J. Canzoneri, hereby certify that I have conferred with opposing counsel in an effort to resolve the issue of how this request for a Status Conference would be presented to the Court.  It is anticipated that Defendants' shall concur with the request for a status conference but they shall state their rationale separately.

Dated:  June 11, 2006                          */s/ Jack J. Canzoneri*
                                                    Jack J. Canzoneri

## CERTIFICATE OF SERVICE

I, Jack J. Canzoneri, hereby certify that I have this day via the Electronic Case File system, served a copy of the forgoing Plaintiffs' Motion For Status Conference upon John P. Flynn, Jr. Esq., and Joseph T. Bartulis, Jr., Esq. counsel for the Defendants in the above-captioned matter.

Dated:  July 11, 2006                          */s/ Jack J. Canzoneri*
                                                    Jack J. Canzoneri