THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and, <br><br>Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintffs, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br>Town of Natick, et al. <br><br>    Defendants | USDC Case No.: 04-11996 RGS |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

    The Plaintiffs in this action are fifty-six (56) current and former patrol and superior officers who are or were employed by the Town of Natick, Massachusetts, within the Natick Police Department. Pursuant to Federal Rules of Civil Procedure, Rule 56 the Plaintiffs move for summary judgment in their favor. They submit there is no genuine dispute over the facts material to their claim and that they are entitled to judgment as a matter of law on the Fair Labor Standards Act claims asserted in the First Amended Complaint. In support of this the Plaintiffs simultaneously submit Plaintiffs' Rule 56.1 Concise Statement Of The Material Facts Of Record As To Which They Contend There Is No Genuine Issue To Be Tried and Plaintiffs' Memorandum of Reasons In Support Of Motion For Summary Judgment.

WHEREFORE, Plaintiffs move that the Court issue Declarations, Orders and Judgments on summary judgment on behalf of the Plaintiffs as follows:

1.  The Court hereby declares that there is no genuine material issue as to the fact that from September 2001 to present the Town has paid Plaintiffs overtime by calculating the overtime rate as one and one half times the base hourly rate for overtime worked between 8:00 a.m. and 4:00 p.m., and one and one half times the base hourly rate plus 6% shift differential for overtime worked between 8:00 a.m. and 4:00 p.m.; that the payroll records at Exhibit 29, Attachment A of Plaintiffs' Statement of Material Facts truly and accurately itemize the facts pertaining to this for each Plaintiff for each work week from September 2001 through approximately June 2005; and that the Town's calculation of the FLSA regular rate under Section 207(e) and corresponding overtime rate under FLSA §207(a) failed to include the following differentials:

   (a)  in the case of all Plaintiffs, Longevity and Education Differentials as defined in the applicable collective bargaining agreements for Superior and Patrol Officer Plaintiffs attached to Plaintiffs' Statement of Material Facts, in effect from September 2001 onward, and as otherwise more specifically itemized on Exhibit 29, Attachment A of Plaintiffs' Statement of Material Facts, in a particular workweek; and,

   (b)  in the case of Patrol Officer Plaintiffs, Inservice Training, Community Service, "Compstat" Technology, and Assignment Differentials as defined in the applicable collective bargaining

agreements for Patrol Officer Plaintiffs attached to Plaintiffs' Statement of Material Facts, in effect from September 2001 onward, and as otherwise more specifically itemized on Exhibit 29, Attachment A of Plaintiffs' Statement of Material Facts, in a particular workweek.

2. The Court hereby further declares that there is no genuine material issue as to the fact that from at least September 2001 to present each Plaintiff worked Town Details as itemized on Exhibit 29 and Attachment B of Plaintiffs' Statement of Material Facts, and that the Town did not count hours worked on such Town Details as hours actually worked in computing overtime within the meaning of FLSA §207(a) and the forty-hour per workweek threshold for entitlement to overtime so defined.

3. The Court hereby further declares that there is no genuine material issue as to the fact that from at least September 2001 to present each Superior Officer Plaintiff worked an additional half hour per shift in each workweek; that the Town did not count such additional half hour per shift in its computation of hours actually worked in calculating whether the Superior Officer earned FLSA overtime in each workweek and applying the forty hour threshold for entitlement to overtime as defined in FLSA §207(a); and that the only compensation paid to Superior Officer Plaintiffs in each workweek for such half hour per shift work was a percentage differential applied in the manner set forth in Exhibit 29, Attachment A of Plaintiffs' Statement of Material Facts, and

as identified in the collective bargaining agreements for Superior Officer Plaintiffs attached to Plaintiffs' Statement of Material Facts.

  4. The Court hereby declares as a matter of law that the Town's payroll practices defined in ¶¶1-3 <u>supra</u> violated the FLSA §207(a) and that the Defendants owe Plaintiffs damages for backwages pursuant to FLSA §216(b).

  5. The Court further hereby declares that there is no genuine material issue of fact and that as a matter of law the Town has not adopted an exemption under Section 207(k) of the FLSA, 29 U.S.C. §207(k), and therefore that the workweek for computing the forty hour threshold of FLSA§207(a) from at least September 2001 onward has been be a seven day workweek from Tuesday of one week through Monday of the following week.

  6. The Court hereby enters Judgment on behalf of each Plaintiff for backwages within the meaning of FLSA §216(b) from at least September 15, 2002 to present, pending and subject to any further motions or proceedings before the Court on the issue of the "willfulness" of the FLSA violations described above and, therefore, whether the longer three-year statute of limitations for "willful" violation shall be imposed with damages computed back to September 15, 2001 under FLSA §255(a).

  7. The Court hereby enters Judgment and Orders Defendants to pay Plaintiffs backwages calculated based upon the following methodology. For each seven day workweek from at least September 15, 2002 to present (pending resolution of the willfulness issue referenced <u>supra</u> at ¶6):

    (a)    the Town shall compute the actual number of hours worked per workweek by each such Plaintiff in accordance with the declarations set forth herein;

    (b)    in the case of each plaintiff, where the actual hours worked per seven day work week per Plaintiff exceeds the forty-hours per week threshold of FLSA §207(a), the Town shall compute the FLSA "regular" rate for each such hour over forty per workweek by including all differentials identified above as applicable to such plaintiff as shown on the payroll records at Exhibit 29, Attachments A and B, and then multiplying such regular rate by 1.5 (e.g., $20 regular rate x 1.5 = $30 FLSA overtime rate).

8.    The Court hereby enters Judgment on behalf of Plaintiffs for "liquidated damages" as that phrase is defined in FLSA §216(b) and the Defendants are hereby ordered to pay such liquidated damages to each Plaintiff in accordance with FLSA §216(b) on the liability for backwages.

9.    The Court hereby enters Judgment on behalf of Plaintiffs and the Defendants are further hereby ordered to reimburse Plaintiffs for all attorneys fees and costs incurred in this litigation pursuant to FLSA §216(b).

        Respectfully submitted,

        For Plaintiffs,

        By Plaintiffs' Counsel:


        */s/ Jack J. Canzoneri*
        Jack J. Canzoneri, BBO #564126
        McDonald, Lamond & Canzoneri
        Cordaville Office Center
        153 Cordaville Road, Suite 210
        Southborough, Massachusetts 01772
        (508) 485-6600

Dated:  October 27, 2006


## RULE 7.1 CERTIFICATION

I, Jack J. Canzoneri, hereby certify that I have conferred and have attempted in good faith to resolve or narrow the issue in the above-captioned matter.

Dated:  October 27, 2006       */s/ Jack J. Canzoneri*
                                                      Jack J. Canzoneri.


## CERTIFICATE OF SERVICE

I, Jack J. Canzoneri, hereby certify that I have this day via the Electronic Case File system, served a copy of the foregoing Plaintiffs' Motion For Summary Judgment upon opposing counsel John P. Flynn, Jr. Esq., Karis North, Esq., Kathryn Murphy, Esq., and Geoffrey B. McCullough, Esq., Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony Drive, P.O. Box 9126, Quincy, Massachusetts  02269.

Dated:  October 27, 2006       */s/ Jack J. Canzoneri*
                                                      Jack J. Canzoneri