THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and, <br><br> Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al., <br><br>      Plaintiffs, <br><br>      v. <br><br> Town of Natick, et al. <br><br>      Defendants | USDC Case No.:  04-11996 RGS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
REVISED MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFFS' REVISED MOTION FOR SUMMARRY JUDGMENT**

**I.     MOTION FOR LEAVE TO FILE REVISED
        MOTION FOR SUMMARY JUDGMENT**

Plaintiffs respectfully move for leave of court to file the revised motion for summary judgment set forth in Part II below.  The reason for this request is that the original motion for summary judgment and memorandum of reasons in support of said motion, filed by Plaintiffs on October 27, 2006, contained an error.  In particular, in the original motion and statement of reasons filed on October 27, Plaintiffs inadvertently failed to state that Superior Officer Plaintiffs have received "Inservice Differential" and failed, therefore, to request a judgment relating to the Town's failure to include said differential in computing the overtime rate for said Superior Officer Plaintiffs.  Instead, Plaintiffs stated incorrectly that this differential is only applicable to Patrol Officer Plaintiffs,

even though it is paid to all Plaintiffs.  This error also occurs in Plaintiffs' original memorandum of reasons.  Plaintiffs seek leave of court to correct this error by asking leave to file the revised motion set forth in Part II below.  Plaintiffs do not seek leave to file a modified memorandum of reasons because, in the revised motion set forth in Part II below, Plaintiffs ask the court to review the argument contained in the original memorandum of reasons filed on October 27 as pertains to Patrol Officer Plaintiffs on the issue of the Inservice Differential, and apply that analysis (which is identical) for Superior Officer Plaintiffs' claim relating to Inservice Differentials.  Also, in support of this request for leave, Plaintiffs note that the original statement of facts for which plaintiffs contend there is no genuine material issue needs no revision insofar as it correctly states facts pertaining to the Inservice Differential issue.  In addition, in the revised motion in Part II Plaintiffs request oral arguments on the subject motion.  Finally, Plaintiffs state that they have conferred with Defendants pertaining to this matter and Defendants do not oppose or object to this request for leave.

    WHEREFORE, Plaintiffs respectfully request leave of court to file the revised motion for summary judgment set forth in Part II below.

    **II.**    **PLAINTIFFS' REVISED MOTION FOR SUMMARY JUDGMENT**

    The Plaintiffs in this action are fifty-six (56) current and former patrol and superior officers who are or were employed by the Town of Natick, Massachusetts, within the Natick Police Department.  Pursuant to Federal Rules of Civil Procedure, Rule 56 the Plaintiffs move for summary judgment in

their favor. They submit there is no genuine dispute over the facts material to their claim and that they are entitled to judgment as a matter of law on the Fair Labor Standards Act claims asserted in the First Amended Complaint. In support of this the Plaintiffs on October 27, 2006 submitted Plaintiffs' Rule 56.1 Concise Statement Of The Material Facts Of Record As To Which They Contend There Is No Genuine Issue To Be Tried and Plaintiffs' Memorandum of Reasons In Support Of Motion For Summary Judgment. Plaintiffs incorporate those materials in support of this motion. Further, with respect to the issue of Inservice Differential for Superior Officer Plaintiffs, Plaintiffs respectfully refer the Court , the analysis in the memorandum of reasons filed by Plaintiffs on October 27, 2006 as pertains to Patrol Officer Plaintiffs on the issue of the Inservice Differential, and apply that analysis (which is identical) for Superior Officer Plaintiffs claim relating to the failure to include Inservice Differential in computing the overtime rate.

  WHEREFORE, Plaintiffs move that the Court issue Declarations, Orders and Judgments on summary judgment on behalf of the Plaintiffs as follows:

  1. The Court hereby declares that there is no genuine material issue as to the fact that from September 2001 to present the Town has paid Plaintiffs overtime by calculating the overtime rate as one and one half times the base hourly rate for overtime worked between 8:00 a.m. and 4:00 p.m., and one and one half times the base hourly rate plus 6% shift differential for overtime worked between 8:00 a.m. and 4:00 p.m.; that the payroll records at Exhibit 29, Attachment A of Plaintiffs' Statement of Material Facts truly and accurately

itemize the facts pertaining to this for each Plaintiff for each work week from September 2001 through approximately June 2005; and that the Town's calculation of the FLSA regular rate under Section 207(e) and corresponding overtime rate under FLSA §207(a) failed to include the following differentials:

(a) in the case of all Plaintiffs, Longevity and Education Differentials as well as Inservice Training Differential as defined in the applicable collective bargaining agreements for Superior and Patrol Officer Plaintiffs attached to Plaintiffs' Statement of Material Facts, in effect from September 2001 onward, and as otherwise more specifically itemized on Exhibit 29, Attachment A of Plaintiffs' Statement of Material Facts, in a particular workweek; and,

(b) in the case of Patrol Officer Plaintiffs, Community Service, "Compstat" Technology, and Assignment Differentials as defined in the applicable collective bargaining agreements for Patrol Officer Plaintiffs attached to Plaintiffs' Statement of Material Facts, in effect from September 2001 onward, and as otherwise more specifically itemized on Exhibit 29, Attachment A of Plaintiffs' Statement of Material Facts, in a particular workweek.

