

| Natick Police Department | Order Number 91-07 |
|---|---|
| General Order | Date: August 13, 1991 |
| Arrests | |

I.  General Considerations and Guidelines

   A.  The power and authority to arrest and to deprive a person of liberty and freedom is one of the most serious and sensitive duties of a police officer. Under the Fourteenth Amendment to the U. S. Constitution all persons are entitled to be secure from arbitrary and unreasonable governmental intrusion. In recent years, the courts have shown an increasing concern for the protection of these personal rights. As an arrest constitutes a critical stage in the criminal process, the courts have indicated that an arrest with a valid warrant is to be preferred and that warrantless arrests are an exception to the general rule. Whenever there is sufficient time and opportunity to do so, a warrant should be obtained in advance of an arrest. In any case where the offender does not create a threat to the public, or is not likely to flee, it is good police practice to obtain a warrant prior to arrest. This is particularly true for the less serious offenses.

   By the very nature of police work, however, many arrests must be made without a warrant. This places upon the police officer in the field a most important decision-making responsibility. The street is the workshop of the police officer and the law of arrest is the primary and most essential tool of his chosen occupation. As the police may be held responsible both civilly and criminally for any abuse of authority when taking suspected criminal offenders into custody, it is expected that all police officers will have a clear understanding of their powers, duties and responsibilities under the law of arrest. If an unlawful arrest is made, any search made incidental to that arrest may be found unlawful and any evidence seized declared inadmissible. Any confession or admission made may also be excluded, if made after an unlawful arrest. It is for this purpose that the following basic guidelines have been prepared.

   Police officers, however, should note that the exclusionary rule may not be applied by the court if an officer made an arrest in reasonable reliance on what appeared to be a valid arrest warrant even though that warrant may subsequently be declared to have been invalid. See U.S. v. Leon, U.S., 104 S.Ct., 3405 (1984) and Massachusetts v. Sheppard, U.S., 104 S.Ct. 3424 (1984) (although both those cases rested on the officers' reasonable

reliance on apparently valid search warrants, the court's reasoning and conclusion would seem to be fully applicable to arrests made in reasonable reliance on what appears to be a valid arrest warrant). This is a major reason why police should obtain an arrest warrant whenever it is practical to do so. Also, in cases where the existence of probable cause to arrest is close, an arrest made pursuant to an arrest warrant may be invalidated. That is a second reason police should obtain an arrest warrant whenever it is practical to do so.

When persons are arrested and taken into police custody, their fundamental rights under the U.S. Constitution and the General Laws of Massachusetts are immediately activated. All constitutional and statutory rights to which they are entitled must be provided to all arrested persons at the time of their arrest and immediately thereafter.

Every police officer must also recognize that there is no such thing as a "routine arrest." Because of the unpredictability of human behavior, there is a potential element of danger in every arrest and all officers must guard against this possibility. It has been said that no two arrests are exactly alike. The time of day, the offense involved and the type of person being arrested accounts for some of these differences. Alcohol and drug use can exacerbate an arrest situation. Taking the mentally disturbed into custody can set up a tragic set of circumstances. Many police officers have been seriously injured in responding to domestic disputes where an arrest was necessary. Life-threatening struggles have resulted from what appeared to be a simple misdemeanor or a routine motor vehicle stop. As a fundamental guideline in making arrests, all officers should always be alert and should always anticipate the unexpected. (See departmental policies: Use of Force, Firearms and Arrest Warrants.)

B. <u>Probable Cause</u>

In addition to having lawful authority, it is required under the Fourth Amendment that a police officer have "probable cause" in order to make a valid arrest. Explaining probable cause has been called "an attempt to define the undefinable." There is no exact formula for determining probable cause and each case must be decided on its own facts and circumstances. Essentially, probable cause for arrest exists if the arresting officer, at the time of arrest, has reasonably trustworthy knowledge that is sufficient for a person of ordinary or reasonable caution and prudence to

58

believe that a crime is occurring or has occurred and that the person being arrested is committing or has committed the crime for which the arrest is being made (Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) ).

