warrant) is required to arrest a person who is in public. U.S. v. Watson, 423 U.S. 411, 96 S.Ct. 820 (1976). However, with regard to making an entry into and arrest in a dwelling the following standards apply:

1. if the arrest pursuit was set in motion in public, the officer may make a hot pursuit warrantless entry into a private dwelling if the suspect runs into the dwelling, U.S. v. Santana, 427 U.S. 38, 96 S.Ct. 2406 (1976).

2. if police seek to arrest a person in that person's own dwelling they may do so:

    a. if lawful consent to enter is granted ; or

    b. if exigent circumstances are present which excuse the failure to obtain an arrest warrant ;

    c. otherwise, they must obtain an arrest warrant, Peyton v. New York, 445 U.S. 573, 100 S.Ct. 1371 (1980) ;

3. if police seek to arrest a person in someone else's dwelling they may do so ;

    a. if lawful consent to enter is granted ; or

    b. if exigent circumstances are present which excuse the failure to obtain a search warrant ;

    c. otherwise, they must obtain a search warrant, Steagald v. U.S., 451 U.S. 204, 101 S.Ct. 1642 (1981).

4. in assessing whether there are sufficient exigent circumstances present to excuse the failure to obtain a warrant before entering a dwelling to make an arrest, police should consider the following factors:

    a. whether the crime was one of violence ;

    b. whether the suspect is armed ;

    c. whether there is a clear demonstration of probable cause to arrest ;

      d.   whether there is strong reason to believe the suspect is in the dwelling;

      e.   the likelihood that the suspect would escape if not apprehended immediately;

      f.   whether the entry can be made peaceably;

      g.   whether the entry would be in the nighttime (or could be made in the daytime when clerks and magistrates are more readily available);

Comm. v. Forde, 367 Mass. 798, 329 N.E.2d 717 (1975).

   5.   in addition to the factors set forth immediately above, police must also consider the seriousness of the crime. Generally, a warrantless entry into and arrest in a dwelling cannot be justified by the exigent circumstances doctrine if the crime is a minor or non-serious one. Welsh v. Wisconsin, U.S., 104 S.Ct. 2091 (1984) (warrantless nighttime entry into defendant's home held unlawful where offense was a non-jailable offense punishable only by a small monetary fine).

F.   <u>Police Discretion to Arrest</u>

Although police officers must always be guided by the intent and purpose of the law, there are limited circumstances in the discretion of the officer involved when the public interest would be better served by not making an arrest, even though there is legal justification for such action. Such circumstances would include the following:

   1.   When an arrest could aggravate community conflict or possibly precipitate a serious disorder.

   2.   When there is a greater priority to respond to a more serious crime or to an urgent public emergency.

   3.   In neighborhood quarrels, noisy parties, landlord-tenant problems and minor disturbances of the peace where no serious crime has been committed and the officer can successfully act as a mediator.

4.  In minor juvenile offenses where a warning and a talk with the parents can avoid a court appearance.

5.  In other minor offenses where a summons can effect~~ively~~ the intended purpose.

II. Procedures

  A. An arrest should never be made to show authority or to vent personal feelings.

    1. the attitude of the offender should not be the determining factor in making an arrest;

    2. verbal abuse alone is not a sufficient justification for an arrest;

    3. an arrest should not be used to resolve a problem when other options are available.

  B. Whenever possible, arrests should be made with a warrant.

    1. the officer must fill out a complaint and affidavit;

    2. the warrant must be obtained from the proper authority;

      a. Justices of the Supreme Judicial, Superior and District Courts may issue process for the apprehension of persons charged with crime (G.L. c. 276, §21);

      b. a clerk, assistant clerk, temporary clerk or temporary assistant clerk in a District Court may receive complaints, administer oaths required and issue arrest warrants, search warrants and summonses. No other person, except a judge, shall be so authorized (G.L. c. 218, §33).

  C. Prior to serving an arrest warrant, an officer should examine it carefully to determine:

    1. whether it has been issued by a court of competent jurisdiction and authority;

68

    2. whether the officer is authorized to serve it;

    3. whether it clearly names or describes the person to be arrested;

    4. whether it clearly describes the offense for which the arrest is to be made;

    5. what the officer's powers are under it.

D. Other than constitutional safeguards, the other major constraint on the power of arrest is jurisdictional. Generally, the power to arrest ceases at the boundaries of the officer's city or town. Although, there are four instances in which an officer may make "extra-territorial" arrests, that is, arrests outside the limits of his city or town (these are discussed earlier in this policy and procedure statement on pages 8-10). It should also be noted that although an arrest warrant can be executed anywhere in Massachusetts, generally it is to be executed by an officer of the city or town where the arrest is to be made.

E. To effectively and lawfully execute an arrest there must be:

    1. an intention on the part of the police officer to make an arrest;

    2. the knowledge and understanding of that intent must be communicated to the person to be arrested;

    3. either a physical seizure or submission to the officer by the arrested person.

