| | Natick Police Department | Order Number 91-09 |
|---|---|---|
| | General Order | Date: August 13, 1991 |
| | **Arrest Warrants** | |

I. <u>General Considerations and Guidelines</u>

An arrest warrant has been defined as "an order in writing, issued by a judge or other magistrate in the name of the state, naming a person charged with a crime, directed to a proper officer, and commanding him to arrest and bring before the court the body of the person named therein." See Manual for the Instruction of Applicants for Examinations for the Police Services, p. 32, Massachusetts Division of Civil Service (1965).

An arrest warrant is "executed" by arresting the person named in the warrant. Mass. Rules of Criminal Procedure 6(3). In this Policy and Procedure statement, "serving" a warrant shall be used interchangeably with "executing" a warrant.

The following is a list and brief description of the nine types of arrest warrants most commonly encountered by police:

- <u>Complaint Warrant</u> - most arrest warrants are issued upon a complaint filed in district court alleging that an arrestable offense has been committed.

- <u>Indictment Warrant</u> - a judge of the superior court may issue an arrest warrant when the grand jury issues an indictment. Normally, bail is not available.

- <u>Bench Warrant</u> - (sometimes referred to as a "capias") - when a person who has been served with a summons to appear in court fails to do so, the judge may issue a bench warrant. See G.L. c. 233, s. 6 and Rules of Criminal Procedure 17.

- <u>Default Warrant</u> - these warrants issue when a person fails to appear in court after having been released on personal recognizance or bail. Normally, bail is not available. See G.L. c. 276, s.67.

- <u>Alias Warrant</u> - if a warrant is returned to the issuing court and the accused is located or apprehended at a later date, a new warrant, called an alias warrant, may issue for his arrest.

Attach. A – Item 19

74

- <u>Detainer Warrant</u> - if a person sentenced on a given crime has outstanding arrest warrants for other offenses, the outstanding warrants may be "detained" until arrangements are made for trial or other disposition of the outstanding charges.

- <u>Probation Warrant</u> - arrest warrants may be issued by the court upon application of probation officials for violations of probation. See G.L. c. 279, s. 3. Normally, bail is not available. See G.L. c. 276, s. 67.

- <u>Parole Warrant</u> - parole violation warrants may be issued by the parole board. See G.L. c. 127, s. 149.

- <u>Governor's Warrant</u> - the governor may issue warrants for the arrest of persons subject to interstate rendition. See G.L. c. 276, s. 16. See <u>Upton Petitioner</u>, 387 Mass. 359, 439 N.E.2d 1216 (1982).

Police have a legal obligation to exercise diligence in serving arrest warrants. <u>Comm. v Jones</u>, 360 Mass. 498, 275 N.E.2d 143 (1971). An officer who willfully delays service of a warrant committed to him for service is subject to statutory penalties. G.L. c. 268, s. 22. An officer who willfully and corruptly refuses, omits or delays in serving a warrant is subject to additional statutory penalties if the accused is thereby allowed to escape. G.L. c. 268, s. 23. It should be noted that no statutory time limit is imposed on arrest warrants. An officer who makes an arrest pretending to have an arrest warrant when he doesn't or pretending to have a warrant that is different from the one he has is subject to statutory penalties.

Given the number of warrants issued for the arrest of individuals and the limited nature of police resources and manpower, the police must establish priorities and exercise reasonable discretion in serving arrest warrants. These Policies and Procedures are designed to provide a framework for efficient arrest warrant practices taking into consideration the need for priorities and the necessity of a measure of discretion.

It is an underlying assumption of these Policies and Procedures that police should concentrate primarily on making arrests on warrants for serious offenses, arrests of multiple or potentially dangerous offenders and in other situations meriting the severe imposition of one's personal liberty which an arrest entails. In less critical cases, police resources and manpower, at least initially, should be directed toward warning citizens of outstanding warrants for their arrest but providing these

75

citizens a reasonable opportunity to go to court to have the warrant revoked.

