The Arrest Warrant and Court Order Unit should make every effort to enlist the cooperation of the clerks of courts and other court officials and personnel in maintaining quick and accurate communications regarding new warrants issued, changes in the status of outstanding warrants and all other matters which affect warrants under the control of the Arrest Warrant and Court Order Unit. For example, the clerk of court should have a form to be given by the clerk to persons who have a warrant removed or otherwise cancelled. A copy of that form can be sent to the police department. A second copy can be given to the person named in the warrant.

The advice and assistance of the district attorney's office and the clerk of court's office should also be sought when questions of bail arise regarding an arrest on a given type of warrant. Recall that persons arrested on default warrants, probation warrants and indictment warrants are not normally entitled to bail. See G.L. c. 276, s. 67.

When a warrant is removed or otherwise cancelled by the court, the officer or officers who obtained that warrant or who are assigned to the case involving that warrant should be notified promptly that the warrant is no longer in effect.

The Commander of the Arrest Warrant and Court Order Unit, subject to the approval of the Chief of Police, and after consulting with the appropriate judges and court clerks should develop guidelines for determining additional policies regarding the following :

1. how many attempts at service should be made before terminating such efforts. After that point, additional attempts to serve the warrant should not be made unless the accused is arrested on other matters, taken into custody for some reason or otherwise comes to the attention of the police and a warrant check is made. Warrant service termination standards should reflect the priority (High, Middle or Low) of the warrant ;

2. what specific criteria should be used to prioritize warrants;

3. whether a Warning Letter should be mailed out ;

81

    4. under what circumstances officers should allow the person a certain amount of time in which to have the warrant removed or cancelled.

B. Warrant Service Unit

Where the volume of arrest warrants makes it appropriate, one or more officer should be designated as a Warrant Service Unit and invested with primary responsibility for serving arrest warrants. By designating one or more officers to serve as Warrant Service Unit, warrants can be maintained and served in a more orderly and effective manner. Also, the advantages and disadvantages of various warrant handling and service techniques can be more readily assessed.

The Warrant Service Unit should serve all warrants unless :

1. an individual officer establishes to the satisfaction of the Commander of the Arrest Warrant and Court Order Unit that he may gain valuable information or otherwise contribute to an investigation by attempting to serve the warrant himself. When this exception is allowed, the officer should follow all Arrest Warrant and Court Order Unit procedures, particularly with regard to documenting attempts to serve the warrant and returning the warrant to the Arrest Warrant and Court Order Unit if it cannot be served within an allotted time period ;

2. attempts by Warrant Service Unit officers to serve the warrant have failed and it is advisable that another officer be assigned the warrant for service. This would normally involve serving the warrant at a time or place or in a manner which the schedule of the Warrant Service Unit does not permit. The officer to whom the warrant is assigned for service should follow all Arrest Warrant and Court Order Unit procedures, particularly with regard to documenting attempts to serve the warrant and returning the warrant to the Arrest Warrant and Court Order Unit if it cannot be served within the allotted period of time ;

3. the person named in the warrant is encountered or apprehended by a non-Warrant Service Unit officer and it is unnecessary or impractical to have a

Warrant Service Unit officer make the warrant arrest.

Warrant Service Unit officers should be in plain clothes and used unmarked police vehicles, except as otherwise directed by the Chief of Police or the Commander of the Arrest Warrant and Court Order Unit.

Each day the local courts are in session, the Warrant Service Unit should obtain a complete list of all warrants issued by the courts that day to officers of the department. this list should be utilized to insure that all warrants come to the attention of the Arrest Warrant and Court Order Unit and remain under the control of the Arrest Warrant and Court Order Unit until returned to the court.

The Warrant Service Unit should obtain from the local courts each day a complete list of all warrants removed, cancelled, rescinded or otherwise acted upon in a manner which effects their validity or severability. That information should be delivered immediately to the Arrest Warrant and Court Order Unit to be entered in all appropriate files, printouts, etc.

Every unsuccessful attempt to serve a warrant should be documented by filling out an "Unable to Serve" document to be entered into the computer. That documentation may be necessary to prove that police exercised due diligence in attempting to serve the warrant. See Comm. v. Jones, 360 Mass. 498, 275 N.E.2d 143 (1971).

The original warrant should not leave the Arrest Warrant and Court Order Unit files until it is to be returned to the court. Officers may make an arrest on a warrant on the basis of the information provided in the Arrest Warrant List, on the basis of a photostatic copy of the warrant, on the basis of a radio dispatch or otherwise -- provided they **request and receive a warrant status check before making the arrest.**

The Warrant Service Unit should periodically request from every county jail and every state correctional facility a complete list of names (and aliases) and addresses (past and present) of all inmates at those facilities. An examination of such lists may reveal that a number of persons wanted on outstanding warrants are presently in the custody of county or state incarceration officials.

C.  Serving Arrest Warrants

An arrest warrant may be served anywhere in the Commonwealth. G.L. c. 276, s. 2 and Mass. Rules of Criminal Procedure 6(2).

If the officer cannot locate the accused at the given address, he may leave a written Warning Card under the front or other door, leave it with a competent person who answers the officer's call and who acknowledges that the accused does live there or otherwise leave the Warning Card in a manner which reasonably insures that the accused will get it.

To serve an arrest warrant on private property, police officers should first announce their authority and purpose and wait a reasonable period to be admitted. The purpose of the knock and announce rule are to decrease the potential for violence, to protect privacy rights and to prevent unnecessary damage to homes. See Cundriff and Scalise, discussed below. Once a reasonable time has passed and the officers have not been voluntarily admitted, and there is reasonable belief that the wanted person is on the premises, they may use whatever force is reasonably necessary to gain entrance. Comm. v. Reynolds, 120 Mass. 190 (1876). The least amount of force that will accomplish an entrance should always be used.

