|  | Natick Police Department | Memo Number 91-03 |
|---|---|---|
| | General Order | Rev. October 31, 1997 |
| | **Domestic Violence Response Policy** | |

To:   All Department Members and Personnel
From: Chief Dennis R. Mannix

**1.0   AUTHORITY AND EFFECTIVE DATE**

This policy is established pursuant to Section 25 of Chapter 403 of the Acts of 1990, and shall take effect as of November 1, 1997.

**BACKGROUND.** Among the most difficult and sensitive calls for police assistance are those involving domestic violence. When responding to a domestic disturbance, officers must be both alert and impartial, and must be concerned with the needs of the victims where domestic violence is apparent or alleged. Police are well aware that situations, which appear minor at first glance, can mask a much more serious condition. Therefore, whenever possible, at least two police officers should be assigned to a domestic violence situation, unless immediate intervention is necessary to prevent serious physical harm. This will enhance both the officer and victim safety, as well as the investigation.

**2.0   M.G.L. c.209A, § 6: ABUSE PREVENTION LAW**

**2.1   DEFINITIONS**

  A. For the purposes of this policy, "ABUSE" is defined by M.G.L. c. 209A as the occurrence of one or more of the following acts between family or household members:
  1. attempting to cause or causing physical harm;
  2. placing another in fear of imminent physical harm;
  3. causing another to engage involuntarily in sexual relations by force, threat, or duress

  B. "FAMILY OR HOUSEHOLD MEMBERS" are persons who:
  1. are or were married to one another;
  2. are or were residing together in the same household;
  3. are or were related by blood or marriage
  4. have a child in common regardless of whether they have ever married or lived together; or

5. *are or have been in a substantive dating or engagement relationship (See Section 3.3 "Arrest Guidelines": for a review of officers' responsibilities in these situations.)
*This includes same sex relationships.

## 2.2 CIVIL LIABILITY

According to Chapter 403 of the Acts of 1990: "No law officer shall be held liable in any civil action regarding personal injury or injury to property brought by any party to a domestic violence incident for an arrest based on probable cause when such officer acted reasonably and in good faith and in compliance with this chapter and the statewide policy as established by the Secretary of Public Safety."

## 3.0 PROCEDURES

The provisions of M.G.L. c. 209A impose specific responsibilities upon the police in regard to a domestic abuse situation. All officers are expected to be thoroughly familiar with the contents of this statute (as amended from time to time) and to act with discretion and competence in carrying out its provisions.

## 3.1 RESPONDING TO THE SCENE

A. The high risk of injury associated with domestic violence situations requires that officers immediately proceed to the place of the dispute.
   1. Whenever possible, two officers should be dispatched to the scene.
   2. Officers should request and be provided with the following information, when dispatched to a suspected domestic call:
      a. The existence of any warrants (by a check of LEAPS and the Warrant Management System);
      b. The criminal history of the suspect (B.O.P. check);
      c. The existence of <u>any</u> protective orders against the suspect (B.O.P. check) (Includes orders held by persons other than the victim in this case);
      d. Any other relevant information the department is aware of, especially regarding a history of incidents involving the particular address, or the parties, and the likelihood of firearms being present;
      e. Record of firearms identification cards and/or licenses to carry being issued to resident(s).

B. Keep in mind that the same standard for probable cause applies to domestic violence offenses as for any other crime. (Arrest Guidelines will be discussed in Section 3.3)

C. Upon approach, officers shall make observations of the scene, and listen for sounds of a disturbance.

2    103

D. When investigating a report of domestic violence, officers should be thorough and observe the following guidelines:
   1. Officers may enter private premises at the request of someone in lawful control of the premises, or to enforce the provisions of a protective court order or to take reasonable measures to prevent any further abuse under the authority of M.G.L. c.209A.
   2. Officers may enter private premises where there is probable cause to believe that a felony has been or is being committed, or where there is imminent danger of violence which could result in death or serious physical injury, or where a breach of the peace has been committed in an officer's presence.
   3. Officers must leave if both parties request that they do so, unless there is probable cause to believe that a felony has been committed, or that their continued presence is necessary to prevent physical harm or to carry out the provisions of M.G.L. c. 209A.
   4. "Private premises" includes a house, an apartment, a condominium, a hotel room, a mobile home, a dormitory room or a house trailer.

E. The initial contact by the responding officers should convey a professionally calm and helpful attitude.
   1. The officers shall state their reason for being present.
   2. Officers should strive to be considerate and attentive toward all parties and their problems regardless of an officer's own views or personal reactions toward the matter.
   3. Upon entering, officers shall prevent the physical movement of the parties as much as possible and control their access to any potential weapons.
   4. Officers should be mindful that an abuser who is under the influence of drugs or alcohol, or who suffers from mental illness, may pose a greater risk to the victim's and officer's safety.

