A. When a party to a domestic dispute is accused of removing or attempting to remove property from the dwelling or is accused of damaging or destroying property, the officer should investigate to determine the civil or criminal consequences, and if criminal, take appropriate action (For example: Malicious Destruction of Property.)

B. **VACATE ORDERS AND COURT ORDERS TO RETRIEVE BELONGINGS**
   1. <u>Once a vacate, no contact, stay away or refrain from abuse order is issued, officers should not accompany a defendant to the property for any reason without specific judicial authorization.</u>
   2. A vacate order includes the following requirement:
      The defendant shall not damage any of the plaintiff's belongings or those of another occupant and shall not interfere with any utilities or mail delivery to the plaintiff.
   3. The defendant in the vacate order is allowed to retrieve his or her belongings under the following conditions:
      a. The defendant must have a court order allowing for the retrieval.
      b. The defendant must be accompanied by the police. Officers shall remain with the defendant throughout the process.
      c. The victim must have prior notice by the Department, and must agree to the timing of the retrieval.
      d. The defendant must not be allowed to use this a means of harassing the victim. Officers need to keep in mind that certain behaviors by the defendant, while at the residence, may constitute a violation of the protective order. Repeated visits may also constitute a violation. The purpose of the restraining order is to keep the defendant away from the plaintiff. If the defendant repeatedly returns to collect his or her belongings, it is defeating the purpose of the protective order.
   4. When a court order exists, allowing for a victim to return to the defendant's residence in order to retrieve his or her belongings, the police shall accompany the victim to ensure the order is executed, and that the victim is able to follow the order free from harassment or abuse by the defendant.

### 3.7 ALLEGATIONS AGAINST LAW ENFORCEMENT PERSONNEL

A department policy dealing with allegations of domestic violence against a member of this department will be promulgated. The policy will be comprehensive and address those cases where the department is called to investigate allegations against a Natick Police Officer, as well as those instances in which the suspect is employed by another department. Whenever an officer of this or any police department is a suspect in a domestic violence incident, his or her chief of police will be notified by the shift commander on duty at the time the incident is reported.

## 4.0 POLICE RESPONSIBILITIES

Appropriate and effective police response to domestic violence calls is the best mechanism for enhancing victim safety. It is also the means by which the police departments can minimize departmental liability. It is imperative that departments follow the statutory obligations for action, and implement the guidelines outlined here.

### 4.1 THE OFFICER'S RESPONSIBILITIES

Whenever any officer has reason to believe that a family or household has been abused, or is in danger of being abused, such officer shall use all reasonable means to prevent further abuse. The officer shall take but not be limited to, the following action:

A. REMAIN OF THE SCENE where the abuse occurred or was (or is) in danger of occurring as long as the officer has reason to believe that at least one of the parties involved would be in immediate physical danger without the presence of an officer for a reasonable period to prevent abuse. If the suspect has fled the scene, a reasonable period is the amount of time necessary:
   1. to assess that the suspect has left the scene, and
   2. to carry out the following on-the-scene obligations,

B. Assist the victim in obtaining MEDICAL TREATMENT for injuries resulting from an assault, which may include driving the victim to the emergency room of the nearest hospital, or arranging for appropriate transportation to a health care facility, notwithstanding any law to the contrary.

C. Assist the victim and dependent children in locating and GETTING TO A SAFE PLACE, including but not limited to a designated meeting place for entry into emergency shelter or a family member's or friend's residence (or a similar place of safety). The officer shall consider the victim's preference in this regard and what is reasonable under all the circumstances;

D. Give abuse victims immediate and adequate NOTICE UNDER THEIR RIGHTS by handing them and reading a form detailing their rights (see attached). Where said person's native language is not English, the statement shall be provided in said person's native language whenever possible;

E. Assist the victim by ACTIVATING THE EMERGENCY JUDICIAL RESPONSE SYSTEM when a Judge is not available through Court. This should be done even when the alleged abuser has been arrested;

9

110

NOTE: If a victim is unable to appear in Court, because of severe hardship due to the victim's physical condition, officers can seek an order by contacting the Court. A representative may appear in Court on behalf of the victim to seek an emergency or temporary order. Officers shall advise these victims that a representative may appear on their behalf.

