

# *The Commonwealth of Massachusetts*
# *Executive Office of Public Safety*

## *One Ashburton Place*
## *Boston, Massachusetts 02108*
### *(617)727~7775  Fax (617)727-4764*
#### *www.state.ma.us/eops*

JANE SWIFT
GOVERNOR

JAMES P. JAJUGA
SECRETARY

TEL: (617) 727-7775
TTY Tel: (617) 727-6618

January 2002

To the Criminal Justice Community:

    I am pleased to provide you with this recently revised **Massachusetts Policy for Law Enforcement Response to Domestic Violence.**  The guidelines were first authorized and promulgated in 1991 under the provisions of Chapter 403 of the Acts of 1990, *An Act Relative to the Protection of Abused Persons*.

    These original guidelines were revised in 1997 and again this year.  The Executive Office of Public Safety formulated these newest revisions with considerable input and support from the Uniform Enforcement Subcommittee of the Governor's Commission on Domestic Violence.

    We in Massachusetts can all be proud of our law enforcement professionals who have worked diligently over the past decade to protect victims of domestic abuse and their children.  It is my hope that the **Massachusetts Policy for Law Enforcement Response to Domestic Violence** will enhance officer safety while continuing to provide the best possible services to victims and their children.

    As a State Senator for over ten years, I made domestic violence prevention one of my top priorities. Now, as Secretary of Public Safety, I will work with Governor Jane Swift to ensure that it remains at the top of our public safety agenda.  Thank you for your continued commitment to this crucial issue.

Sincerely,

**JAMES P. JAJUGA**
Secretary of Public Safety

## *The Commonwealth of Massachusetts*

# Table of Contents

ACKNOWLEDGEMENTS _____ 4

1.0  AUTHORITY AND EFFECTIVE DATE _____ 5

2.0  M.G.L. c. 209A: ABUSE PREVENTION LAW _____ 5

2.1  DEFINITIONS _____ 5
  A.  Abuse_____ 5
  B.  Family or household members_____ 5

2.2  CIVIL LIABILITY _____ 6

3.0  PROCEDURES _____ 6

3.1  RESPONDING TO THE SCENE_____ 6
  A.  Dispatch and Immediate Response_____ 6
  B.  Probable cause standard _____ 6
  C.  Initial observations _____ 6
  D.  Entering a private premises _____ 6
  E.  Officer's demeanor _____ 7
  F.  Officers' roles at the scene_____ 7
  G.  If there is serious injury _____ 7

3.2  INVESTIGATION_____ 8
  A.  Interviewing witnesses _____ 8
  B.  Information from the scene _____ 8
  C.  Information documentation _____ 9

3.3  ARREST GUIDELINES _____ 9
  A.  The decision to arrest _____ 9
  B.  Arrest: mandatory or preferred _____ 9
  C.  If the suspect has fled the scene _____ 10
  D.  Dual arrests_____ 10
  E.  Substantive dating relationships _____ 10
  F.  Arrest of a caretaker _____ 11
  G.  Out of state orders or violations _____ 11

3.4  FINGERPRINTING AND PHOTOGRAPHING OF DEFENDANTS _____ 11

3.5  SERVICE OF ORDERS_____ 11
  A.  In-hand service_____ 11
  B.  Record of Service_____ 12
  C.  Return of Service _____ 12
  D.  Plaintiff bringing orders to the department _____ 12
  E.  Firearms _____ 12

3.6  PROPERTY _____ 12
  A.  Removing or destroying property _____ 12
  B.  Vacate orders and court orders to retrieve belongings _____ 12

3.7  ALLEGATIONS AGAINST LAW ENFORCEMENT PERSONNEL_____ 13
  A.  Departmental policies _____ 13

## The Commonwealth of Massachusetts

**3.8    CONFIDENTIALITY OF DOMESTIC VIOLENCE PROGRAMS LOCATIONS** _____ **14**

**4.0    POLICE RESPONSIBILITIES** _____ **14**

**4.1    THE OFFICER'S RESPONSIBILITIES** _____ **14**
   **A.    Remain on the scene** _____ 14
   **B.    Medical treatment** _____ 15
   **C.    Getting to a safe place** _____ 15
   **D.    Notice of rights** _____ 15
   **E.    Activating the Emergency Judicial Response System (EJR)** _____ 15
   **F.    Arrest when appropriate** _____ 15
   **G.    Bail** _____ 15
   **H.    Referrals** _____ 16
   **I.    Incident Reports** _____ 16
   **J.    Mandatory reporting** _____ 16
   **K.    Firearms** _____ 16

**4.2    THE ROLE OF THE SUPERVISOR** _____ **18**
   **A.    Assurances for practice** _____ 18
   **B.    Referrals** _____ 18
   **C.    Follow-up investigations** _____ 18

## Attachments _____ 20

Abused Person's Notice of Rights _____ 21
An Act Relative to the Crime of Criminal Harassment _____ 22
Stalking; punishment _____ 23
Stalking; jurisdiction _____ 25

*The Commonwealth of Massachusetts*

### ACKNOWLEDGEMENTS

The following people contributed significantly to the revision of these *Guidelines:*

The Office of the General Counsel at the Executive Office of Public Safety;

Marjorie Browne Dillon from the Executive Office of Public Safety Programs Division;

Members of the Uniform Enforcement Sub-Committee of the Governor's Commission on Domestic Violence:

> David Adams, Ralph Calderaro, Chris Durkin, Lois Frankel, Patricia Gould, Marilee Kenney Hunt, Co-chair, Ann Meagher, Nikki Paratore, Ted Piers, Mitch Rothenberg, Marian Ryan, Co-chair, and Nancy Scannell.

