26 CD 402.526; WH-526
U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210
1985 DOLWH LEXIS 2
December 23, 1985

**JUDGES:** Herbert J. Cohen, Deputy Administrator

**OPINION:** [*1]

This is in reply to your March 28 letter asking, on behalf of some of your clients, whether certain methods of compensating transit employees for their hours of work are in compliance with the monetary requirements of the Fair Labor Standards Act (FLSA).

You state that most local transit operators have complex employee pay structures which are the result of collective bargaining agreements (CBAs) with representatives of their employees. You point out that each CBA may establish a set of work schedule provisions and pay rates which are unique to a particular local transit operator. Although you have reviewed 29 CFR Part 778 (the Wage and Hour Division's "Interpretative Bulletin on Overtime Compensation") and 29 CFR Part 785 (the Wage and Hour Division's "Interpretative Bulletin, Part 785: Hours Worked Under the Fair Labor Standards Act of 1938, As Amended"), you still have questions regarding the application of the FLSA to methods of compensation in the transit industry. In this regard, you enclosed with your letter several examples of how transit employees are paid for their hours of work. You request our opinion as to how the FLSA would be interpreted with respect to these employee [*2] wage payments.

Since you present several different situations, we will address them in the order presented.

In your first example, you state that the bus driver selects a duty assignment of 5 days of work per week with each workday consisting of a 4-hour morning work period and a 5-hour afternoon work period. These two work periods are separated by a 5-hour off-duty period during which the bus driver is completely relieved from all duties. The CBA requires that a half-time "overtime penalty" be paid for all hours of work in excess of 8 hours of work on a daily basis. In addition, the CBA requires that the bus driver be paid a half-time "spread penalty" for each hour of work in excess of 10 hours of "spread" time per workday. Spread time includes all the duty and off-duty time between the time an employee first reports to work at the beginning of his/her workday until the time the employee is released from all duties at the end of that workday. For this example, the spread time is

14 hours. You indicate that the straight time hourly wage rate is $ 14.00. The amount of earnings to be paid to the bus driver, in this example, under the CBA would be computed as follows:

| | | |
|---|---|---|
| 4 hours of work in the morning (4 hours x $ 14.00) | = | $ 56.00 |
| 5 hours of work in the afternoon (5 hours x $ 14.00) | = | $ 70.00 |
| Overtime penalty  (1 hour x $ 14.00 x .5) | = | $ 7.00 |
| Spread penalty   (4 hours x $ 14.00 x .5) | = | $ 28.00 |
| Daily pay | = | $ 161.00 |
| Weekly pay (5 days x $ 161.00) | = | $ 805.00 |

**[*3]**
You ask how the total pay should be computed under FLSA for this driver.

Section 7 of FLSA requires that a covered employee who is employed for more than 40 hours in a workweek must be compensated "at a rate not less than one and one-half times the regular rate at which he is employed." Generally, an employee's "regular rate" is calculated by dividing all remuneration for employment paid in the workweek by the total hours worked by the employee in that workweek. See, e.g., Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 580 (1942); Walling v. Hemerich & Payne, Inc., 323 U.S. 37, 40-41 (1944); and Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 434-435 (1945). On the other hand, where the only compensation received by an employee is an hourly wage, the hourly wage is the regular rate. Section 7(e) of FLSA, however, defines "regular rate" in such a way as to exclude certain payments. Of particular importance with respect to your example is section 7(e)(7) of FLSA.

That section excludes from the regular rate so-called "clock-time" premiums, which are **[*4]** defined by FLSA as:

> . . . extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employment contract or collective bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday (not exceeding 8 hours) or workweek (not exceeding the maximum workweek applicable to such employee under subsection (a) of this section), where such premium rate is not less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such workday or workweek.

As this statutory provision makes clear, there are three prerequisites which must be met in order for spread penalty premium payments to be excluded from the regular rate calculation. First, the premium must be provided pursuant to an employment contract or CBA. This prerequisite is explained more fully in section 778.204(c) of 29 CFR Part 778. In your first example, this prerequisite is clearly met.

Second, the spread penalty premium must be paid for work outside of the hours established in good faith by the employment contract or CBA as the basic, normal, **[*5]** or regular workday (not exceeding 8 hours) or workweek (not exceeding 40 hours). Since entitlement to the spread penalty premium is earned on a daily basis and not a weekly basis, we need only address that portion of the

statutory test. In order for this test to be satisfied, the amount of time that an employee is on duty for a day before becoming entitled to a spread penalty premium cannot be greater than 8 hours, and the entitlement to the spread penalty premium must arise for work performed outside the established workday under the employment contract or CBA.

In your first example, the bus driver is on duty for no more than 8 hours before becoming entitled to the spread penalty premium, and hence that part of the statutory prerequisite is satisfied. The fact that the employee does not become entitled to the premium pay until more than 8 hours have elapsed does not, under that statutory language, lead to a different result.

