**21 AC 451.91; 21 BJ 912**
**U.S. DEPARTMENT OF LABOR**
**WAGE AND HOUR AND PUBLIC CONTRACTS DIVISIONS**
**WASHINGTON, D.C. 20210**
**1966 DOLWH LEXIS 270**
**December 2, 1966**

**OPINION:** [*1]

This is in further reference to your letter of October 19, 1966, and the recent meeting you had with me and members of my staff and the Solicitor's Office, concerning the application of the amended Fair Labor Standards Act to hospitals. We recognize your concern in the matter of applying section 7(j) of the amended act to hospitals and wish to advise you of the policy which the Wage and Hour and Public Contracts Divisions will follow in the administration of this section of the act.

Nonexempt hospital employees who are subject to the provisions of the act because of the 1966 amendments will be subject to a minimum wage of $ 1.00 per hour and overtime premium compensation at one and one-half times the regular rate for all time worked in excess of 44 hours in any workweek, beginning February 1, 1967. Subsequent adjustments as called for in sections 6(b) and 7(a)(2) of the act will bring these pay requirements in line with the $ 1.60 an hour minimum wage on February 1, 1971, and the 40 hour maximum workweek on February 1, 1969.

A hospital, however, has the option of complying with the above mentioned overtime pay provision or of utilizing section 7(j) of the act with respect to [*2] any or all of its employees. Section 7(j) provides that hospitals may pay one and one-half times the employees' regular rate of pay for overtime worked in excess of 8 hours in any workday and in excess of 80 hours in any work period of 14 consecutive days rather than on the individual workweek (7 day) basis, provided an agreement or understanding between the employer and the employee to use such 14-day period has been arrived at prior to the performance of the work.

After due consideration of the problem involved in the interpretation of the statutory language ". . . .in excess of eight hours in any workday and in excess of eighty hours in such fourteen-day period . . . .", it has been decided that, although overtime pay for hours worked in excess of eight in any workday in the fourteen-day period is required whether or not more than 80 hours are worked in such period, ***the extra compensation provided by the premium rate paid for such daily overtime hours may be credited, pursuant to section 7(h) of the Act, toward any overtime compensation payable under section 7(j) for hours worked in excess of 80 in such period.*** This accords with the policy established under other laws concerning [*3] labor standards (Contract Work Hours Standards Act and the Walsh-Healey Public Contracts Act) and in other sections of the Fair Labor Standards Act (sections 7(b), 7(c) and 7(d)).  **[Emphasis added]**

A hospital has the option of paying overtime compensation to an employee on the normal workweek basis or of reaching an agreement or understanding to operate under the new section 7(j). However, the employer cannot change from one method to the other arbitrarily. Once the option is made the employer must continue in that manner and can make a change only if it is intended to be permanent and is not designed to evade the overtime requirements of the act.

The other questions you submitted in your letter of October 19 and which were discussed at our meeting are being given consideration. The reply to those questions will be sent to you as soon as possible.

    Sincerely yours