FOCUS - 1 of 1 DOCUMENT
21 AC 451.91; 21 BJ 912
U.S. DEPARTMENT OF LABOR
WAGE AND HOUR AND PUBLIC CONTRACTS DIVISIONS
WASHINGTON, D.C. 20210
1966 DOLWH LEXIS 298
December 20, 1966

**OPINION:** [*1]
This is in further reply to your letter of September 28, 1966, requesting information on the 1966 amendments to the Fair Labor Standards Act, particularly with respect to hospital employees.

Unless specifically exempt, all employees subject to the provisions of this act because of the 1966 amendments, (including hospital employees) will be subject to a minimum wage of $ 1.00 per hour and premium pay at one and one-half times their regular rate for all hours worked over 44 in any workweek, beginning February 1, 1967. Pages 1 and 2 of the Handy Reference Guide contain a complete schedule of the minimum wage and overtime provisions applicable through February 1, 1971.

Section 7(j) of the amended act does, however, contain a special exemption for hospitals, provided certain conditions are met. This section states that hospitals may pay overtime after 80 hours in any work period of 14 consecutive days rather than on an individual workweek (7 day) basis, provided (1) that the employer and employee have agreed to this method of payment prior to performance of the work, and (2) the employer agrees to also pay time and one-half the employee's regular rate after 8 hours worked in any day. [*2] Such a daily overtime payment will be required even if the employee fails to exceed 80 hours in the 14 day work period. *The extra compensation provided by the premium rate paid for such daily overtime hours may be credited, pursuant to section 7(h) of the amended act, toward any overtime compensation payable under section 7(j) for hours worked in excess of 80 in such period* [Emphasis added].

Specifically, you ask whether the hospital has a choice of following section 7(a) of the act calling for weekly overtime or operating under the new section 7(j). They do have this option. They may elect to pay weekly overtime to some employees while choosing to follow the 14 day work period (with possible daily overtime) under section 7(j) for other employees. However, once a pattern has been established, the employer must continue to pay that particular employee or group of employees on the same basis each week. If the employer wishes to change from one method to the other for any employee or group of employees, he may do so only if the change is intended to be permanent and is not designed to evade the overtime requirements of the Fair Labor Standards Act.

Please note that the maximum workweek applicable [*3] to hospital employees under section 7(a)(2) will be 44 hours effective February 1, 1967 rather than 40 hours as mentioned in your letter. The 40 hour standard will not become effective for these employees until February 1, 1969.

In addition, section 13(b)(18) of the amended act contains a complete exemption from overtime for food service employees of retail or service establishments. Historically, hospitals have been considered as having a "retail" concept, and although specifically excluded from the section 13(a)(2) retail exemption by the 1966 amendments, the nature of their operations has not changed. Therefore, food service employees employed by hospitals which satisfy the act's definition of a "retail or service establishment", will be considered to be exempt from overtime within the meaning of the amended section 13(b)(18).
Sincerely yours,