THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. <br><br>and<br><br>Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al.<br><br>      Plaintiffs<br><br>v.<br><br>Town of Natick, Natick Police Department, and Dennis R. Mannix, in his capacity as Chief of Police<br><br>      Defendants | Docket No.: 04-11996RGS |

## THIRD AFFIDAVIT OF DENNIS R. MANNIX

I, Dennis R. Mannix, state the following facts based on my personal knowledge:

1. I am currently the Chief of Police of the Natick Police Department, and have been in that position since I was appointed by the Town Selectmen in May, 1989.

2. As Chief of Police, I am in charge of the Natick Police Department ("Department"), its budget, and all of its personnel.

3. The Department is organized in a chain-of-command hierarchy, and responsibility and authority flows up and down the chain of command.

4. The Town of Natick is divided into three separate areas, for purpose of directing, managing, and organizing Police activities.

5. The Department runs three daily shifts, 8AM to 4 PM, 4PM to 12Midnight, and 12Midnight to 8AM.

6. I am the highest ranking officer in the Department, and I delegate certain authority to my Lieutenants and Sergeants.

7. The Patrol Officers are the lowest ranked Officers in the Department.

   a. Patrol Officers, in accordance with the CBAs, work a 4-2 schedule, and are assigned to a specific area for patrol.

8. The Sergeants outrank, and supervise, the Patrol Officers.

9. The Lieutenants outrank, and supervise, the Sergeants, and are also the second-level supervisors of the Patrol Officers.

   a. In some instances, Lieutenants may directly supervise Patrol Officers.

   b. Currently, there is no Sergeant of Detectives, so Lieutenant Mabardy directly supervises the Patrol Officers who are chosen to be detectives.

10. The Lieutenants generally work a 5-2 schedule, and are in the Station for the 8 AM to 4 PM shift.

11. The Sergeants, with the exception of Sergeants Fitzpatrick, the Administrative Officer, and Sergeant Lauzon, the Traffic Safety Officer, work a 4-2 schedule, and may be assigned to any of the three daily shifts.

12. Sergeants typically work two of their four days as Station Supervisors.

    a. The Sergeants acting as Station Supervisor have authority to direct any of the Patrol Officers out on Patrol, including directing them to other areas, or to respond to specific situations within their area.

13. Sergeants typically work two of their four days as Patrol Supervisor, and are out on the streets during the course of those shifts.

    a. When Sergeants act as Patrol Supervisor, they but have responsibility for all of the Patrol Officers, whichever area they happen to be assigned to.

    b. In addition, the Sergeant himself has the freedom to move among and around the three areas, based on his or her own use of discretion, and evaluation of need.

    c. Further, Sergeants acting as Patrol Supervisor have authority to direct any of the Patrol Officers out on Patrol, including directing them to other areas, or to respond to specific situations within their area.

14. In contrast, the Patrol Officers are assigned to a specific area, and are not free to patrol outside of that area without direction from a Superior Officer.

15. All Superior Officers have the authority to direct Patrol Officers to specific areas, specific patrols, or to respond to specific situations.

16. During the course of my time as Chief, I have had the opportunity to observe how the Superior Officers conduct themselves during the course of their shifts. It is my observation and understanding that their principal duty and responsibility within the Department is to manage the Patrol Officers, in accord with their job duties and description, the rules, regulations, policies, and procedures of the Department, and my own expectations.

17. Specifically, as part of their duties as managers, and despite what they claim in their Affidavits, collectively, the Superior Officers engage in the following tasks:

    a. enforcing compliance with the rules and regulations of the Department;

    b. making recommendations as to hiring, promotion, discipline, or termination;

    c. coordinating and implementing training programs;

    d.  maintaining Department payroll and leave records;

    e.  handling community complaints, including determination whether to refer such complaints for further investigation;

    f.  preparing budgets;

    g.  ensuring operational readiness through supervision and inspection of personnel, equipment, and quarters;

    h.  deciding how and where to allocate personnel in response to specific needs and situations;

    i.  managing the distribution of equipment;

    j.  maintaining inventory of property and supplies;

    k.  and directing operations at crime or accident scenes, including deciding whether additional personnel or equipment is needed.

18. As part of the training of the Superior Officers, which is discussed in the various Affidavits submitted during the course of this litigation, the Superior Officers receive specific leadership and/or supervisory training. I have reviewed the personnel files of each Superior Officer and determined what training they have each completed.

