THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04- 11996RGS

|  |  |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. <br><br> and <br><br> Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al. <br><br> Plaintiffs, <br><br> v. <br><br> Town of Natick, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ADD EIGHT (8) CONSENTEES AS PARTIES

Defendants, Town of Natick, Natick Police Department, and Chief Dennis R. Mannix, oppose Plaintiffs' Motion to Add Eight (8) Consentees as Parties. Defendants oppose Plaintiffs' Motion on the grounds that the significant delay in adding more Plaintiffs to the current action after Summary Judgment has been filed and argued is prejudicial, that the Motion is time barred as to some of the proposed parties, and that adding further Plaintiffs to this litigation is no longer appropriate.

Plaintiffs' Motion states: "[t]he above-mentioned . . . consentees . . . were hired . . . in (approximately) the last year." Motion at 2. That statement is incorrect, as a minimal

amount of investigation would show.  The consentees listed in the Motion were hired over the past two and a half years, and the action is time barred for at least two of those consentees.  The consentees were hired on the following dates: October 18, 2004 (Kevin Kelley, Greg Lanoue); October 11, 2005 (Ryan Hall, Chad Howard, Scott Lacera); April 26, 2006 (Joseph Thurston); and August 28, 2006 (Toan Nguyen, Ryan Payne). See Affidavit of Mannix, ¶ 4, attached hereto as Exhibit A.

The consentees hired on October 18, 2004 are barred from bringing any claim, because their request is untimely.  All opt-in members who seek relief under the FLSA must submit their consent forms before the statute of limitations has run. Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10, 14 (D.P.R. 2005).  The statute of limitation in the FLSA is two years (24 months) after the cause of action commences, or, for willful violations, three years (36 months). 29 U.S.C. § 255(a).  The cause of action accrued for the October 18, 2004 consentees as of their hiring, 32 months ago.  As such the 2-year statute of limitations has run.  Plaintiffs alleged in the Complaint and the Amended Complaint that the violations of the FLSA at issue in this matter were willful.  However, that claim was not briefed or argued at the Summary Judgment stage and no evidence or affidavits regarding the claim of a willful violation were put forward by Plaintiffs.  Thus, that allegation has been waived, and the 2-year statute of limitations applies. See Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1514-1516 (1st Cir. 1991) (failure by plaintiff to make a competent demonstration as to willfulness results in the application of a 2-year statute of limitations).  As a result, the motion, as it relates to the two October 18, 2004 hires, is time barred, and the request should be denied.  Neither the filing date of the original Complaint, nor relation back will save these claims.  Filing a complaint does

not toll the statute of limitations with regard to other employees who may be similarly situated.  King v. J. C. Penney Co., 58 F.R.D. 649 (N.D.Ga.1973); Groshek v. Babcock and Wilcox Tubular Products Division, 425 F. Supp. 232, 233-34 (D.C. Wis. 1977).  Similarly, a consent filed after the complaint has been held not to relate back to the filing of the complaint.  Kuhn v. Philadelphia Elec. Co., 487 F. Supp. 974, 977 (D.C. Pa., 1980).

In addition to the statute of limitation issue for some of the consentees, adding Plaintiffs to the action at this late date is prejudicial, and the request should be denied with respect to all 8 consentees.  This action commenced on September 15, 2004, and consent forms for each of the 56 Plaintiffs were filed with the Complaint.  An amended Complaint was filed on July 19, 2005 without addition of any Plaintiffs.  Thereafter, the parties conducted written discovery, took depositions, and filed Motions for Summary Judgment in late 2006.  Oral argument on Motions for Summary Judgment was held on April 10, 2007, and a decision is pending.  At some point during these proceedings, and certainly before discovery was completed,[1] any additional consent forms should have been filed.  Defendants are entitled to some certainty in the process as to whom they are litigating against.  An appropriate cut-off point would have been January, 2005, when the parties were required by order of this Court to file their certifications pursuant to Local Rule 16.1(D)(3), or, at the very latest, at the time the Complaint was amended.  Filing this motion two and a half years after the action was commenced is untimely, and allowing such a motion would be prejudicial to Defendants.  See Robertson v. Alaska Juneau Gold Mining Co., 61 F. Supp. 265, 267-68 (D.C.CAL. 1945) (Granting an untimely motion to add parties to FLSA litigation is prejudicial).

---

[1] All 8 consentees had been hired by the time discovery was completed, on September 13, 2006.

**WHEREFORE,** Defendants oppose Plaintiffs' Motion to Add 8 Consentees as Plaintiffs' and respectfully request that Plaintiffs' Motion be denied.

Respectfully submitted,

Defendants, TOWN OF NATICK,
NATICK POLICE DEPARTMENT, and
DENNIS R. MANNIX, CHIEF OF POLICE

By their attorneys,

/s/ Karis L. North
John P. Flynn, BBO# 172640
Geoffrey B. McCullough, BBO# 558207
Kathryn M. Murphy, BBO#564789
Karis L. North, BBO # 648998
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

Dated: May 9, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on May 9, 2007

/s/ Karis L. North
Karis L. North