2. The Court hereby further declares that there is no genuine material issue as to the fact that from at least September 2001 to present each Plaintiff worked Town Details as itemized on Exhibit 29 and Attachment B of

Plaintiffs' Statement of Material Facts, and that the Town did not count hours worked on such Town Details as hours actually worked in computing overtime within the meaning of FLSA §207(a) and the forty-hour per workweek threshold for entitlement to overtime so defined.

    3.    The Court hereby further declares that there is no genuine material issue as to the fact that from at least September 2001 to present each Superior Officer Plaintiff worked an additional half hour per shift in each workweek; that the Town did not count such additional half hour per shift in its computation of hours actually worked in calculating whether the Superior Officer earned FLSA overtime in each workweek and applying the forty hour threshold for entitlement to overtime as defined in FLSA §207(a); and that the only compensation paid to Superior Officer Plaintiffs in each workweek for such half hour per shift work was a percentage differential applied in the manner set forth in Exhibit 29, Attachment A of Plaintiffs' Statement of Material Facts, and as identified in the collective bargaining agreements for Superior Officer Plaintiffs attached to Plaintiffs' Statement of Material Facts.

    4.    The Court hereby declares as a matter of law that the Town's payroll practices defined in ¶¶1-3 <u>supra</u> violated the FLSA §207(a) and that the Defendants owe Plaintiffs damages for backwages pursuant to FLSA §216(b).

    5.    The Court further hereby declares that there is no genuine material issue of fact and that as a matter of law the Town has not adopted an exemption under Section 207(k) of the FLSA, 29 U.S.C. §207(k), and therefore that the workweek for computing the forty hour threshold of FLSA§207(a) from

at least September 2001 onward has been be a seven day workweek from Tuesday of one week through Monday of the following week.

6. The Court hereby enters Judgment on behalf of each Plaintiff for backwages within the meaning of FLSA §216(b) from at least September 15, 2002 to present, pending and subject to any further motions or proceedings before the Court on the issue of the "willfulness" of the FLSA violations described above and, therefore, whether the longer three-year statute of limitations for "willful" violation shall be imposed with damages computed back to September 15, 2001 under FLSA §255(a).

7. The Court hereby enters Judgment and Orders Defendants to pay Plaintiffs backwages calculated based upon the following methodology. For each seven day workweek from at least September 15, 2002 to present (pending resolution of the willfulness issue referenced supra at ¶6):

(a) the Town shall compute the actual number of hours worked per workweek by each such Plaintiff in accordance with the declarations set forth herein;

(b) in the case of each plaintiff, where the actual hours worked per seven day work week per Plaintiff exceeds the forty-hours per week threshold of FLSA §207(a), the Town shall compute the FLSA "regular" rate for each such hour over forty per workweek by including all differentials identified above as applicable to such plaintiff as shown on the payroll records at Exhibit 29, Attachments A and B, and then multiplying

such regular rate by 1.5 (e.g., $20 regular rate x 1.5 = $30 FLSA overtime rate).

8. The Court hereby enters Judgment on behalf of Plaintiffs for "liquidated damages" as that phrase is defined in FLSA §216(b) and the Defendants are hereby ordered to pay such liquidated damages to each Plaintiff in accordance with FLSA §216(b) on the liability for backwages.

9. The Court hereby enters Judgment on behalf of Plaintiffs and the Defendants are further hereby ordered to reimburse Plaintiffs for all attorneys fees and costs incurred in this litigation pursuant to FLSA §216(b).

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D) Plaintiffs respectfully request oral argument on the foregoing motion for summary judgment.

Respectfully submitted,

For Plaintiffs,

By Plaintiffs' Counsel:

*/s/ Jack J. Canzoneri*
Jack J. Canzoneri, BBO #564126
McDonald, Lamond & Canzoneri
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, Massachusetts 01772
(508) 485-6600

Dated:  November 1, 2006

## RULE 7.1 CERTIFICATION

  I, Jack J. Canzoneri, hereby certify that I have conferred and have attempted in good faith to resolve or narrow the issue in the above-captioned matter and that Defendants' counsel do not object to submission of the request for leave to file the foregoing revised motion for summary judgment, and with respect to the motion for summary judgment itself that the parties are unable to resolve the issues presented therein.

Dated: November 1, 2006    /s/ *Jack J. Canzoneri*
               Jack J. Canzoneri.

## CERTIFICATE OF SERVICE

  I, Jack J. Canzoneri, hereby certify that I have this day via the Electronic Case File system, served a copy of the foregoing Plaintiffs' Motion For Leave To File Revised Motion For Summary Judgment And Plaintiffs' Revised Motion For Summary Judgment upon opposing counsel John P. Flynn, Jr. Esq., Karis North, Esq., Kathryn Murphy, Esq., and Geoffrey B. McCullough, Esq., Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony Drive, P.O. Box 9126, Quincy, Massachusetts 02269.

Dated: November 1, 2006    /s/ *Jack J. Canzoneri*
  Jack J. Canzoneri