The information upon which an officer relies in making an arrest must be more than just rumor or mere suspicion, but it does not require sufficient evidence to justify a conviction (Comm. v. Stevens, 362 Mass. 24, 283 N.E.2d 673 (1972) ). It does require a reasonable, common sense approach by a police officer and an honest judgement based upon a combination of factors any of which standing alone might not be enough to justify an arrest but which, if viewed as a whole, does constitute probable cause. The element of probable cause must exist at the time of arrest and subsequent events or information acquired later cannot be used to justify that arrest.

Probable cause, therefore, is not a complex formula which is understandable only to those with a legal background. It consists of personal knowledge and reasonable inferences drawn from practical police experience, or reliable information obtained from others, which causes a reasonably cautious police officer to believe that it is more likely than not that a crime has been committed and that the person being arrested has committed that crime. In the case of Brinegar v. U.S., 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed.2d 1879 (1949), the Supreme Court said, "In dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of every day life on which reasonable and prudent men not legal technicians act."

One instance where an officer need not personally formulate probable cause involves the crime of shoplifting. General Laws c. 266, §30A provides that the statement of a merchant or his employee or agent that a person has violated the section shall constitute probable cause for arrest. Therefore, the officer may rely on the statement of the merchant or his employee in arresting a shoplifter.

C.   Arrests in General

A duly authorized police officer may make a lawful arrest if any of the following conditions are met:

With a warrant:

59

1. Where the officer possesses a valid arrest warrant. (G.L. c. 276, §23).

2. Where the officer making the arrest and detention has actual knowledge that a warrant then in full force and effect for the arrest of such person has in fact issued. (M.R. Crim. P. 6(b) (3) ; G.L. c. 276, §28.)

Without a warrant :

1. For a felony committed in the officer's presence or on probable cause that a felony has been committed (Comm. v. Phelps, 209 Mass. 396, 95 N.E. 868 (1911). Comm. v. Mitchell, 353 Mass. 426, 233 N.E.2d 205 (1967)).

2. For a misdemeanor committed in the officer's presence and causing or threatening to cause a breach of the peace which is continuing or only briefly interrupted (Comm. v. Gorman, 288 Mass. 294, 192 N.E. 618 (1934)).

3. For a misdemeanor not amounting to a breach of the peace committed in the officer's presence when such an arrest is authorized by statute (Comm. v. Wright, 158 Mass. 149, 33 N.E. 82 (1893)).

4. For certain misdemeanors for which arrest is allowed even though such misdemeanors were not committed in the officer's presence (See e.g., G.L. c. 94C, §41; c. 209A, §6).

NOTE: A felony is any crime punishable by death or imprisonment in the state prison; all other crimes are misdemeanors (G.L. c. 274, §1). A breach of the peace may be defined as "a violation of public order or decorum which disturbs the public peace and tranquility; or any act of disorderly conduct which disrupts the public peace."

Selected Statutes Authorizing Arrest for Particular Misdemeanors Without a Warrant

Abuse Prevention, Family or Household Member - (G.L. c. 209A, §6)

Accosting and Annoying Persons of the Opposite Sex - (G.L. c. 272, §53, 54)

Alcoholic Beverage Laws, Violation of - (G.L. c. 138, §56)

Anti-Litter Law, Upon Refusal to give Name - (G.L. c. 270, §16A)

Bombs or High Explosives, Illegal Possession of - (G.L. c. 148, §35)

Bylaws and Ordinances, Violation of Certain - (G.L. c. 272, §59)

Children in Need of Services - (G.L. c. 119, §39H)

Cigarettes, Illegal Transportation or Possession of Unstamped or Untaxed - (G.L. c. 64C, §8, 35)

Common Nightwalkers, Male or Female - (G.L. c. 272, §53, 54)