F. Probable cause to make an arrest is always an overriding consideration for every police officer. Whether or not an arrest is based on probable cause will depend on a variety of factors, and unless the offense is committed in the officer's presence, usually no single fact alone is controlling. Of great importance, therefore, is the totality of circumstances surrounding the arrest. Each officer should be aware of the type of circumstances which have been looked to in establishing probable cause:

    1. direct observations of the police officer;

    2. knowledge of the prior criminal record or criminal activity of the person arrested;

    3. flight accompanied by other factors;

    4.     evasive answers and/or conflicting stories;

    5.     time of day or night;

    6.     history of criminal activity in the particular area;

    7.     experience of the officer;

    8.     reliable hearsay.

Hearsay statements often present problems in establishing probable cause and also evidentiary problems during trial. Usually, they are derived from three principal sources:

    a.     statements from the victims and/or witnesses;

    b.     statements from other police officers;

    c.     statements from informants.

G. All officers should be able to point to specific factors which justify an arrest without warrant. Examples of such factors are:

    1.     did they see the crime being committed?

    2.     did they see the suspect run away?

    3.     did they receive prompt and direct replies to questions or was the suspect vague and confused?

    4.     have they had experience in similar situations?

    5.     did they receive information from other persons, and if so, were they certain of the reliability of that person and the information received?

H. At the time of arrest, unnecessary conversation should be avoided and any orders or statements to the person(s) arrested should be clear and brief. However, the arresting officers must clearly identify themselves as police officers and state their purpose.

I.  Arresting officers should not act in a careless or routine manner but should take all necessary steps to ensure their own personal safety and that of the public and to secure destructible evidence. Such steps shall include but are not limited to:

   1.  obtaining assistance when necessary whether before or after the arrest; this is particularly advisable when:

      (a.)  there is more than one person to be arrested;

      (b.)  a dangerous crime is involved, usually a felony of a serious nature;

      (c.)  prior experience has shown the need for assistance in particular situations.

   2.  searching for and seizing any instruments capable of inflicting serious bodily injury or causing death and evidence of any crime;

   3.  making a search of the area within the immediate reach and control of the person(s) arrested for weapons or destructible evidence (Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969));

   4.  keeping the person(s) arrested in front of the officer at all times. If more than one officer is present, the additional officer shall never pass or position himself between the arresting officer and the person arrested.

J.  Force should only be used when there is resistance or reasonable certainty of resistance. The amount of force shall be restricted to that which is reasonable, necessary, and proper for the safe custody of the arrestee, or for overcoming any resistance that may be offered (see departmental policies: "Use of Force" and "Firearms"). An arrestee has no right to resist arrest, lawful or unlawful, by a police officer, unless the officer uses excessive force. Comm. v. Moreira, Mass., 447 N.E.2d 1224 (1983).

K.  Once an arrest is made it is the responsibility of the arresting officer or officers to ensure that arrestees do not injure themselves or others, and that they do not escape or dispose of evidence.

L.  Persons arrested shall be given the MIRANDA WARNINGS prior to interrogation, (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)).

   1.  the warnings are as follows:

       (a.)  you have the right to remain silent;

       (b.)  anything you say may be used against you in court;

       (c.)  you have the right to consult with an attorney before any questioning and to have an attorney present during any questioning;

       (d.)  if you cannot afford an attorney, one will be provided at State expense, prior to any questioning, if you so request.

   2.  the warnings should be read from a card or other permanent record of them to ensure that none are omitted. This procedure is beneficial for other reasons:

       (a.)  the card itself can later be introduced as evidence;

       (b.)  officers have tangible proof that they have not relied solely on memory;

       (c.)  the suspect can also be permitted to read the card.

   3.  each officer giving the warning shall ask and verify that the person arrested has heard and understood the warnings so given;

   4.  no questioning of arrested persons shall take place until these warnings have been given. However, officers must note that the Miranda Warnings are aimed at "custodial interrogation." Custodial interrogation means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Therefore, if suspects freely choose to divulge information without questioning, there is no violation of rights simply because they were not given these warnings. There is no requirement that an officer prevent suspects from

72

    continuing to talk and, whenever statements are made voluntarily and with no compulsion, such statements shall be noted and incorporated as part of his official report. However, if an officer wishes to gain further information through questioning, the warnings shall be given before pursuing the matter further.

13. The person(s) arrested shall be handcuffed and promptly and safely transported to the station house in accordance with departmental procedures.

14. Upon arrival at the station house, the person(s) arrested shall be informed of the right to use the telephone (G.L. c. 276, §33A). In addition, the arrestee shall be examined for injuries (G.L. c. 276, §33), if appropriate.

15. After departmental booking procedures are completed, the person(s) arrested shall be brought to court forthwith if it is in session, or if it is not, at the next regular sitting of the court.

16. Arresting officers will make a full and complete report of any arrests made, with or without warrants, in accordance with standard department practices and procedures.

Per order of:

Dennis R. Mannix
Chief of Police

73