A prerequisite for the efficient and effective management of arrest warrants is an organized method of handling warrants from the moment they are received from the court to the moment they are returned to the court. Key elements of such an organized procedure are centralized control over the warrant document, accountability for handling and executing warrants, proper documentation of unsuccessful as well as successful attempts to serve warrants and accurate, up-to-date communication between police departments, the courts and other law enforcement agencies regarding the validity of warrants and the whereabouts of persons named in warrants.

II. <u>Procedures</u>

   A.  There shall be established within the Administrative Services Division an Arrest Warrant and Court Order Unit comprised of the Commander of the Administrative Services Division, the Director of Planning and Research, the Records Coordinator and the Court Liaison Officer. All arrest warrants will be under the control of the Arrest Warrant and Court Order Unit. In addition, the Arrest Warrant and Court Order Unit will control summonses, Chapter 209A family abuse protection orders, restraining orders, orders to vacate the marital home, cease and desist orders and other court orders which require or may involve police services. This, however, would not include search warrants. Emergency protective orders issued when members of the Arrest Warrant and Court Order Unit are unavailable will be noted as an administrative message (administrative log code 985) indicating the names of the plaintiff and defendant and the order number.

   To obtain the utmost value from the information stored by the Arrest Warrant and Court Order Unit, all investigative and patrol officers should be able to gain access to this information when and as it is needed around the clock. For this reason, all clerical and administrative personnel regularly assigned to stationhouse duty should be sufficiently familiar with the operations of the Arrest Warrant and Court Order Unit to be able to provide necessary information to officers in the field when warrant unit personnel are not available and particularly when time is an important element in the field investigation.

   The arrest warrant (the official court document) should be delivered from the court to the Arrest Warrant and Court Order

76

Unit, except where service must be made or attempted immediately upon obtaining the warrant from the court. Once entered in the Arrest Warrant and Court Order Unit filing system, the warrant should not be removed from those files unless :

1. the accused has been arrested and the warrant is to be marked up and readied for return to the court ;

2. the warrant is recalled by the issuing court ;

3. the warrant is to be served outside the city or town limits (so that the arrestee can be brought, for bail and other purposes, to the appropriate court by an officer who has the original warrant) ;

4. the warrant is returned to the issuing court because it is not prosecutable, does not have enough correct information for successful service, or could lead to an arrest of questionable legality or value if the warrant remains in active police files.* Before returning warrants for these reasons, the matter should be reviewed with the district attorney's office and the clerk of the court.

*"At the request of the prosecutor any unexecuted warrant shall be returned to the issuing court and may be cancelled by that court upon its own motion or upon the motion of the prosecutor. At the request of the prosecutor made at any time while a complaint or an indictment is pending, a summons returned unserved or a warrant returned unexecuted and not cancelled may be delivered to an authorized person for service or execution." Mass Rules of Criminal Procedure 6(c)(4). The term "prosecutor" includes any prosecuting attorney and any police prosecutor. See Mass. Rules of Criminal Procedure 2(b) (13).

Warrants should never be returned to the issuing court except for one of the above reasons. If a valid warrant is returned to the court and the accused is located at a later date, the police may have to devote considerable time and manpower to obtaining an alias warrant. Moreover, arrest warrants may prove useful in future criminal investigations in which time is a critical factor. See Comm v. Sullivan, 354 Mass. 598, 239 N.E.2d 5 (1968).

The Arrest Warrant and Court Order Unit maintains files on all persons named in warrants containing, where possible :

77

1. full name and address;

2. specific address(es) and telephone number(s);

3. complete physical description with salient identifying characteristics and photograph(s) (upon arrest, booking, interrogation, being brought in on protective custody, etc., new photographs should be taken if the present ones are ineffective as an aid to identification.);

4. date of birth or approximate age, social security number or other identification verification information;

5. employer's name, address, telephone number ; accused's job, work hours, etc.;

6. criminal record of accused ; indication if accused should be considered dangerous or may resist arrest;

7. cross references to other arrest warrants and court orders relating to accused;

8. other information which may aid in serving the warrant such as a description of any motor vehicle the accused is known to use, firearms license or other permit or license issued to the accused.