If the police officers reasonably believe that announcing their presence and purpose will endanger themselves or others, or will result in the escape of the wanted person or the destruction of evidence. they may dispense with the announcement of authority and purpose. In such cases, they may attempt to deceive the suspect into voluntarily opening the door, or gain entrance by a ruse, if this will result in a safe and successful apprehension with less destruction of property or risk of harm to persons. Comm. v. Cundriff, 382 Mass. 137, 415 N.E.2d 172 (1980).

If, at the time police make application for an arrest warrant, they reasonably believe that dispensing with the knock and announce rule may be necessary, they should so inform the magistrate, give their reasons, and ask that the arrest warrant be marked " No Knock and Announce Warrant." Valid reasons for requesting a no knock and announce warrant would include a reasonable belief that the suspect would escape, or would resist violently if not taken quickly and by surprise or that evidence or contraband would be destroyed if the police have to knock and announce their presence. However, when the police seek to execute the no knock and announce warrant, they must

reappraise the situation at that time. If the reason or circumstances that justified issuance of the no knock and announce warrant is no longer present, then they must follow the normal knock and announce procedure. Comm. v. Scalise, 387 Mass. 413, 439 N.E.2d 818 (1982).

In making an arrest, officers should be aware, and should so inform the arrestee when appropriate, that it is illegal to resist an arrest regardless of whether the arrest is later determined to have been legal of illegal. An arrestee has no right to use force to resist even an illegal arrest (unless the officer making the arrest is using excessive force). Comm. v. Moreira, 14 Mass. App. Ct. 911, 436 N.E.2d 955 (1982).

See departmental policies and procedures "Use of Non-Deadly Force," "Use of Firearms" and "Arrest."

When an officer arrests a person named in an arrest warrant, he must inform the accused of the existence of the arrest warrant and of the offense charged. The officer should show the original warrant, or a photostatic copy of it, to the arrestee; if the officer does not have the original with him, the officer should explain that the arrestee will be shown the original warrant at the police station. This is in keeping with Mass. Rules of Criminal Procedure 6(3). The arresting officer should show the warrant to the arrestee as soon as it is safe to do so. An officer who refuses to answer the arrestee's questions as to the reason for the arrest or who answers falsely or who neglects to exhibit the warrant is subject to statutory penalties. G.L. c. 263, s. 1.

However, the officer need not have the warrant in his possession when he makes the arrest. Comm. v. Walker, 370 Mass. 548, 350 N.E.2d 678 (1976) and Mass. Rules of Criminal Procedure 6(3).

If an officer encounters a person in an unexpected manner and the officer has reasonable grounds to believe that there might be an arrest warrant for that person, the officer may detain that person briefly to make inquiries and to request a warrant check. U.S. v. Hensley, U.S. , 105 S.Ct. 675 (1985).

If initial attempts to serve a warrant are unsuccessful and further attempts at the present time appear fruitless, the warrant may be kept on file. If the accused is encountered or apprehended at a later date, an arrest may be made under the original warrant. See Comm. v. Jones, 360 Mass. 498, 275 N.E.2d 143 (1971) (alias warrant). No time limit is imposed on the validity of an arrest warrant, as there is with respect to search

warrants. In such cases, however, care should be taken to make sure the warrant is still valid when the arrest is made. See Comm. v. Tisserand, 5 Mass. App. 383, 363 N.E.2d 530 (1977) (warrant had been rescinded).

If police are seeking a suspect for an offense, they may use an outstanding arrest warrant for another offense to locate and arrest that person. Once arrested under the warrant, a full search incident to that arrest should be made. Comm. v. Sullivan, 354 Mass. 598, 239 N.E.2d 5 (1968).

If the officer determines that it is appropriate to arrest the accused when located, the officer should follow departmental procedures relating to arrest.

Officers should be aware that an arrest is more likely to be upheld by the courts if the arrest was made pursuant to an arrest warrant. Also, even if it is later determined by a court that sufficient probable cause to arrest was not present or that the arrest warrant suffered from some technical defect or deficiency, if the arrest was made pursuant to a warrant which the officer reasonably believed was valid, the court may not apply the exclusionary rule to any evidence obtained during or as a result of the arrest. Thus, any evidence obtained may be admissible against the arrestee, even though the arrest, itself, is later declared illegal. See U.S. v. Leon, U.S. , 104 S.Ct. 3430 (1984), and Massachusetts v. Sheppard, U.S. , 104 S.Ct. 3430 (1984). (Although both of these cases deal with evidence obtained during execution of defective search warrants, not arrest warrants, the reasoning and results of both cases would seem to be applicable to evidence obtained during execution of a defective arrest warrant as well - - so long as the officer reasonably believed the warrant to be valid.)

After an arrest is made on a warrant, the officer should fill in the appropriate sections of the warrant and otherwise complete his "return" of the warrant.

Generally, a person arrested on an arrest warrant should be returned to the court which issued the warrant. Mass. Rules of Criminal Procedure 6(c) (4).

If an arrest is made pursuant to a warrant outside the county where the warrant was issued, the following procedures must be followed :


86

1. if the arrest is for a felony, he must be returned to the county from which the warrant was issued;

2. if the arrest is for a misdemeanor, arrestee may, at his request, be released by a bail magistrate in the county where the arrest was made. (See M.G.L. c. 276, ss. 29, 31, 32.)

Per order of:

*Dennis R. Mannix*

Dennis R. Mannix
Chief of Police

87