F. The responding officers must take immediate control of the situation and should separate the parties to prevent any violent action, and to interview them independently. However, if there are two officers present at the scene, they should remain within view of each other to avoid any subsequent allegations of mistreatment. In attempting to ascertain the facts in the dispute, the officers should allow each party to present his or her story individually, avoiding any unnecessary interruptions or undue interference by the other party. Separating the parties also allows each to relate matters to an officer without being overheard by the other party.

G. In cases of serious injury, the preferred method of transportation is via ambulance. Officers are authorized by M.G.L. c. 209A to transport victims of domestic violence to the emergency room of the nearest hospital. Officers should receive approval from their supervisor prior to transporting victims of domestic abuse in a cruiser, except in an emergency. If the victim is not

seriously injured, or declines transportation, the victim may then seek transportation through his or her own means.

3.2 **INVESTIGATION:** Officers responding to domestic violence calls should ensure thorough investigations:

A. Attempt to identify and interview the party who called the police, neighbors and other potential witnesses. Be mindful of their concerns around retaliation.

B. The officers must ask pertinent questions, and certain fundamentals must be followed. If conditions prohibit the obtaining of this information at the scene, it must be obtained during the follow-up investigation.

1. Obtain information regarding the nature of the relationships, including children.
2. Obtain the phone number of the residence and include said number in the incident report for use by the bail bond person in informing the victim of the abuser's release on bail. Inform the victim that if she or he intends to leave the residence, and wishes to be informed of such release, the victim must inform the police department of a number where the victim can be reached, or where a message of such release can be safely relayed to the victim.
    Note:   If the victim will be seeking to hide from the abuser, **KEEP A SEPARATE RECORD** of the address and phone number.
3. Obtain information about the suspect's ownership of, presence of, or access to firearms, and their location.
4. Ascertain if there is a <u>history</u> of such disputes and whether there are any vacate, restraining, no-contact or other protective orders currently in effect, including those held against the suspect by someone other than this victim.
    a. Document allegations of prior abuse, including expired protective orders.
    b. Seek appropriate criminal action for prior incidents.
5. **DETENTION HEARINGS:** Officers should provide information regarding a defendant's dangerousness to the Prosecutor <u>for use at arraignment</u>. Include information regarding the defendant's criminal history, history of abusing the current victim, and history of abusing other victims.
6. Determine, when possible, who has lawful custody of any minors, and whether court approved visitation rights are being violated.
    a. Keep in mind that the children's safety is paramount. Standard procedures should be followed for ensuring safety, such as D.S.S. notification when appropriate.
    b. The parties may have to resolve visitation and custody issues in Probate Court.
    c. Properly document important information, i.e. spontaneous utterances (direct quotes) by the victim, the suspect, children, and other witnesses.

## 3.3 ARREST GUIDELINES

### A. THE DECISION TO ARREST

1. **The safety of the victim and any involved children shall be paramount in any decision to arrest, and in the timing of the arrest.**
2. As in other types of criminal investigations, uncorroborated statements by a victim can constitute probable cause that the crime occurred.
3. The decision to arrest must be based on whether or not probable cause exists that the crime occurred, not on whether or not the victim wishes to seek complaints or wishes to testify at a future date.
4. Substance Abuse/Mental Health Issues
   a. When assessing credibility in order to establish probable cause, officers should remember that a victim who is under the influence of drugs or alcohol, or who suffers from mental illness, is not an inherently unreliable witness.
   b. An abuser who is under the influence of drugs or alcohol, or who suffers from certain mental illnesses, may pose a greater risk to the safety of the victim and officer.
5. Officers should also remember that it is not unusual for an abuser to display a calm demeanor following a violent assault.

### B. ARREST: MANDATORY OR PREFERRED

1. In the interest of immediacy, and the statutory mandate to arrest, officers shall make a warrantless arrest of any person the officer witnesses or has probable cause to believe has violated an emergency, temporary or permanent vacate, refrain from abuse, stay away or no-contact order or judgment, a suspension and surrender order, or protection order issued by another jurisdiction.
2. When there are no refrain from abuse, vacate, stay-away or no-contact orders or judgments in effect, arrest shall be the preferred response whenever an officer witnesses or has probable cause to believe that a person:
   a. has committed a felony; or
   b. has committed an assault and battery of a family or household member in violation of M.G.L. c. 265, § 13A; or
   c. has committed a misdemeanor involving abuse, as defined in M.G.L. c. 209A.