F. ARREST WHEN APPROPRIATE (See "Procedures," Section 3.3 for discussion of Arrest Guidelines.) Decisions to arrest will be based on whether or not probable cause and the authority to arrest exist, not on whether or not the victim agrees to the action, or to testify at a future date;

G. Inform the victim that the abuser will be eligible for BAIL and may be promptly released. (Refer to Investigation Section, 3.2-B.)

H. REFERRALS:
1. PROVIDE information, including phone numbers, about local resources such as the battered women's programs, for emergency shelter and counseling services. Also, officers should know whether the District Attorney's Office or the local battered women's program (or both) administers the victim-witness advocacy program in local court. Provide the advocate's number(s) to the victim.

2. It is advisable that departments have this referral information preprinted, so that it can be distributed along with the Abused Person's Notice of Rights card. Referral information can be typed onto the card, or stapled to it.

I. INCIDENT REPORTS will be filed whether or not an arrest is made. These will be made available to the victim, upon request to the department, at no cost to the victim. (The initial investigation should determine the existence of any history of abuse. This information must be included within the report).

J. MANDATORY REPORTING
1. A report will be filed with the Department of Social Services whenever the police officer has reasonable cause to believe that a child under the age of 18 has been abuse or neglected, in accordance with M.G.L. c. 119, § 51A. During office hours, contact the local D.S.S. office. After hours, call the hotline: 1-800-792-5200.
2. A report will be filed with the Disabled Persons Protection Commission whenever the officer has reasonable cause to believe that a caretaker has abused/neglected a disabled person, between the ages of 18 and 59, in accordance with M.G.L. c. 19C, § 10. Call the hotline: 1-800-426-9009.
3. A report will be filed with the Executive Office of Elder Affairs whenever the officer has reasonable cause to believe that someone age

60 or older has been abuse/neglected, in accordance with M.G.L. c. 19A, , § § 14-26. Call the 24 hour hotline: 1-800-922-2275.

K. **FIREARMS**

When a firearm or other weapon is present at the scene of a domestic violence situation the officers shall:

1. Seize the weapon as evidence of the crime, if the responding officers are informed that a firearm or weapon has been involved in the dispute.
2. a. Request that the firearm or weapon be placed in their custody temporarily;
    b. Search for and take custody of the firearms or weapon if a party who lawfully resides there requests that they do so. A consent search is allowed in all areas except those areas where the suspect has a reasonable expectation of privacy;
    c. Take temporary custody of the firearm or weapon to alleviate the threat of serious violence.
3. Determine whether a firearm is lawfully possessed before returning the same.
4. If the officer determines that the weapon cannot be seized, the following actions can take place:
    a. A judge can order the defendant to surrender guns, a license to carry and an F.I.D. card; and
    b. The chief who issued the license to carry may revoke or suspend such license issued by him or her.
5. In all domestic violence cases, the investigating department shall advise the licensing authority that the subject of the license is suspected of abuse.
6. SUSPENSION AND SURRENDER ORDERS
    a. **Service of Suspension and Surrender Orders**
       Upon issuance of a suspension and surrender order M.G.L. c. 209A Abuse Prevention Orders, police shall immediately take possession of all firearms, rifles, shotguns, machine guns, ammunition, any license to carry firearms and any firearms identification cards in the control, ownership or possession of said defendant.
    b. **Violations of Suspension and Surrender Orders**
       In the interest of immediacy, and the statutory mandate to arrest, officers shall make a warrantless arrest of any person the officer witnesses or has probable cause to believe has violated a suspension and surrender order.
    c. **Seizure and Storage of Firearms**
       Every department within the Commonwealth shall honor another department's request for assistance in seizing the above listed items, regardless of which department is named within

11

112

the order. The department named within the order shall be responsible for the storage of the seized items or the delegation of storage to an authorized facility.

   d. **Orders Against Law Enforcement Officers**
      In cases involving police officers who are defendants in Suspension and Surrender Orders, the defendant <u>must</u> relinquish all firearms, including departmental weapons, to the department serving the order.