*The Commonwealth of Massachusetts*

# Policy for Law Enforcement Response to Domestic Violence

## 1.0    AUTHORITY AND EFFECTIVE DATE

This policy is established pursuant to Section 14 of Chapter 403 of the Acts of 1990, and shall take effect as of ***February 15, 2002***.  Pursuant to Section 15 of Chapter 403 of the Acts of 1990, law enforcement agencies shall adopt this policy or establish and implement specific operational guidelines consistent with the provisions of this policy.

Among the most difficult and sensitive calls for police assistance are those involving domestic violence.  When responding to a domestic disturbance, officers must be both alert and impartial, and must be concerned with the needs of victims where domestic violence is apparent or alleged.  Police are well aware that situations, which appear minor at first glance, can mask a much more serious condition.  Therefore, whenever possible, at least two police officers should be assigned to a domestic violence situation, unless immediate intervention is necessary to prevent serious physical harm. This will enhance officer and victim safety, as well as the investigation.

Appropriate and effective police response to domestic violence calls is the best mechanism for enhancing victim safety.  It is also the means by which police departments can minimize departmental liability.  It is, therefore, imperative that police officers receive appropriate training in the handling of domestic violence complaints and departments implement the guidelines outlined here. It is also imperative that departments follow the statutory obligations for action, and implement these guidelines.

## 2.0    M.G.L. c. 209A: ABUSE PREVENTION LAW

### 2.1    DEFINITIONS
**A.    Abuse**

For the purposes of this policy, "ABUSE" is defined by M.G.L. c. 209A, § 1 as the occurrence of one or more of the following acts between family or household members:
1.    Attempting to cause or causing physical harm;
2.    Placing another in fear of imminent serious physical harm; or
3.    Causing another to engage involuntarily in sexual relations by force, threat or duress.

**B.    Family or household members**
1.    Persons who are or were married to one another;
2.    Persons who are or were residing together in the same household;
3.    Persons who are or were related by blood or marriage;
4.    Persons who have a child in common regardless of whether they have ever married or lived together; or
5.    Persons who are or have been in a substantive dating or engagement relationship*.


*Includes same sex relationships.

## The Commonwealth of Massachusetts

**2.2    CIVIL LIABILITY**
According to M.G.L. c. 209A, § 6:  "No law officer shall be held liable in any civil action regarding personal injury or injury to property brought by any party to a domestic violence incident for an arrest based on probable cause when such officer acted reasonably and in good faith and in compliance with this chapter and the statewide policy as established by the Secretary of Public Safety."

**3.0    PROCEDURES**
The provisions of M.G.L. c. 209A impose specific responsibilities upon the police in regard to a domestic abuse situation.  All officers are expected to be thoroughly familiar with the contents of that statute (as amended from time to time) and to act with appropriate discretion and competence in carrying out its provisions.

**3.1    RESPONDING TO THE SCENE**
   **A.    Dispatch and Immediate Response**
      The high risk of injury associated with domestic violence situations requires that officers immediately proceed to the place of the dispute.
      1.    Whenever possible, two officers should be dispatched to the scene.
      2.    Officers should request and be provided with the following information, when dispatched to a suspected domestic call:
         a.    The existence of any warrants (by a check of CJIS and the Warrant Management System);
         b.    The criminal history of the suspect --with a Board of Probation (B.O.P.) check;
         c.    The existence of <u>any</u> protective orders against the suspect (B.O.P. check) (Include orders held by persons other than the victim in this case);
         d.    Any other relevant information the department is aware of, especially regarding a history of incidents involving the particular address, or the parties, and the likelihood of firearms being present; and
         e.    Record of firearms identification cards and/or licenses to carry having been issued to resident(s).

   **B.    Probable cause standard**
      Police officers should keep in mind that the same standard for probable cause applies to domestic violence offenses as for any other crime.  (*See* Arrest Guidelines, Section 3.3)

   **C.    Initial observations**
      Upon approach, officers shall make observations of the scene, and listen for sounds or evidence of a disturbance.

   **D.    Entering a private premises**
      When investigating a report of domestic violence, officers should be thorough and observe the following guidelines:
      1.    Officers may enter private premises without a warrant in the following circumstances:
         a. At the request of someone in lawful control of the premises;
         b. Where there is imminent danger of violence that could result in death or serious physical injury;

## The Commonwealth of Massachusetts

      c.  Where a breach of the peace has been committed in an officer's presence;

      d.  When a police officer has probable cause to believe a felony has occurred and is in fresh pursuit of the fleeing felon.

2.   "Private premises" shall include but not be limited to, a house, an apartment, a condominium, a hotel room, a mobile home, a dormitory room or a house trailer.

3.   Officers shall remain on the scene where the abuse occurred or was in danger of occurring as long as the officer has reason to believe that at least one of the parties involved would be in immediate physical danger without the presence of the officer.

**E.   Officer's demeanor**

The initial contact by the responding officers should convey a professionally calm and helpful attitude.

1.   The officers shall state their reason for being present.

      a.  Do not neglect to include children when explaining an officer's presence particularly if an arrest is being made.

2.   Officers should strive to be considerate and attentive toward all parties and their problems regardless of an officer's own views or personal reactions toward the matter or parties involved.

3.   Upon entering, officers shall prevent the physical movement of the parties as much as possible and control their access to any potential weapons.

4.   Officers should be mindful that persons who are under the influence of drugs or alcohol, or who suffer from mental illness, might pose a safety risk to themselves or others at the scene.