As for the statutory prerequisite that the premium pay be for work "outside * * * the basic, normal, or regular workday" established in good faith under the employment contract or CBA, we would consider any time outside the "spread" established in the **[*6]** employment contract or CBA (10 hours, in the example above) as satisfying this prerequisite.

This conclusion rests on our understanding that the spread period established by employment contracts and CBAs in the transit industry has, in fact, been established in good faith and is in no manner arbitrary in relation to actual work schedules. Given the wide variety of differing work schedules in the transit industry, including, particularly, the frequent use of split shifts, it is clear that a significant number of drivers will earn spread penalty premiums on a regular basis. (This is true of the bus driver in the example given above.) Other bus drivers, however, particularly those on straight shifts with no dead time in the middle of the day, will probably not earn spread time except occasionally. We consider the spread period established in the employment contract or CBA to be the "basic, normal, or regular workday" as required by section 7(e)(7).

The third and final prerequisite, for excluding certain premium payments from the regular rate calculation, is that the spread penalty premium must be not less than one and one-half times the rate established in the employment contract **[*7]** or CBA for similar work performed during the basic, normal, or regular workday. This prerequisite is met in the example given for spread penalty premiums.

In addition, we would consider the premium payment for hours worked in excess of 8 hours of actual work as also satisfying the three prerequisites of section 7(e)(7) of FLSA.

In all situations where these three prerequisites are satisfied, the spread penalty premium and daily overtime premium payments may be excluded from the bus driver's total compensation for purposes of calculating the regular rate on which the FLSA overtime premium pay is computed. In addition, under section 7(h) of FLSA, the spread time premium pay and the daily overtime premium pay could be credited toward any overtime pay that may be due the bus driver under FLSA.

In computing this bus driver's total pay under FLSA we would consider the $ 14.00 per hour pay rate as establishing the regular rate of pay. Therefore, the bus driver's total pay for the workweek under the monetary requirements of FLSA is computed as follows:

| | | |
|---|---|---|
| Straight time pay (45 hours x $ 14.00) | = | $ 630.00 |
| Overtime premium pay (5 hours x $ 14.00 x .5) | = | $ 35.00 |
| Total pay | = | $ 665.00 |

**[*8]**
Since, in your example, the bus driver is paid $ 630.00 in straight time pay and $ 175.00 in creditable premium pay, the bus driver has been paid in compliance with FLSA. ***We wish to point out that surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods.*** **[Emphasis added]**

In your second example, you state that the bus driver selects a duty assignment of 5 days of work per week with each workday consisting of a work period of 7 1/2 consecutive hours of work. In addition, the bus driver volunteers to work, and does work, on one of his/her regularly scheduled days off. The bus driver works the same schedule of work hours as he/she would on one of the normal workdays. The CBA requires that the bus driver be guaranteed a minimum of 8 hours of pay per day on any workday regardless of the number of hours actually worked by the bus driver that workday. The CBA also requires a minimum of 8 hours of pay at time and one-half the straight time wage rate for work performed on a scheduled day off. In a given workweek, the bus **[*9]** driver works the 5 regularly scheduled days of work. This bus driver's rate is $ 14.00 per hour. The amount of earnings to be paid to this bus driver, in this example, under the CBA would be computed as follows:

| | | |
|---|---|---|
| (7 1/2 hours of actual work) 8 hours x $ 14.00 x 5 days | = | $ 560.00 |
| (7 1/2 hours of actual work) 8 hours x $ 14.00 x 1.5 | = | $ 168.00 |
| (45 hours of actual work)   Weekly pay | = | $ 728.00 |

You ask how this bus driver's total pay should be computed under FLSA.

In this example, the regular rate for overtime pay purposes is not the bus driver's hourly pay rate, but would be determined by dividing all remuneration for employment paid in the workweek by the total hours worked by the employee in that workweek. The computation would be as follows:

| | | |
|---|---|---|
| Straight time wages (48 hours of pay x $ 14.00) | = | $ 672.00 |
| Regular rate ($ 672.00 / (6 days x 7.5 hours)) | = | $ 14.93 |

The amount of overtime pay due the bus driver would be computed as follows:

   ($ 14.93 x 5 (overtime hours of work) x .5)  = $ 37.33

As we explained in our response to your first question, certain premium payments may be excluded from the regular rate calculation and credited against overtime pay **[*10]** due under FLSA. It is our opinion that the extra premium payment for work performed on the bus driver's day off can be ex-

4

cluded from the regular rate calculation pursuant to section 7(e)(7) and credited against overtime pay due the bus driver pursuant to section 7(h) of FLSA. Therefore, since $ 56.00 (8 hours x $ 14.00 x .5) of creditable premium payments is paid to the bus driver and he/she is due $ 37.33 overtime premium pay under FLSA, no additional pay is due the bus driver under FLSA.