19. All of this training is paid for by the Department, and the Superior Officers are not charged vacation or other non-work time for the time spent during such training. The Superior Officers have received the following leadership-specific training, or attended the following programs:

    a.  Lieutenant B. Grassey: Command Training Program at the New England Institute of Law Enforcement Management; Mass Police Leadership Institute.

b. Lieutenant Mabardy: Command Training Program at the New England Institute of Law Enforcement Management; Senior Management Institute for Police; FBI National Academy; FBI Law Enforcement Executive Development Seminar.

c. Lieutenant Mason: Command Training Program at the New England Institute of Law Enforcement Management; Senior Management Institute for Police; Mass Police Leadership Institute; FBI Law Enforcement Executive Development Seminar.

d. Lieutenant Pagliarulo: Command Training Program at the New England Institute of Law Enforcement Management; Scheduled for the Mass Police Leadership Institute in the Spring of 2007.

e. Sergeant Dunlop: Command Training Program at the New England Institute of Law Enforcement Management.

f. Sergeant Lamont: Command Training Program at the New England Institute of Law Enforcement Management.

g. Sergeant O'Callaghan: FBI National Academy.

h. Sergeant Longtine: FBI National Academy.

i. Sergeant Thompson: Command Training Program at the New England Institute of Law Enforcement Management; Advanced Management Practices at the New England Institute of Law Enforcement Management; Mass Police Leadership Institute.

j. Sergeants Hayes, Hoffman, Rossi-Carafelli, and Viera: Massachusetts Municipal Police Training Committee (Sergeant Basic Training).

20. Superior Officers have received that rank by virtue of their seeking and receiving advancement. Promotion takes place in accord with the Civil Service process, and each applicant must sit for the Civil Service Promotional exam (for Sergeant or Lieutenant).

    a. Successful applicants are chosen because they scored well, and demonstrated proficiency, in, among other things, the ability to supervise.

    b. The reading list for the current promotional exam includes two (out of five) recommended materials dealing with supervision, *Police Administration*, 6th ed. 2005, and *Supervision of Police Personnel*, 6th ed. 2001. Ex. A, attached hereto, is a true and accurate copy of the April 21, 2006 Announcement of the Reading List for Promotional Examination.

21. Despite their claims to the contrary, the Superior Officers in my Department regularly use their discretion and apply their judgment and experience to any one of many different situations they may encounter during the course of a typical day. This use of discretion is an important component of the Superior Officer's duties.

22. All of the Officers in the Department work within the rules, regulations, policies, and procedures of the Commonwealth of Massachusetts, the Town of Natick, and the Department, including myself. The policies and procedures are guidelines, but they do not address every situation and outcome. The Superior Officers have discretion within the Department to do many things, including:

    a. Evaluating whether Patrol Officer assignments are to be changed in response to a current need or situation.

  b. Evaluating whether the actions of a Patrol Officer constitute conduct unbecoming, or a more minor infraction of the rules, resulting in nothing more than verbal counseling.

  c. Determining whether they are needed to respond to a crime or accident scene, and whether the Patrol Commander and/or Chief need to be notified about the incident.

  d. Determining whether or not to resolve a Patrol Officer's grievance. The Patrol Officer's Collective Bargaining Agreement requires the Patrol Officers to first discuss the grievance with his or her immediate supervisor. Only of the grievance *is not settled*, is it presented in writing to me. See Patrol Officer CBA, Art. IV.B. at Ex. A to Plaintiffs' Appendix of Exhibits.

  e. Determining whether any Officer should be relieved from duty. Contrary to the statements in their Affidavits, *only* Superior Officers have that right and responsibility. No Patrol Officer may relieve any other officer from duty.

23. The Superior Officers have discretion in evaluating candidates for Patrol Officer, or for promotion. Even if the interviews begin with "assigned" questions every Superior Officer present during the interview is expected to use his or her judgment in evaluating the answers to the questions, asking follow-up questions, and in pulling together all of the information presented to discuss the candidates. Each Superior Officer does indeed ask follow-up questions and evaluate the candidates.

24. Not all of the input provided by the Superior Officers, or every recommendation is followed, in hiring, or firing, or promotion, or discipline. However, I give that input and

recommendations significant weight and consideration, when shaping the recommendation of the Department.

    a. As stated previously, I present to the Selectmen, the recommendation of the Department, and may note whether it is a unanimous, or a majority view.

    b. Often, the input of the Superior Officers is the basis for further investigation or questioning. All of that information is important in determining the Department recommendation, and the Superior Officer's input is given significant weight in coming to such a recommendation.

25. Although the Superior Officers state, in their Affidavits, that Roll Call is a clerical function, I disagree. The importance of a Superior Officer managing roll call is that, once the assignments are made, a Superior Officer then has the authority to follow through with a Patrol Officer if the assignment is not completed, or not carried out properly. A Superior Officer may hold a Patrol Officer accountable for such a failure, and every Patrol Officer is accountable to the Station Supervisor and/or the Patrol Supervisor, for completing their assignments. Patrol Officers do not have similar authority or responsibilities.

Signed under the pains and penalties of perjury, this 6th day of December, 2006.

*Dennis R. Mannix*

Dennis R. Mannix
Chief, Natick Police Department

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on December 1, 2006.