Controlled Substances Law, Violation of - (G.L. c. 94C, §41)

Credit Card Offenses Involving Fraud, Larceny, Misrepresentation, etc. - (G.L. c. 266, §37B, 37C)

Cruelty to Animals - (G.L. c. 272, §54, 82)

Curfew Law, Knowingly Violating Official - (G.L. c. 40, §37A)

Disorderly Persons, Disturber of the Peace, etc. - (G.L. c. 272, §53, 54)

Dog and Other Animal Fighting - (G.L. c. 272, §89)

Election Laws, Violation of - (G.L. c. 56, §57)

Fireworks, Unlawful Possession for Sale - (G.L. c. 148, §39)

Fish and Game Laws, Violation of - (G.L. c. 131, §87)

Fugitives from Justice from Another State - (G.L. c. 176, §20B)

Gaming in Public Place - (G.L. c. 271, §2)

Gaming laws, Violation of Certain - (G.L. c. 271, §10A)

Indecent Exposure - (G.L. c. 272, §53, 54)

Larceny, Regardless of Value of Property Stolen - (G.L. c. 276, §28)

Lewd and Wanton Person - (G.L. c. 272, §53)

Malicious Mischief on Sunday - (G.L. c. 266, §131)

Molotov Cocktail or Similar Device, Possession, Sale or Use - (G.L. c. 266, §102B)

Motor Vehicle Laws, Violation of Certain - (G.L. c. 90, §21)

Railroad Offenses, etc. - (G.L. c. 160, §220)

Rivers and Harbors, Offenses Upon - (G.L. c. 91, §58)

Rubbish, Throwing or Placing in Public Way (if unknown to officer) - (G.L. c. 272, §60)

Shoplifting - (G.L. c. 266, §30A)

Toxic Vapors, Inhaling for Purpose of Intoxication - (G.L. c. 270, §18)

Trespass After Being Forbidden - (G.L. c. 266, §120)

Water Supply, willfully Polluting - (G.L. c. 111, §171)

Youth Service Board Escapee - (G.L. c. 120, §13)

D. <u>Arrests With Warrant</u>

The District Court may authorize the issuance of an arrest warrant in any case except where the accused is a juvenile less than twelve years of age. The decision to authorize and arrest warrant may be based upon the representation of a prosecutor made to the court that the defendant may not appear unless arrested. An arrest warrant shall be signed by the authorized court official issuing it and shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty. The warrant shall recite the substance of the offense charged and it shall command that the defendant be arrested and brought before the court. A warrant shall be directed to and executed any place within the Commonwealth. The officer need not have the warrant in his possession at the time of the arrest, but upon

request he shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at the time of arrest, he shall then inform the defendant that a warrant has been issued and of the offense charged, but if the officer does not then know of the offense charged, he shall inform the defendant thereof within a reasonable time after the arrest. The officer executing a warrant shall make a return thereof to the issuing court and an officer who willfully delays service of a warrant is subject to a statutory fine. A defendant who has been arrested shall be brought before the court if it is in session and if not, at its next session. Generally, arraignment the next morning is not unreasonable when a defendant is arrested late in the day. The foregoing are excerpts from the Rule 6 of Massachusetts Rules of Criminal Procedure.

Upon the arrest of a juvenile, the arresting officer shall notify the parent or guardian of the juvenile and the Probation Office. This is to permit the prompt release of a juvenile consistent with Massachusetts General Laws, c. 119, §66, which discourages the detention of juvenile offenders unless, in the opinion of the arresting officer or the Probation Department, cause exists to hold such juvenile.

An arrest warrant is, therefore, an order in writing, issued by an authorized court official, directed to officers authorized to serve criminal process and commanding them to arrest the person named or described therein and to bring such person before the court to answer to a charge of crime. A so-called "John Doe" warrant without a further satisfactory and sufficient description is unlawful and void (Comm. v. Crotty, 92 Mass. 403 (1865)). An arrest warrant issued pursuant to a complaint must be founded upon probable cause supported by oath or affirmation but is not necessary to recite the facts that constitute probable cause in the complaint (Comm. v. Baldassini, 357 Mass. 670, 260 N.E.2d 150 (1970)). (See departmental policy: Arrest Warrants.)