The Arrest Warrant and Court Order Unit should review newspapers, telephone directories, Registry of Motor Vehicle files, firearms, identification card files, lost or missing persons files, city or town files (e.g., taxes, voting lists, permits and licenses not issued by or through the police department) and other files and sources of information to gather useful leads which may aid in determining the whereabouts of the accused and how to verify his or her identity.

All persons taken to the police station under arrest, under protective custody, or for questioning, licensing, F.I.D. cards, etc., should have a computer search done to determine the existence of outstanding warrants or court orders in effect.

All matters similar in nature to arrest warrants, such as Chapter 209A family abuse protection orders, Chapter 272A

78

Uniform Reciprocal Enforcement of Support orders, "vacate the marital abode" orders, restraining orders, cease and desist orders and other court orders should be under the control of the Arrest Warrant and Court Order Unit. Careful attention should be paid to such court orders to determine the date they take effect, the date they expire, when they must be returned to court, specific instruction as to where or when they are to be served or enforced, information regarding the person(s) named as plaintiffs or other protected parties and other details. Officers who serve or enforce domestic abuse protection orders, vacate orders, restraining orders, etc. should be fully informed as to their obligations under Chapter 209A. (See Policy and Procedure on "Domestic Violence.")

All present warrants and all new warrants should be reviewed and assigned to one of three priority categories. Each priority category should be denoted on each individual warrant:

TOP PRIORITY (TYPE A)

Warrants for serious crimes (e.g., selected felonies, crimes involving repeat serious offenders); warrants for offenders with multiple serious offense warrants; warrants for persons wanted by police for other important reasons.

MIDDLE PRIORITY (TYPE B)

Warrants for persons with multiple warrants for less serious offenses; warrants for persons with more than a minimum amount in fines due.

LOW PRIORITY (TYPE C)

All other warrants.

An Arrest Warrant and Court Order Unit should issue on a regular and frequent basis a printout available to all sworn officers containing information on important warrants issued recently and outstanding top priority and middle priority warrants of which officers should be aware. Officers should be advised that any information they have or may obtain which would contribute to successfully serving a warrant should be forwarded to the Arrest Warrant and Court Order Unit.

For low priority warrants, except in unusual circumstances, a Warning Letter may be mailed to the accused to encourage his voluntary surrender.

All warrants should be reviewed periodically, at least once each year. That review should be made to make appropriate changes in the priority of the warrant (e.g., if a more serious warrant or additional warrants have been issued for that person, if he is wanted for special reasons, etc.), to remove non-prosecutable warrants and check the accuracy and completeness of the warrant files.

Non-prosecutable warrants should be returned to the issuing court with an explanation as to why they are considered non-prosecutable. For example, a review of newspaper obituaries and police death reports may reveal that a person with one or more outstanding warrants has deceased. When a local establishment goes out of business, it may be impractical or impossible to prosecute warrants based on such alleged offenses as larceny or bad check passing where the complainant was an officer of the now defunct business. If efforts by police to contact the complainant and the defunct business are unsuccessful, it may be advisable to return the warrant(s) to the issuing court with a brief explanation.

Warrants that cannot be successfully served because of incorrect or inadequate information should be returned to the court with an explanation. However, this should be done only after police have made reasonable efforts to obtain correct or more complete information. For example, some defendants give the police or the court false names and addresses. If the warrant is made out to a false name and/or false address, it cannot be served successfully unless the true identity and whereabouts of the accused is learned. If reasonable efforts to do so fail, the police should return the warrant to the court with a notation explaining why the warrant cannot be served.

Decisions regarding the processing and serving of warrants, such as designating priority, assigning them for service, returning them to the court and similar decisions should, to the extent possible, be made by the Court and/or a police officer familiar with the appropriate legal and law enforcement considerations. Except in special circumstances, civilians should not perform those duties.

All eligible warrants should be entered on the state-wide CJIS computer and on the nation-wide NCIC computer (felony warrants only in NCIC). Each warrant so entered should be specially marked with the reference number for future updating.

80