### C. IF THE SUSPECT HAS FLED THE SCENE

When probable cause to arrest exists, and the suspect has fled the scene:
1. The officer will have the dispatcher advise area patrols, including other jurisdictions where the suspect is believed to be going, in order for those patrols to attempt to locate and arrest the suspect.
2. One department's statements to another that probable cause to arrest exists shall be honored. The second department shall immediately attempt to effect the arrest as requested by the investigating department.

5

106

3. Officers will attempt to make a warrantless arrest when the suspect is not found immediately. However, as soon as is practical, the investigating department shall seek an arrest warrant from the appropriate court, in cases involving abuse as defined under M.G.L. c.209A.
4. When probable cause exists to believe a crime involving abuse occurred, it is not proper procedure to advise the victim to seek complaint applications on his or her own.

### D. DUAL ARRESTS
1. Any officer arresting both parties is required by law to submit a detailed, written report, in addition to an incident report, setting forth the grounds for dual arrest.
2. Dual arrests, like the issuance of mutual restraining orders, are strongly discouraged because they trivialize the seriousness of domestic abuse and increase the danger to victims.
3. Officers should attempt to identify the primary aggressor, and take action based on that determination. In the majority of cases, an effective investigation will reveal the primary aggressor.
4. Officers investigating an incident of domestic violence shall not threaten, suggest, or otherwise indicate the arrest of all parties for the purpose of discouraging requests for law enforcement intervention by any party.

### E. SUBSTANTIVE DATING RELATIONSHIPS
1. Officers will gather information to determine whether or not a substantive dating relationship exists. Officers will examine the same factors which the Courts review when making this determination: the length of time of the relationship; the type of relationship; the frequency of interaction between the parties; and if the relationship has been terminated by either person, the length of time that has elapsed since the termination of the relationship.
2. If the officer determines that a "substantive dating relationship" exists or did exist, then the officer shall take the proper action, including arrest when appropriate, regardless of whether or not the victim seeks a restraining order.
3. Even in cases where there is no substantive dating relationship, a crime, such as Stalking, may have been committed.

### F. ARREST OF A CARETAKER
1. In cases involving abuse of an elder or a person with a disability, officers must address the issue of whether or not the victim can be left alone safely, if the abuser is arrested. If a suspect is the caretaker of a child, the officer needs to determine whether or not the child can be left alone.
2. If the child, elder or person with a disability cannot be left alone, the respective protective agency must be contacted, in order to arrange for the

temporary care of the child, disabled or elder person. Any mandated reports of abuse or neglect will be filed in these instances.

### G. OUT OF STATE ORDERS OR VIOLATIONS
1. Out of state violations of Massachusetts orders may be charged criminally as Contempt, in the jurisdiction which issued the order.
2. A protective order issued in another jurisdiction (as defined in M.G.L. c. 209A, § 1) shall be given full faith and credit in the Commonwealth. Therefore, officers shall make a warrantless arrest of any person the officer witnesses or has probable cause to believe has violated an emergency, temporary or permanent vacate, refrain from abuse, stay away, or no-contact order or judgment issued by another jurisdiction.
3. In assessing probable cause, an officer may presume the validity of the protection order issued by another jurisdiction when the officer has been provided with:
    a. a copy of the order, by any source; and
    b. a statement by the victim that such order remains in effect.

## 3.4. FINGERPRINTING AND PHOTOGRAPHING OF DEFENDANTS
Whenever resources allow, officers shall take fingerprints and photographs of all criminal defendants in domestic violence cases. These records will be forwarded for entry into the A.F.I.S. system. This will greatly improve prosecution of crimes such as Breaking and Entering and Stalking.

## 3.5 SERVICE OF ORDERS
A. Service of orders shall be made in hand unless otherwise ordered by the court. Chapter 209A, § 7 requires that "the law enforcement agency shall promptly make its return of service to the court."
  1. Orders shall be served promptly upon receipt. Service of orders will not be delayed in order to forward service by a specialized officer or unit.
  2. The victim's safety should be considered in the timing of the service of the order. Officers should encourage the victim to contact an advocate (either through the D.A.'s Office, or through the local battered women's program) in order to develop a safety plan around the service of the order.
B. Departments must keep a record of all attempts of service.
C. Return of Service, including service of Emergency Orders <u>must</u> be sent to Court.
D. A plaintiff who brings an order to the department for service should be interviewed to ensure that the department's responsibilities under M.G.L. c. 209A and these Guidelines are met.

## 3.6 PROPERTY:
The relationship of the parties and their property interests complicate domestic violence situations.

7

108