7. **Federal Firearms Provisions**

   Although officers cannot enforce the following Federal provisions, the chief should be notified whenever an officer identifies a case involving the following circumstances, because there may be federal action which can be taken.

   a. **Persons Named in Protective Orders**
      Under the Federal Crime Control and Law Enforcement Act of 1994, it is unlawful for an individual subject to a "permanent" restraining order involving "intimate partners" to receive, ship, transport, or possess guns (including handguns, rifles, and shotguns) or ammunition that traveled in interstate commerce.

   b. **Misdemeanors Involving Domestic Violence**
      Under 18 U.S.C. § 922(g)(9), it is unlawful for any person convicted of certain misdemeanor crimes involving domestic violence to ship, transport, possess, sell or otherwise dispose of, or receive firearms or ammunition.

   c. **Federal Felon in Possession of a Firearm**
      Under 18 U.S.C. § 922(g)(1), "Felon in possession of a firearm," it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any gun or ammunition. <u>NOTE:</u> Misdemeanors are excluded from consideration if they are punishable by a term of two years or less. Therefore, misdemeanors which are punishable by a term of imprisonment of more than two years fall within this provision.

**4.2 <u>SUPERVISORS' ROLES</u>**

   A. Supervisors will ensure that the provisions of the statute and these guidelines are met.
      1. Dispatch logs will be reviewed to ensure that an incident report has been filed, even in cases where no arrest was made. Calls which are received as allegations of domestic violence or a domestic disturbance will not be reclassified because no probable cause to arrest existed. Incident reports will be filed in these cases.
      2. Prosecution and subsequent legal action can be greatly aided by documentation and description of physical injuries, photographs of the injuries, and/or noting the presence of children in household, and other information gained through the investigation.

12

113

   3. Incident and arrest reports will be carefully reviewed by a supervisor, or his or her designee within the department who is specially trained to review domestic violence cases, in order to ensure that the provisions of M.G.L. c.209A and these guidelines are met. If upon review of an incident report it is believed that probable cause exists, the supervisor will ensure that criminal charges are initiated according to the statute and these guidelines.
   4. Whenever a department identifies a particular case as posing significant danger, this case should be discussed at roll call.

B. Supervisors will ascertain that appropriate referrals were provided to the victim.

C. Regarding follow-up investigations, supervisors shall:
   1. Determine whether a follow-up investigation is needed. For instance, if the report indicates a history of abuse, it is likely that additional criminal charges should be pursued.
   2. If so, the supervisor shall ensure that the investigation is conducted.
   3. Upon review of the follow-up investigation, the supervisor will ensure that additional charges are initiated whenever appropriate.

13

114

## ABUSED PERSON'S NOTICE OF RIGHTS

Directions to Police Officer:

> Give a victim of domestic violence immediate and adequate notice of his or her rights. The notice shall consist of handing said person a copy of the statement which follows below and reading the same to the victim. Where the victim's native language is not English, the statement shall be then provided in the victim's native language whenever possible.

"You have the right to appear at the Superior, Probate and Family District or Boston Municipal Court, if you reside within the appropriate jurisdiction, and file a complaint requesting any of the following applicable orders: (a) an order restraining your attacker from abusing you; (b) an order directing your attacker to leave your household, building or workplace; (c) an order awarding you custody of a minor child; (d) an order directing your attacker to pay support for you or any minor child in your custody, if the attacker has a legal obligation of support; and (e) an order directing your attacker to pay you for losses suffered as a result of abuse, including medical and moving expenses, loss of earnings or support, costs for restoring utilities and replacing locks, reasonable attorneys' fees and other out-of-pocket losses for injuries and property damage sustained."

"For an emergency on weekends, holidays, or week nights the police will refer you to a justice of the Superior, Probate and Family, District or Boston Municipal Court Departments."

"You have the right to go to the appropriate District Court or the Boston Municipal Court and seek a criminal complaint for threats, assault and battery, assault with a deadly weapon, assault with intent to kill or other related offenses."

"If you are in need of medical treatment, you have the right to request that an officer present drive you to the nearest hospital or otherwise assist you in obtaining medical treatment."

"If you believe that police protection is needed for your physical safety, you have the right to request that the officer present remain at the scene until you and your children can leave or until your safety is otherwise ensured. You may also request that the officer assist you in locating and taking you to a safe place, including but not limited to designated meeting place for a shelter or a family member's or a friend's residence, or a similar place of safety."

"You may request a copy of the police incident report at no cost from the police department."

Per Order-

*[signature]*

Dennis R. Mannix
Chief of Police

14

/15