**F.   Officers' roles at the scene**

The responding officers must take immediate control of the situation and should separate the parties to prevent any violent action, and to interview them independently. However, if there are two officers present at the scene, they should, if practical, remain within view of each other to enhance officer safety and to avoid any subsequent allegations of mistreatment. In attempting to ascertain the facts in the dispute, the officers should allow each party to present his or her story individually, avoiding any unnecessary interruptions by the other party. Separating the parties also allows each to relate matters to an officer without being overheard, influenced or intimidated by the other party. Officers should determine whether interpretative language services are needed and should seek out such services where available.

**G.   If there is serious injury**

In cases of serious injury, the preferred method of transportation is via ambulance. Officers are authorized by M.G.L. c. 209A, § 6 to transport victims of domestic violence to the emergency room of the nearest hospital, or to arrange for appropriate transportation to a health care facility. Officers should receive approval from their supervisor prior to transporting a victim of domestic abuse in a cruiser, except in an emergency. If the victim is not seriously injured, or declines transportation, the victim may then seek transportation through his or her own means.

*The Commonwealth of Massachusetts*

**3.2    INVESTIGATION**
Officers responding to domestic violence calls should ensure thorough investigations:

**A.    Interviewing witnesses**
Attempt to identify and interview the party who called the police, neighbors, and other potential witnesses.  Be mindful of their concerns regarding retaliation.

**B.    Information from the scene**
Attempt to obtain the following at the scene.  If that is not possible, obtain the following information during the follow-up investigation.
1.    Determine the relationships of all parties, including children, at the scene.  If children are not immediately observed, ask if there are children present in the household.  If children are present, record their names and dates of birth.
2.    Obtain the phone number of the victim's residence and include that number in the incident report so the bail bondsperson or court personnel may inform the victim of the abuser's release on bail.  Inform the victim that if she or he intends to leave the residence, and wishes to be informed of the abuser's release, he or she must inform the police department of a number where he or she may be reached, or where a message may be left safely.

**NOTE:**    If the victim will be seeking to hide from the abuser, **KEEP A SEPARATE RECORD** of the address and phone number.

3.    Obtain information about the suspect's ownership of, presence of, or access to firearms, and their location.
4.    Officers should provide information regarding a defendant's dangerousness to the Prosecutor for use at arraignment.  Therefore, gather information regarding the defendant's:
    •    Criminal history,
    •    History of abusing the current victim,
    •    History of abusing other victims,
    •    Possession of weapons,
    •    Use of weapons in prior abuse of the victim,
    •    Past threats against or abuse of pets;
    •    Past attempts or threats to kill,
    •    Past attempts or threats to commit suicide.
5.    Ascertain if there is a history of such disputes and whether there are any vacate, restraining, no-contact or other protective orders currently in effect, including those held against the suspect by someone other than this victim.
    a.    Document allegations of prior abuse, including expired protective orders.
    b.    Document past use of weapons in prior domestic abuse incidents.
    c.    Seek appropriate criminal action for prior incidents.
6.    Determine, when possible, who has lawful custody of any minors, and whether court approved visitation rights are being violated.
    a.    Keep in mind that the child's safety is paramount.  Standard procedures such as D.S.S. notification, when appropriate, should be followed for ensuring safety.

## The Commonwealth of Massachusetts

- Officers should file 51A child abuse reports against only the person abusing or neglecting the child.
- If an officer intends to file a 51A child abuse report, he or she should tell the victim.

b.   Be mindful of the implication of using children as translators.

c.   The parties should be advised to resolve visitation and custody issues through the Probate and Family Court.

**C.    Information documentation**

Properly document important information, i.e., spontaneous utterances (direct quotes) by the victim, the suspect, children, and other witnesses.  In collecting evidence of domestic abuse, law enforcement officers are strongly encouraged to use photographs to document injuries sustained by the victim and the condition of the crime scene.  Contemporaneous records of injuries and crime scene condition are critical to the prosecution of alleged abusers.

1.   When documenting the scene photographically, officers are reminded to take both close-up and full scene pictures.

### 3.3    ARREST GUIDELINES

**A.    The decision to arrest**

1.   **The safety of the victim and any involved children shall be paramount** in any decision to arrest, and in the timing of the arrest.

2.   As in other types of criminal investigations, uncorroborated statements by a victim can constitute probable cause that the crime occurred.

3.   The decision to arrest must be based on whether probable cause exists that the crime occurred, **not** on whether the victim wishes to seek complaints or wishes to testify at a future date.

4.   Substance Abuse / Mental Health Issues:

a.   When assessing credibility in order to establish probable cause, officers should remember that a victim who is under the influence of drugs or alcohol, or who suffers from mental illness, **is not** an inherently unreliable witness.

b.   An abuser who is under the influence of drugs or alcohol, or who suffers from certain mental illnesses, may pose a greater risk to the safety of the victim, the officer, the child and him or herself.

5.   Officers should also remember that it is not unusual for an abuser to display a calm demeanor following a violent assault.

**B.    Arrest: mandatory or preferred**

An officer's authority or mandate to arrest is set forth in M.G.L. c. 209A, § 6 (7).

1.   In the interest of immediacy, and the statutory mandate to arrest, officers shall make a warrantless arrest of any person the officer witnesses or has probable cause to believe has violated an emergency, temporary or permanent vacate, refrain from abuse, stay away or no-contact order or judgment, a suspension and surrender order, or protection order issued by **any** jurisdiction.

2.   When there are no refrain from abuse, vacate, stay-away or no-contact orders or judgments in effect, arrest shall be the preferred response whenever an officer witnesses or has probable cause to believe that a person:

## The Commonwealth of Massachusetts

a.   Has committed a felony; or

b.   Has committed an assault and battery of a family or household member in violation of M.G.L. c. 265, § 13A;

c.   Has committed a misdemeanor involving abuse, as defined in M.G.L. c. 209A; or

d.   Has committed an assault and battery or permits another to commit an assault and battery upon an elder or a person with a disability in violation of M.G.L. c. 265, § 13K.