In your third example, you state that the bus driver selects a duty assignment referred to as the "extra board." The bus driver who selects this duty assignment is known as the "extra man." The work of an extra man includes filling in for employees who are not at work for any reason. The extra man could also be called upon to perform bus runs (called "trippers") which are too short in length to be assigned to another bus driver as a full day's work assignment. Each day, the extra man is "marked up," meaning that the extra man is given his/her assignment for the next workday. The work assignment might be, for example, a full day's work, or just a "time to report" to "protect the service," i.e., [*11] to standby to perform the work of an employee who may not come to work. The method of assigning work to be performed by the extra man and the rotation of bus drivers as the extra man is controlled by very detailed CBA negotiated rules. These CBA rules require the employer to pay a monetary penalty to the extra man whenever the employer does not properly assign the work for the extra man. Under the CBA, an extra man who reports at the time he/she has been advised to report is guaranteed a minimum of 3 hours of pay even if he/she is not assigned any work to perform. The CBA also guarantees a minimum of 3 hours of pay for an extra man who works a tripper. In addition, an extra man is guaranteed a minimum of 8 hours of pay for each day he/she is scheduled for an extra board work assignment.

To illustrate how the "extra man" may work in a given workweek you have provided the following work schedule:

Day 1: The extra man reports at 5 a.m. to the bus depot to protect the service and is released from duty at 7 a.m., when it is apparent there will be no work for him/her to perform. However, the extra man is told to report back to the bus depot at 10 a.m. for a work assignment that is **[*12]** to be completed by 5 p.m. that day.

Days 2 and 3: The extra man reports at 5 a.m. to the bus depot to protect the service and is released from duty at 8 a.m. However, the extra man is told to report back to the bus depot at 12 noon to protect the service and is released from duty at 3 p.m., when it is apparent that there will be no work for him/her to perform.

Days 4 and 5: The extra man works 4 hours in the morning, has a period of 5 hours off duty during which the extra man is completely relieved from all duties. In addition, the extra man has 5 hours of work to perform in the afternoon.

Day 6: The extra man volunteers to work and works 9.5 consecutive hours on his/her regular day off for the transit operator.
The amount of earnings to be paid to the extra man in this example under the CBA would be computed as follows:
Day 1

A guarantee of 3 hours of pay for protection duty
2 hours of actual work                     (3 hours x $ 14.00)        =        $ 42.00
regular bus driver's run
7 hours of actual work                     (8 hours x $ 14.00)        =        $ 112.00

Day 2
6 hours of actual work                     (8 hours x $ 14.00)        =        $ 112.00

Day 3
6 hours of actual work                     (8 hours x $ 14.00)        =        $ 112.00

Day 4
9 hours of actual work                     (4 hours x $ 14.00)        =        $ 56.00
                                           (5 hours x $ 14.00)        =        $ 70.00
         Overtime penalty                  (1 hour x $ 14.00 x .5)    =        $ 7.00
         Spread penalty                    (4 hours x $ 14.00 x .5)   =        $ 28.00

Day 5
9 hours of actual work                     (4 hours x $ 14.00)        =        $ 56.00
                                           (5 hours x $ 14.00)        =        $ 70.00
         Overtime penalty                  (1 hour x $ 14.00 x .5)    =        $ 7.00
         Spread penalty                    (4 hours x $ 14.00 x .5)   =        $ 28.00

Day 6
9.5 hours of actual work (9.5 hours x $ 14.00 x 1.5)                  =        $ 199.50
48.5 total hours of actual work   Weekly pay                          =        $ 899.50

**[*13]**
You ask how the total pay should be computed under FLSA for this driver.

As we explained in our responses to your first and second questions, the daily overtime penalty, the spread penalty, and the day-off premium payments may be excluded from the total compensation for purposes of calculating the regular rate on which the FLSA overtime premium pay is computed. Therefore, we would exclude the 2 hours of overtime penalty premium payments, the 8 hours of spread penalty payments, and the 9.5 hours of premium payments for work performed on a regular day off, from the weekly pay of the driver for purposes of calculating the regular rate.

| | | |
|---|---|---|
| FLSA total compensation ($ 899.50 - $ 136.50) | = | $ 763.00 |
| Regular rate ($ 763.00 / 48.5 (total hours)) | = | $ 15.73 |
| FLSA overtime pay ($ 15.73 x (8.5 overtime hours) x (.5)) | = | $ 66.85 |

Since the bus driver is paid $ 136.50 (19.5 hours x $ 14.00 x .5) of premium payments, which may be credited against overtime pay due under FLSA, and he/she is due only $ 66.85 of overtime premium pay under FLSA, no additional pay is due the bus driver under FLSA.

We trust that the above is responsive to your inquiry.

Sincerely,