                                                 /s/ John P. Flynn
                                                 John P. Flynn

# EXHIBIT A



THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE FOR ADMINISTRATION AND FINANCE
HUMAN RESOURCES DIVISION
ONE ASHBURTON PLACE, BOSTON, MA 02108

MITT ROMNEY
Governor

KERRY HEALEY
Lieutenant Governor

THOMAS H. TRIMARCO
Secretary

JOHN O'LEARY
Chief Human Resources Officer

## PLEASE POST PROMINENTLY

## READING LIST ANNOUNCEMENT

TO: Police Department Appointing Authorities; Police Chiefs

FROM: Sally A. McNeely, Director
Organizational Development Group

DATE: April 21, 2006

SUBJECT: READING LIST FOR PROMOTIONAL EXAMINATIONS

**POLICE SERGEANT**
**POLICE LIEUTENANT**
**POLICE CAPTAIN**

**EXAMINATION DATE — SATURDAY, OCTOBER 21, 2006**

Examinations for this series are scheduled for October 21, 2006. Candidates are responsible for reading the following texts. (Please note carefully which edition is listed for each text.) All chapters, appendices, glossaries, etc., are included unless otherwise noted. All examination questions will be based on these materials.

*Community Policing: A Contemporary Perspective* (4th ed., 2005). R., Kappeler, V. E., and Gaines, L. K.; Anderson Publishing Company-Lexis Nexis; ISBN 1593459629.

*Criminal Investigation* (9th ed., 2006). Swanson, C. R., Chamelin, N. C., and Territo, L.; McGraw-Hill, Inc.; ISBN 0073212784. (All chapters except chapter 17)

*Police Administration* (6th ed., 2005). Swanson, C. R., Territo, L., and Taylor, R. W.; Prentice-Hall, Inc.; ISBN 0131123114.

*Supervision of Police Personnel* (6th ed., 2001). Iannone, N. F., and Iannone, M. P.; Prentice-Hall, Inc.; ISBN 0136492290.

*Massachusetts General Laws*, as amended through the release date of this reading list.

(Continued on Reverse Side)

**Additional Sources to Help Explain Massachusetts General Law and Constitutional Law**

*Motor Vehicle Law: Cruiser Guide 2006* (2006). Scheft, J. S.; Law Enforcement Dimensions; ISBN 1932348107.

*Juvenile Law: Field Manual 2006* (2006). Scheft, J. S.; Law Enforcement Dimensions; ISBN 193234814X. NOTE: The title page just inside the cover reads, *Police Juvenile Issues: Field Manual 2006*. According to the publisher, this book will/has become available for purchase, early in the week of April10-14, 2006.

*Police Desk Reference to Criminal Investigation Procedures* (2005/2006 ed., 2005). Collins, J. M. of the law firm of Collins and Weinberg; Municipal Police Institute, Inc. NOTE: According to the publisher, the 2005/2006 edition will be replaced by the new 2006/2007 edition in August 2006. Applicants are encouraged to obtain a copy of the 2005/2006 edition prior to the issuance of the 2006/2007 edition.

*Police Desk Reference to Massachusetts Criminal Laws* (2005/2006 ed., 2005). Champeon, S.R. (based on a Manual Prepared by Attorney John M. Collins and the staff of the law firm of Collins and Weinberg); Municipal Police Institute, Inc. NOTE: According to the publisher, the 2005/2006 edition will be replaced by the new 2006/2007 edition in August 2006. Applicants are encouraged to obtain a copy of the 2005/2006 edition prior to the issuance of the 2006/2007 edition.

The primary source of examination questions measuring knowledge of law and court decisions governing police work in Massachusetts is the Massachusetts General Laws (as amended as of April 21, 2006). These four resources are secondary sources of information about law and court decisions that are useful for study purposes. In the event of a conflict between these resources and that contained in the General Laws, the General Laws will be the definitive source.

---

### Publishers of Reading List Texts

Anderson Publishing Company-Lexis Nexis, 1275 Broadway, Albany, NY 12204; 800.223.1940; http://bookstore.lexis.com/bookstore/catalog

McGraw-Hill, Inc., P.O. Box 182604, Columbus, OH 43272, 800.262.4729; http://www.mcgrawhill.com

Municipal Police Institute, Inc., 47 Memorial Drive, Shrewsbury, MA 01545; 800.322.2011; http://www.masschiefs.org/MPI/Manuals/reading_materials.htm

Law Enforcement Dimensions, 846 Massachusetts Avenue, Arlington, MA 02476; 781.646.4377; http://www.ledimensions.com

Prentice Hall, Inc., a division of Pearson Education, 200 Old Tappan Road, Old Tappan, NJ, 07675; 800.947.7700; http://vig.prenhall.com

---

Please note that the Human Resources Division does not recommend specific bookstores for the purchase of reading list texts. For local vendors, contact the publishers at the telephone number or web site listed, or check with the Chief of your department or local union representative for assistance. Many local bookstores will be able to special-order any text not carried in stock.

Any questions regarding the reading list may be directed to Guy Paris, Personnel Selection Specialist, at 617.878.9759 or at guy.paris@state.ma.us. A copy of this reading list is posted on the Human Resources Division website in the Civil Service section at www.mass.gov/civilservice under Examination Information.