A person arrested out of the county, where the warrant is returnable for an offense less than a felony, if such person so requests, must be taken before a court of the county where the arrest was made in order to be admitted to bail (G.L. c. 276, §29), if the crime charged is a felony, the officer who makes an arrest is another county shall convey the prisoner to the county where the warrant was issued (G.L. c. 276, §32).

63

A person arrested on a warrant, or taken into custody by a police officer, has the right to know the true grounds for such arrest and an officer who refuses to answer a question relative to the reason for such arrest or who answers such questions untruly is liable to a criminal penalty (G.L. c. 263, §1).

Refer to the departmental policy on Arrest Warrants for standards and procedures involved in the execution of an arrest warrant.

E.    <u>Arrests Without Warrant</u>

An arrest without a warrant may be lawfully made when certain circumstances exist. Warrantless arrests merit much more detailed study because of the subjective factors involved. If an unlawful arrest is made, any search made incidental to that arrest may be found unlawful and any evidence seized may be declared inadmissible. Any confession or admission made by the person arrested may also be excluded, if made after an unlawful arrest.

An officer in his own jurisdiction may make an arrest without a warrant for a felony if he has probable cause to believe the person to be arrested committed or is committing a felony. An officer may also, without a warrant, arrest for a misdemeanor which constitutes a breach of the peace, or for a misdemeanor where warrantless arrest is allowed by statute, as discussed above.

A police officer may make an arrest outside his municipal jurisdiction in any of the four following situations:

1. he may "on fresh and continued pursuit" pursue and arrest an offender in any other city or town in Massachusetts if:

    a. the offense is one for which a warrantless arrest is authorized; and

    b. the offense was committed in the officer's presence; and

    c. the offense was committed in the officer's jurisdiction (city or town)

    Chapter 41, section 98A

64

2. if there is a mutual aid agreement in effect between his city or town and the city or town to which he has been assigned under mutual aid agreement, the officer may exercise the same authority in such city or town as he exercises in his own city or town;

Chapter 41, section 99.

3. he may "on fresh pursuit" pursue and arrest a person who has committed a <u>felony</u> in Massachusetts and may pursue and arrest such person in any other state if that other state has in force similar interstate felony fresh pursuit laws.

Chapter 276, sections 10A - 10D (New York and all New England states have such laws).

4. an officer may exercise his citizen's arrest powers. For example, any citizen may make an arrest for a felony if a felony has, in fact, been committed. See <u>Comm. v. Harris</u>, 11 Mass. App. Ct. 165, 415 N.E.2d 216 (1981). (Revere police officer made a warrantless arrest of a felony - - rape of a child - - suspect on a sidewalk in Chelsea; note: the Court ruled that when a police officer exercises a citizen's arrest powers he need only have probable cause to believe that a felony has been committed.) Such citizen's arrest powers may be exercised in another state. <u>Comm. v. Cullick</u>, 386 Mass. 273 435 N.E.2d 348 (1982) (Massachusetts State Trooper made arrest of rape and robbery suspect just over the New Hampshire border; under New Hampshire law, a citizen may arrest a felony suspect upon reasonable grounds to suspect a felony has been committed).

Where sufficient basis does not exist, officers may, nevertheless, engage in investigative detention of suspicious persons. Investigative detention does not constitute an arrest. (See departmental policy: Investigative Detention.)

For the legal standards and procedures which govern making an arrest in a dwelling pursuant to an arrest warrant; see departmental policy and procedure: Arrest Warrants.

With regard to making a warrantless arrest in a dwelling, police should first determine whether a warrantless entry and arrest is allowed by law. Generally, no arrest warrant (or search

65