**C.    If the suspect has fled the scene**

When probable cause to arrest exists, and the suspect has fled the scene:

1.    The officer will have the dispatcher advise area patrols, including other jurisdictions where the suspect is believed to be going, in order for those patrols to attempt to locate and arrest the suspect.

2.    One department's statement that probable cause to arrest exists shall be honored by another department.  The second department shall immediately attempt to affect the arrest as requested by the investigating department.

3.    Officers will attempt to make a warrantless arrest within a reasonable period of time.  However, as soon as is practical, the investigating department shall seek an <u>arrest warrant</u> from the appropriate court, in cases involving abuse as defined under M.G.L. c. 209A.

4.    When probable cause exists to believe a crime involving abuse occurred, it is **not** proper procedure to advise the victim to seek complaint applications on his or her own.

**D.    Dual arrests**

1.    Dual arrests, like the issuance of mutual restraining orders, are strongly discouraged because they trivialize the seriousness of domestic abuse and increase the danger to victims.

2.    Officers should attempt to identify the dominant aggressor, and take action based on that determination.  In the majority of cases, an effective investigation will reveal the dominant aggressor.

a.  Officers should be aware of the difference between offensive and self-defensive injuries.

3.    Any officer arresting both parties is required by law to submit a separate detailed, written report, in addition to an incident report, setting forth the grounds for dual arrest.

4.    Officers investigating an incident of domestic violence shall not threaten, suggest, or otherwise indicate the arrest of all parties for the purpose of discouraging requests for law enforcement intervention by any party.

**E.    Substantive dating relationships**

1.    Officers will gather information to determine whether or not a substantive dating relationship exists.  Officers will examine the same factors which the courts review when making this determination:

•    the length of time of the relationship;

•    the type of relationship;

•    the frequency of interaction between the parties; and

•    If the relationship has been terminated by either person, the length of time that has elapsed since the termination of the relationship.

*The Commonwealth of Massachusetts*

2.    If the officer determines that a "substantive dating relationship" exists or did exist, then the officer shall take the proper action, including arrest when appropriate, regardless of whether the victim seeks a restraining order.

3.    Even in cases where there is no substantive dating relationship, a crime, such as stalking or criminal harassment, may have been committed.

**F.    Arrest of a caretaker**

1.    In cases involving abuse of a child, an elder or a person with a disability, officers must address the issue of whether or not the victim can be left alone safely, if the abuser is arrested.

2.    If the child, the elder or the person with a disability cannot be left alone, the appropriate protective agency must be contacted, in order to arrange for temporary care.

a.    Mandated reports of abuse or neglect of a child shall be filed with the Department of Social Services (DSS). M.G.L. c. 119, §51A. 1-800-792-5200

b.    Mandated reports of abuse or neglect of a disabled person shall be filed with the Disabled Persons Protection Commission (DPPC). M.G.L. c. 19C, § 10. 1-800-426-9009

c.    Mandated reports of abuse or neglect of an elder shall be filed with the Department of Elder Affairs. M.G.L. c. 19A, § 15. 1-800-922-2275

**G.    Out of state orders or violations**

1.    Violations of out of state orders or Massachusetts orders violated in another state may be charged criminally as contempt, in the Commonwealth of Massachusetts.

2.    A protective order issued in another jurisdiction (as defined in M.G.L. c. 209A, § 1) shall be given full faith and credit in the Commonwealth. Therefore, officers shall make a warrantless arrest of any person the officer witnesses or has probable cause to believe has violated an emergency, temporary or permanent vacate, refrain from abuse, stay away, or no-contact order or judgment issued by another jurisdiction.

3.    In assessing probable cause, an officer may presume the validity of the protection order issued by another jurisdiction when the officer has been provided with:

a.    A copy of the order, by any source; and

b.    A statement by the victim that such order remains in effect.

**3.4    FINGERPRINTING AND PHOTOGRAPHING OF DEFENDANTS**

Whenever resources allow, officers shall take fingerprints and photographs of all criminal defendants in domestic violence cases. These records should be forwarded to the State Police for entry into the Automated Fingerprint Identification System (A.F.I.S.) system. This will greatly improve prosecution of crimes such as breaking and entering and stalking. When any defendant is arrested and charged with a felony, copies of fingerprints shall be forwarded to the colonel of state police. M.G.L. c. 263, § 1A.

**3.5    SERVICE OF ORDERS**

**A.    In-hand service**

Service of orders shall be made in hand unless otherwise ordered by the court.

*The Commonwealth of Massachusetts*

Chapter 209A, §7 requires that "the law enforcement agency shall promptly make its return of service to the court."

1.  Orders shall be served promptly upon receipt.  If service is initially unsuccessful, the department must continue to attempt service until it is completed.  Service of orders will not be delayed in order to forward service by a specialized officer or unit.
2.  The victim's safety should be considered in the timing of the service of the order.  Officers should encourage the victim to contact an advocate (either through the D.A.'s Office, SAFEPLAN or the local battered women's program) in order to develop a safety plan around the service of the order.

**B.   Record of Service**
Departments must keep a record of all attempts at service.

**C.   Return of Service**
All returns of service including service of Emergency Orders <u>must</u> be sent to the court.

**D.   Plaintiff bringing orders to the department**
When a plaintiff brings an order to the department for service, officers should ensure that the department's responsibilities under M.G.L. c. 209A and these guidelines are met.

**E.   Firearms**
Upon service of the order, police shall immediately take possession of all firearms, rifles, shotguns, machine guns, ammunition, licenses to carry and firearms identification cards in the control, ownership, or possession of the defendant. Such weapons and permits may not be returned until the Abuse Prevention Order has been completely vacated or the firearms provision has been modified by order of the court.  M.G.L. c. 140, §§ 129B, 131.

**3.6   PROPERTY**
The relationship of the parties and their property interests complicate domestic violence situations.

**A.   Removing or destroying property**
When a party to a domestic dispute is accused of removing or attempting to remove property from the dwelling or is accused of damaging or destroying property, the officer should investigate to determine the civil or criminal consequences, and if criminal, take appropriate action (For example: malicious destruction of property.)

**B.   Vacate orders and court orders to retrieve belongings**
1.  Once a vacate, no contact, stay away or refrain from abuse order is issued, officers should not accompany a defendant to the property for any reason without specific judicial authorization.
2.  A vacate order includes the following requirement:
The defendant shall not damage any of the plaintiff's belongings or those of another occupant and shall not interfere with any utilities or mail delivery to the plaintiff.

## The Commonwealth of Massachusetts

3. The defendant in the vacate order is allowed to retrieve his or her belongings under the following conditions:
   a. The defendant must have a court order allowing for the retrieval.
   b. The police must accompany the defendant.  Officers shall remain with the defendant throughout the process.
   c. The victim must have prior notice by the department, and must agree to the timing of the retrieval.
   d. The defendant must not be allowed to use this as a means of harassing the victim.

**NOTE:** Officers need to keep in mind that certain behaviors by the defendant, while at the residence, may constitute a violation of the protective order.  Repeated visits may also constitute a violation.  The purpose of the restraining order is to keep the defendant away from the plaintiff.  If the defendant repeatedly returns to collect his or her belongings, it is defeating the purpose of the protective order.

4. When a court order exists allowing for a victim to return to the defendant's residence in order to retrieve his or her belongings, the police shall accompany the victim to ensure the order is executed, and that the victim is able to follow the order free from harassment or abuse by the defendant.

## 3.7   ALLEGATIONS AGAINST LAW ENFORCEMENT PERSONNEL
### A.   Departmental policies

Departments need clear policies to deal appropriately with situations in which allegations of domestic violence are made against an officer.  Comprehensive policies need to address those cases in which the department is called to investigate allegations against its own officers, as well as those instances in which the suspect is employed by another department.

1. In addition to a police officer's general responsibilities in responding to a domestic violence incident, department policies should specifically address incidents involving armed law enforcement personnel.  These policies should require that:
   a. The dispatcher has a standing directive to document a call or report of domestic violence involving a police officer and immediately notify both the on-duty patrol supervisor and the chief of police.  This directive ensures that key command personnel receive the information and prevents the call from being handled informally.
   b. A superior officer responds to the scene.
   c. If the accused officer is the chief/ director/ superintendent of the department, a specific protocol must be in place to document and report the incident to the individual who has direct oversight for the chief/ director/ superintendent position.
   d. Provision is made for the surrender of all firearms if warranted (both privately owned and government issued).
   e. Provision is made for formal notification to the agency that employs the officer if different from the responding agency, and
   f. Provision is made for a mandatory written report.  An alleged abuser's status as a police officer should never alter a responding officer's responsibilities to enforce the provisions of M.G.L. c. 209A.

2. Department policies should specifically provide a procedure for the reporting and investigation of 209A orders against a member within its own

*The Commonwealth of Massachusetts*

department. Policies should include a requirement that an individual member of the department immediately notify his or her supervisor if a restraining order is issued against him or her.

3.    Firearms

    a.  All department-issued firearms and privately owned weapons should be surrendered pursuant to the terms of the order, relevant provisions of the law, or at the discretion of the chief.

    b.  No officer should be returned to full duty with a firearm until the circumstances of the 209A order have been fully investigated.

    c.  Department policies should preclude officers from carrying firearms for the duration of the abuse prevention order.  However, in the following circumstances, the policy may allow an officer to carry a department issued firearm:

- if the officer is not otherwise precluded by law from possessing a firearm while subject to a restraining order, and
- the chief determines that the officer is fit to carry a weapon, and
- the department determines that a policy precluding the return of a departmental weapon is not feasible in its community.

**NOTE:**    If the policy allows an officer to carry a department issued firearm, the policy shall require that officers sign their weapons out and check their weapons in with a supervisor at the beginning and end of their shifts or assignments. Under no circumstances should a policy allow an officer subject to an abuse prevention order to carry a weapon when he or she is off duty nor should a policy allow such an officer to take a weapon to his or her residence.

## 3.8    CONFIDENTIALITY OF DOMESTIC VIOLENCE PROGRAMS LOCATIONS

The location and street address of all domestic violence programs are absolutely confidential and shall not be revealed in any criminal or civil proceeding. See M.G.L. c. 233, § 20L.  For the purposes of this provision, a domestic violence program is defined as any refuge, shelter, office, safe home, institution, or center established for the purpose of offering assistance to victims of abuse through crisis intervention, medical, legal or support counseling.  See M.G.L. c. 233, § 20K.  Under no circumstances should a law enforcement officer release information to the public or otherwise regarding the location of a domestic violence program.

## 4.0    POLICE RESPONSIBILITIES

## 4.1    THE OFFICER'S RESPONSIBILITIES

Whenever any officer has reason to believe that a family or household member has been abused, or is in danger of being abused, such officer shall use all reasonable means to prevent further abuse.  The officer shall take but not be limited to, the following action:

### A.    Remain on the scene

As long as the officer has reason to believe that at least one of the parties involved would be in immediate physical danger without the presence of an officer, that officer should remain at the scene where the abuse occurred or was (or is) in danger of occurring for a reasonable period of time to prevent abuse.  If the suspect has fled the scene, a reasonable period is the amount of time necessary:

1. To assess that the suspect has left the scene, and
2. To carry out the responsibilities outlined in B., C., D., E., H., and K.

**B.   Medical treatment**
Assist in obtaining medical treatment for injuries resulting from an assault, which may include driving the victim to the emergency room of the nearest hospital, or arranging for appropriate transportation to a health care facility, notwithstanding any law to the contrary.

**C.   Getting to a safe place**
Assist the victim and dependent children in locating and getting to a safe place, including but not limited to a designated meeting place for entry into emergency shelter or a family member's or friend's residence (or a similar place of safety). The officer shall consider the victim's preference in this regard and what is reasonable under all the circumstances.

**D.   Notice of rights**
Give abuse victims immediate and adequate notice of rights by handing to them and reading a form stating their rights (see attached).  Where said person's native language is not English, the statement shall be provided in said person's native language whenever possible.
1. Confidentiality of Abuse Prevention Order Provisions: a plaintiff's residential address and workplace address shall appear on the court order and be accessible to the defendant <u>unless the plaintiff specifically requests that this information be withheld from the order</u>.  See M.G.L. c. 209A, § 8, as amended by Section 24 of Chapter 236 of the Acts of 2000.  Police officers helping to issue emergency abuse prevention orders must be cognizant of victims' confidentiality rights and requests.

**E.   Activating the Emergency Judicial Response System (EJR)**
Assist the victim by activating the Emergency Judicial Response System when a Judge is not available through court.  This should be done even when the alleged abuser has been arrested.

**NOTE:**    If a victim is unable to appear in court because of severe hardship due to the victim's physical condition, officers can seek an order by contacting the court.  A representative may appear in court on behalf of the victim to seek an emergency or temporary order.  Officers shall advise these victims that a representative may appear on their behalf.

**F.   Arrest when appropriate**
(See "Procedures," Section 3.3 for discussion of Arrest Guidelines.)  Decisions to arrest will be based on whether or not probable cause and the authority to arrest exist, not on whether or not the victim agrees to the action, or to testify at a future date.

**G.   Bail**
Inform the victim that the abuser will be eligible for bail and may be promptly released.  (Refer to Investigation Section, 3.2 - B.)

*The Commonwealth of Massachusetts*

**H.    Referrals**

1.    Provide information, including phone numbers, about local resources such as the battered women's programs, for emergency shelter and counseling services.  Also, officers should know whether it is the District Attorney's Office or the local battered women's program (or both) that administer the advocacy program to assist domestic violence victims in the local court. Provide the advocate's number(s) to the victim.

2.    It is advisable that departments have referral information preprinted, so that it can be distributed along with the Abused Person's Notice of Rights card. Referral information can be typed onto the card, or stapled to it.

**I.    Incident Reports**

Incident reports will be filed whether or not an arrest is made.  They will be made available to the victim at no cost, upon his or her request to the department. (Since the initial investigation should determine the existence of any history of abuse, that information must be included within the report.).

1.    Prosecution and subsequent legal action can be greatly aided by documentation and description of physical injuries, photographs of the injuries, and/or noting the presence of children in household, and other information gained through the investigation.

2.    Police departments shall ensure the confidentiality of domestic violence records including information regarding the identity of a victim or children and any medical information or statement by witnesses.  Victims of domestic violence have a strong privacy interest in this type of information whether contained in the initial incident report or supplemental reports.  With the exception of the complete report's release to the victim, reports should be reviewed and redacted accordingly in response to other requests.

3.    All police departments that require an investigating officer to complete a report concerning an incident, offense, alleged offense, or arrest on a form provided by the department, shall include on said form a space to indicate whether such offense, alleged offense or arrest involved abuse as defined in M.G.L. c. 209A.  See M.G.L. c. 41, § 98G and M.G.L. c. 22C, § 49.

**J.    Mandatory reporting**

1.    A report will be filed with the Department of Social Services whenever the police officer has reasonable cause to believe that a child under the age of 18 has been abused or neglected, in accordance with M.G.L. c. 119, § 51A. During office hours, contact the local D.S.S. office.  After hours, call the hotline: 1-800-792-5200.

2.    A report will be filed with the Disabled Persons Protection Commission whenever the officer has reasonable cause to believe that a caretaker has abused / neglected a disabled person, between the ages of 18 and 59, in accordance with M.G.L. c. 19C, § 10.  Call the hotline: 1-800-426-9009.

3.    A report will be filed with the Executive Office of Elder Affairs whenever the officer has reasonable cause to believe that someone age 60 or older has been abused / neglected, in accordance with M.G.L. c. 19A, §§ 14-26.  Call the 24-hour hotline: 1-800-922-2275.

**K.    Firearms**

When a firearm or other weapon is present at the scene of a domestic violence

*The Commonwealth of Massachusetts*

situation the officers shall:

1.  Seize the weapon as evidence of the crime, if the responding officers are informed that a firearm or weapon has been involved in the dispute.
2.  If the weapon is not reported to have been involved in the dispute:
    a.  Request that the firearm or weapon be placed in their custody temporarily;
    b.  Search for and take custody of the firearms or weapon if a party who lawfully resides there requests that they do so.  A consent search is allowed in areas except those areas where the suspect has a reasonable expectation of privacy;
    c.  Take temporary custody of the firearm or weapon to alleviate the threat of serious violence.
3.  Determine whether a firearm is lawfully possessed before returning the same.
4.  If the officer determines that the weapon cannot be seized, the following actions can take place:
    a.  A judge can order the defendant to surrender guns, a license to carry and an F.I.D. card; and
    b.  The chief who issued the license to carry may revoke or suspend such license issued by him or her.
5.  In all domestic violence cases, the investigating department shall advise the licensing authority that the subject of the license is suspected of abuse.
6.  ABUSE PREVENTION ORDER
    a.  Abuse Prevention Orders
        Upon issuance of any order, under M.G.L. c. 209A Abuse Prevention Orders, police shall immediately take possession of all firearms, rifles, shotguns, machine guns, ammunition, any license to carry firearms and any firearms identification cards in the control, ownership or possession of said defendant.  Such weapons and permits may not be returned until the order has been completely vacated or the firearms provision modified by order of the court.
    b.  Violations of Orders
        In the interest of immediacy and the statutory mandate to arrest, officers shall make a warrantless arrest of any person the officer witnesses or has probable cause to believe has violated an order including a violation, which stems from the possession of weapons.
    c.  Seizure and Storage of Firearms
        Every department within the Commonwealth shall honor another department's request for assistance in seizing the above listed items, regardless of which department is named within the order.  The department named within the order shall be responsible for the storage of the seized items or the delegation of storage to an authorized facility.
    d.  Orders Against Law Enforcement Officers
        In cases involving police officers that are defendants in Abuse Prevention Orders*,* the defendant <u>must</u> relinquish all firearms, including departmental weapons, to the department serving the order.
7.  Federal Firearms Provisions
    Although officers cannot enforce the following Federal provisions, the chief should be notified whenever an officer identifies a case involving the following

## *The Commonwealth of Massachusetts*

circumstances, because there may be Federal action that can be taken.

a. Persons Named in Protective Orders
Under the Federal Crime Control and Law Enforcement Act of 1994, it is unlawful for an individual subject to a "permanent" restraining order involving "intimate partners" to receive, ship, transport, or possess guns (including handguns, rifles, and shotguns) or ammunition that traveled in interstate commerce.

b. Misdemeanors Involving Domestic Violence
Under 18 U.S.C. § 922(g)(9), it is unlawful for any person convicted of certain misdemeanor crimes involving domestic violence to ship, transport, possess, sell or otherwise dispose of, or receive firearms or ammunition.

c. Federal Felon in Possession of a Firearm
Under 18 U.S.C. § 922(g)(1), "Felon in possession of a firearm," it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any gun or ammunition.

**NOTE:**    Misdemeanors are excluded from consideration if they are punishable by a term of two years or less.  Therefore, misdemeanors that are punishable by a term of imprisonment of more than two years fall within that provision.

### 4.2   THE ROLE OF THE SUPERVISOR

**A.    Assurances for practice**

Supervisors will ensure that the provisions of the statute and these guidelines are met.  Specifically supervisors will assure that:

1. Dispatch logs will be reviewed to ensure that an incident report has been filed, even in cases where no arrest was made.  Calls, which are received as allegations of domestic violence or a domestic disturbance, will not be reclassified because no probable cause to arrest existed.  Incident reports **will be filed** in those cases.

2. A supervisor, or his or her designee within the department who is specially trained to review domestic violence cases, in order to ensure that the provisions of M.G.L. c. 209A and these guidelines are met will carefully review incident and arrest reports.  If upon review of an incident report it is believed that probable cause exists, the supervisor will ensure that criminal charges are initiated according to the statute and these guidelines.

3. Whenever a department identifies a particular case as posing significant danger, that case will be discussed at roll call.

**B.    Referrals**

Supervisors will ascertain that appropriate referrals were provided to the victim.

**C.    Follow-up investigations**

Regarding follow-up investigations, supervisors shall:

1. Determine whether a follow-up investigation is needed.  For instance, if the report indicates a history of abuse, it is likely that additional criminal charges should be pursued.

2. If so indicated, the supervisor shall ensure that a follow-up investigation is

## The Commonwealth of Massachusetts

conducted.

3.  Upon review of the follow-up investigation, the supervisor will ensure that additional charges are initiated whenever appropriate.

*The Commonwealth of Massachusetts*

## Attachments

**ABUSED PERSONS NOTICE OF RIGHTS**

**CRIMINAL HARASSMENT STATUTE**

**STALKING STATUTES**

## The Commonwealth of Massachusetts

Abused Person's Notice of Rights

Directions to Police Officer:

Give a victim of domestic violence immediate and adequate notice of his or her rights. The notice shall consist of handing said person a copy of the statement, which follows below, and reading the same to the victim.  Where the victim's native language is not English; the statement shall then be provided in the victim's native language whenever possible.

"You have the right to appear at the Superior, Probate and Family District or Boston Municipal Court, if you reside within the appropriate jurisdiction, and file a complaint requesting any of the following applicable orders:  (a) an order restraining your attacker from abusing you; (b) an order directing your attacker to leave your household, building or workplace; (c) an order awarding you custody of a minor child; (d) an order directing your attacker to pay support for you or any minor child in your custody, if the attacker has a legal obligation of support; and (e) an order directing your attacker to pay you for losses suffered as a result of abuse, including medical and moving expenses, loss of earnings or support, costs for restoring utilities and replacing locks, reasonable attorneys' fees and other out-of-pocket losses for injuries and property damage sustained."

"For an emergency on weekends, holidays, or week nights the police will refer you to a justice of the Superior, Probate and Family, District or Boston Municipal Court Departments."

"You have the right to go to the appropriate District Court or the Boston Municipal Court and seek a criminal complaint for threats, assault and battery, assault with a deadly weapon, assault with intent to kill or other related offenses."

"If you are in need of medical treatment, you have the right to request that an officer present drive you to the nearest hospital or otherwise assist you in obtaining medical treatment."

"If you believe that police protection is needed for your physical safety, you have the right to request that the officer present remain at the scene until you and your children can leave or until your safety is otherwise ensured.  You may also request that the officer assist you in locating and taking you to a safe place, including but not limited to a designated meeting place for a shelter or a family member's or a friend's residence, or a similar place of safety."

"You may request a copy of the police incident report at no cost from the police department."

## The Commonwealth of Massachusetts

Massachusetts General Laws, Chapter 164 of the Acts of 2000
An Act Relative to the Crime of Criminal Harassment

*Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:*

Chapter 265 of the General Laws is hereby amended by inserting after section 43 the following section:-

Section 43A. (a) Whoever willfully and maliciously engages in a knowing pattern of conduct or series of acts over a period of time directed at a specific person, which seriously alarms that person and would cause a reasonable person to suffer substantial emotional distress, shall be guilty of the crime of criminal harassment and shall be punished by imprisonment in a house of correction for not more than two and one-half years or by a fine of not more than $1,000, or by both such fine and imprisonment. Such conduct or acts described in this paragraph shall include, but not be limited to, conduct or acts conducted by mail or by use of a telephonic or telecommunication device including, but not limited to, electronic mail, internet communications or facsimile communications.

(b) Whoever, after having been convicted of the crime of criminal harassment, commits a second or subsequent such crime, or whoever commits the crime of criminal harassment having previously been convicted of a violation of section 43, shall be punished by imprisonment in a house of correction for not more than two and one-half years or by imprisonment in the state prison for not more than ten years.

Approved August 1, 2000.

## The Commonwealth of Massachusetts

Massachusetts General Laws, Chapter 265, Section 43
Stalking; punishment

**Chapter 265: Section 43. Stalking; punishment.**

(a) Whoever (1) willfully and maliciously engages in a knowing pattern of conduct or series of acts over a period of time directed at a specific person which seriously alarms or annoys that person and would cause a reasonable person to suffer substantial emotional distress, and (2) makes a threat with the intent to place the person in imminent fear of death or bodily injury, shall be guilty of the crime of stalking and shall be punished by imprisonment in the state prison for not more than five years or by a fine of not more than one thousand dollars, or imprisonment in the house of correction for not more than two and one-half years or both. Such conduct, acts or threats described in this paragraph shall include, but not be limited to, conduct, acts or threats conducted by mail or by use of a telephonic or telecommunication device including, but not limited to, electronic mail, internet communications and facsimile communications.

(b) Whoever commits the crime of stalking in violation of a temporary or permanent vacate, restraining, or no-contact order or judgment issued pursuant to sections eighteen, thirty-four B, or thirty-four C of chapter two hundred and eight; or section thirty-two of chapter two hundred and nine; or sections three, four, or five of chapter two hundred and nine A; or sections fifteen or twenty of chapter two hundred and nine C or a protection order issued by another jurisdiction; or a temporary restraining order or preliminary or permanent injunction issued by the superior court, shall be punished by imprisonment in a jail or the state prison for not less than one year and not more than five years. No sentence imposed under the provisions of this subsection shall be less than a mandatory minimum term of imprisonment of one year.

A prosecution commenced hereunder shall not be placed on file or continued without a finding, and the sentence imposed upon a person convicted of violating any provision of this subsection shall not be reduced to less than the mandatory minimum term of imprisonment as established herein, nor shall said sentence of imprisonment imposed upon any person be suspended or reduced until such person shall have served said mandatory term of imprisonment.

A person convicted of violating any provision of this subsection shall not, until he shall have served the mandatory minimum term of imprisonment established herein, be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct under sections one hundred and twenty-nine, one hundred and twenty-nine C and one hundred and twenty-nine D of chapter one hundred and twenty-seven; provided, however, that the commissioner of correction may, on the recommendation of the warden, superintendent, or other person in charge of a correctional institution, grant to said offender a temporary release in the custody of an officer of

such institution for the following purposes only: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at said institution. The provisions of section eighty-seven of chapter two hundred and seventy-six relating to the power of the court to place certain offenders on probation shall not apply to any person seventeen years of age or over charged with a violation of this subsection. The provisions of section thirty-one of chapter two hundred and seventy-nine shall not apply to any person convicted of violating any provision of this subsection.

(c) Whoever, after having been convicted of the crime of stalking, commits a second or subsequent such crime shall be punished by imprisonment in a jail or the state prison for not less than two years and not more than ten years. No sentence imposed under the provisions of this subsection shall be less than a mandatory minimum term of imprisonment of two years.

A prosecution commenced hereunder shall not be placed on file or continued without a finding, and the sentence imposed upon a person convicted of violating any provision of this subsection shall not be reduced to less than the mandatory minimum term of imprisonment as established herein, nor shall said sentence of imprisonment imposed upon any person be suspended or reduced until such person shall have served said mandatory term of imprisonment.

A person convicted of violating any provision of this subsection shall not, until he shall have served the mandatory minimum term of imprisonment established herein, be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct under sections one hundred and twenty-nine, one hundred and twenty-nine C and one hundred and twenty-nine D of chapter one hundred and twenty-seven; provided, however, that the commissioner of correction may, on the recommendation of the warden, superintendent, or other person in charge of a correctional institution, grant to said offender a temporary release in the custody of an officer of such institution for the following purposes only: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at said institution. The provisions of section eighty-seven of chapter two hundred and seventy-six relating to the power of the court to place certain offenders on probation shall not apply to any person seventeen years of age or over charged with a violation of this subsection. The provisions of section thirty-one of chapter two hundred and seventy-nine shall not apply to any person convicted of violating any provision of this section.

## *The Commonwealth of Massachusetts*

Massachusetts General Laws, Chapter 277

Stalking; jurisdiction

**Chapter 277: Section 62B. Stalking; jurisdiction.**

Section 62B. The crime of stalking, as set forth in section forty-three of chapter two hundred and sixty-five, may be prosecuted and punished in any territorial jurisdiction of the commonwealth wherein an act constituting an element of the crime was committed.