UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11996-RGS

ROBERT F. MURPHY, III
and
BRIAN C. GRASSEY, et al.

v.

THE TOWN OF NATICK, NATICK
POLICE DEPARTMENT,
and
DENNIS R. MANNIX

MEMORANDUM AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT

September 25, 2007

STEARNS, DJ.

On September 15, 2004, plaintiffs Robert F. Murphy and Brian C. Grassey filed this Complaint against the Town of Natick (the Town), the Natick Police Department and the Natick Chief of Police, Dennis R. Mannix, on behalf of themselves and fifty-four other current and former patrol and superior officers who are or were employed by the Town. The Amended Complaint alleges willful violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (FLSA). Specifically, plaintiffs allege that defendants failed to pay all of the overtime they were due for hours worked in excess of forty hours per week.[1]

---

[1] FLSA overtime is paid only when an employee works in excess of forty hours during a given week. 29 U.S.C. § 207(a)(1). Because of the "shift" system, officers' workweek times will vary, sometimes requiring more, sometimes fewer than forty hours of scheduled work. Under their collective bargaining agreements, Natick officers are paid contractual overtime for weeks in which they work in excess of their scheduled hours, but fewer than the forty-hour minimum required for FLSA overtime.

On October 27, 2006, defendants filed a motion for partial summary judgment. Plaintiffs filed a motion for summary judgment on the same date, and additionally filed a cross-motion for partial summary judgment on November 20, 2006. On April 10, 2007, the court held a hearing on the opposing motions.[2]

## DISCUSSION

The underlying facts are for the most part not disputed and need not be recited except where necessary to resolve a dispute over a contested issue.

1. <u>Wage Augments</u>

Under the terms of their collective bargaining agreements (CBAs), Natick police officers are, in certain circumstances, entitled to receive augments to their base salary. Patrol and superior officers receive additional compensation in the form of shift-differential pay, longevity pay, and career-incentive pay (as authorized by the Quinn Bill, Mass. Gen. Laws c. 41, § 108L). Patrol officers receive bonus pay for duties related to Compstat Technology.[3] Patrol officers additionally are eligible to receive assignment differentials, in-service training stipends, and a community services differential. Plaintiffs claim that the Town has failed to include these wage augments[4] in its calculation of the regular rate for

---

[2] As reflected in the official notes, the court ruled on a number of subjects of contention that were aired at the hearing. This opinion is intended to memorialize those earlier rulings and to resolve the matters that were left outstanding. The court has benefitted in large degree from the many decisions issued by Judge Ponsor during the lengthy litigation of the nearly identical issues in <u>O'Brien v. Town of Agawam</u>.

[3] The Compstat Policing Program is a crime-tracking technology.

[4] It is undisputed that shift-differential pay is included by the Town in determining the regular rate.

purposes of overtime.

Under the FLSA, an employer is required to pay employees for hours worked in excess of forty hours over a seven-day workweek at a rate "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).[5] An employee's "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). Section 207(e) lists eight categories of remuneration that need not be included in the calculation of the regular rate. See § 207(e)(1)-(e)(8).[6]

The First Circuit has made it clear that in addition to shift-differential pay, the Town is obligated to include longevity pay and the Quinn Bill incentives in its determination of an officer's regular rate under the FLSA. O'Brien v. Agawam, 350 F.3d 279, 295 (1st Cir. 2003). Plaintiffs argue with convincing force that the community services and Compstat Technology bonuses are analogous to the Quinn Bill's education incentive payments. These payments, as well as assignment differentials (which provide extra compensation for officers who perform special work such as that involved in detective duties) are mandated by the CBAs and are indisputably "remuneration for employment paid to, or on behalf of, the employee." And they do not appear to fit into any of the statutory exceptions.

---

[5]In 1974, Congress modified the seven-day workweek requirement for police and fire employees. Pursuant to that amendment, a public employer may adopt a special exemption permitting it to implement a longer work period for public safety employees. See 29 U.S.C. § 207(k). It is undisputed that the Town did not adopt the exemption.

[6]Section 207(e)(1)-(8) provides exemptions for the following: gifts unrelated to work, production, or efficiency; pay for off-duty benefits; sums paid at the employer's sole discretion; contributions to employee benefit trusts; premiums paid for hours worked in excess of the employee's normal working hours; premiums paid for work on a weekend or holiday; premiums paid per a union contract; and the grant of stock options.

3

29 U.S.C. § 207(e).

The burden of proving that an exception applies belongs to the employer, and the exceptions are construed narrowly against the employer. See Agawam, 350 F.3d at 294, citing Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 209 (1966), and Mitchell v. Kentucky Fin. Co., 359 U.S. 290, 295-296 (1959). Defendants' argument that wage augments should be excluded from the calculation of the regular rate because the payments were not made on a weekly basis is contrary to the explicit wording of the statute. On the other hand, the Town's argument that the in-service training differential need not be included in the calculation because the payment is made to *reimburse* an officer for his or her incidental out-of-pocket expenses has its own logic and merit. Consequently, the Town is required to include all wage augments in the calculation of the regular rate with the exception of the in-service training differential.

2. Town Details

In addition to their regular police duties, plaintiffs also work "Town Details," during which they are assigned to direct traffic and control crowds at events held by the Town Recreation Department, the Department of Public Works, and by Natick High School. While plaintiffs allege that the Town has failed to compensate them at the FLSA overtime rate for performing Town Details, the Town argues that hours worked on these details are not compensable because they are worked on behalf of "separate and independent entities."

The FLSA provides that hours worked during "special details" on behalf of a "separate and independent" employer are not to be included in the calculation of FLSA

overtime.  See 29 U.S.C. § 207(p).  In enacting the FLSA, Congress did not give an explicit definition of what it meant by "separate and independent."  However, courts addressing the issue have considered the following factors: "(1) whether the agencies maintained separate payrolls; (2) whether the entities had arms-length dealings regarding employment; (3) whether the agencies had separate budgets; (4) whether the employees of the entities participate in separate retirement programs; (5) whether they are independent entities under state statute; and (6) whether they can both sue and be sued."  Barajas v. Unified Gov't of Wynadotte County/Kansas City, 87 F. Supp. 2d 1201, 1207 (D. Kan. 2000).  The degree to which one employer exerts budgetary control over another is typically given special weight.  See Nolan v. City of Chicago, 125 F. Supp. 2d 324, 337 (N.D. Ill. 2000).

While the record does not permit the court to conduct an exhaustive analysis of each the designated factors, it is nonetheless apparent from the parties' submissions that the Town is not and cannot not be deemed an entity "separate and independent" from any of its constituent departments.[7]  It is true, as defendants argue, that the police department is budgeted and managed separately from the school department, the DPW, and "other department[s] in the Town."  Defendants' Opposition, at 18.  The argument, however, stumbles at the gate.  As police officers, plaintiffs are Town employees.  The issue is not whether the police department is managed and budgeted separately from the Town's other

---

[7]Plaintiffs argue cogently that "the Town of Natick is a municipal corporation and it is the final binding authority on all personnel matters for the police department and all other departments within its purview. . . . Accordingly, when a police officer performs work for any Town 'department' it is quite obviously performing work for the Town, not a separate employer."  Plaintiffs' Memorandum, at 17.

5

departments, but whether the Town itself is an entity separate from its own police department.

The Town's argument relies on the opinions in Nolan and Barajas. In Nolan, the district court held that the hours worked by Chicago police officers for the Chicago Transportation Authority (CTA) and the Chicago Housing Authority (CHA) did not qualify as overtime for FLSA purposes because the CTA and the CHA had their own payroll and funding sources, separate from the City of Chicago. See Nolan, 125 F. Supp. 2d at 334-335. In Barajas, the court denied defendants' motion for summary judgment for similar reasons with respect to detail work performed by municipal officers on behalf of the Kansas City Housing Authority. See Barajas, 87 F. Supp. 2d at 1209.

The distinction in both cases is that the Authorities for which the detail work was being performed were, like the Town of Natick itself, bodies "politic and corporate" and therefore distinct from the respective municipalities. The appropriate analogy in Massachusetts is to independently constituted entities like the Massachusetts Bay Transportation Authority and the Massachusetts Turnpike Authority. See Lafayette Place Assocs. v. Boston Redevelopment Auth., 427 Mass. 509, 528-533 (1998). The Natick Police Department is not a body politic and corporate as cases filed against police departments and their chiefs under the Massachusetts Tort Claims Act, Mass. Gen. Laws. c. 258, the Massachusetts Civil Rights Act, Mass. Gen. Laws c. 12, § 11I, and the Federal Civil Rights Act, 42 U.S.C. § 1983, illustrate. Under both Massachusetts and federal law, a suit against a municipal police department or its chief (in his or her official capacity) is

deemed to be a suit against the municipality itself.[8] See, e.g., Henschel v. Worcester Police Dep't, 445 F.2d 624 (1st Cir. 1971) (an action against a police department is "the same" as suing the municipality); Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n.55 (1978) (an action against a public officer in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent"); Brandon v. Holt, 469 U.S. 464, 471-472 (1985) (a judgment against a public officer in his official capacity imposes liability on the municipal employer).

   3. Exempt Officers

Perhaps the most significant dispute between the parties is whether lieutenants, sergeants (collectively, the superior officers), and detectives are exempt from the FLSA's overtime provisions. The FLSA exempts any employee who serves in a bona fide "executive" or "administrative" capacity. 29 U.S.C. § 213(a)(1). The Department of Labor (DOL) has promulgated extensive regulations that are used to determine whether the executive or administrative capacity exemptions apply.

   A. Executive Exemption

Before August of 2004, the DOL regulations provided a "short test" for employees who earned more than $250 per week (as is the case for all plaintiffs here). Under the short test, an executive employee was one who: (1) earned more than $250 per week, and "(2) whose primary duty is management of the enterprise in which [he] is employed . . . [and] (3) who customarily and regularly directs the work of two or more other employees." Former 29 C.F.R. § 541.1. As of August 23, 2004, this test was amended to include a

---

[8]It is worth noting that the Town funds the payment of the disputed "Town Details."

fourth requirement that the employee also have "the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100.[9]

Plaintiffs are hard pressed to dispute that sergeants and lieutenants fall within the executive exemption under both the pre-2004 and post-2004 iterations of the DOL regulations. In Agawam, the Court of Appeals ruled that superior officers generally serve in a bona fide executive capacity, and are therefore exempt employees. See Agawam, 350 F.3d at 294. The Agawam plaintiffs did not contest the fact that they satisfied the supervisory and managerial requirements of the short test. See id. at 292 n.24. Accordingly, the First Circuit based its decision primarily on the fact that plaintiffs were "salaried employees." Id. at 292. Here, despite plaintiffs' arguments to the contrary, sergeants and lieutenants clearly fall within the executive exemption. The pertinent DOL regulation states that typical management duties include interviewing, training, directing work, maintaining records, appraising work performance, handling employee complaints, and apportioning work. 29 C.F.R. § 541.102. As defendants note, sergeants are usually assigned as Station Supervisors during two of their four weekly shifts each month. Sergeants assigned to the Patrol Services Division direct as many as nine to ten patrol officers who are assigned to a shift. They work relatively free from supervision and exercise their judgment and discretion without direct oversight by their commanding lieutenants. They are often the only superior officers on duty at the station or on patrol.

---

[9]In addition, the minimum weekly salary threshold was raised to $455.

They direct the response to and the investigation of crimes and accidents. They are more highly compensated than patrol officers, and receive additional compensation as supervisors.

The main point of contention relates to the most recent version of the DOL regulation, which creates the additional requirement that to be an "executive," an employee must have the authority to hire or fire other employees, or to make recommendations regarding hiring and firing that are given "particular weight" by the final decision maker. 29 C.F.R. § 541.100(a)(4). Because Natick operates under the civil service system, superior officers do not have the ultimate authority to hire or fire patrol officers. Nonetheless, superior officers play an influential role in the process by evaluating and interviewing new hire candidates as well as candidates for promotion. They are also play a significant role in disciplinary determinations. While they are constrained by civil service rules in exercising these functions, if the test were to be interpreted too literally, virtually no superior officer would be exempt under the FLSA, a result contrary to the purpose of an Act intended to protect ordinary wage earners who have little or no discretion over the manner in which they perform their jobs, and not those who make and enforce workplace rules. Superior officers, by virtue of their independence from close supervision and their powers to direct the work of their subordinates are "executive" employees within any meaningful sense of the term. They are therefore exempt under the terms of the FLSA.

The preamble to the 2004 DOL regulations is, however, applicable to officers who hold the rank of detective. The preamble provides, in pertinent part, that the overtime exemptions do not apply to police officers who perform work such as "preventing or

9

detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining, and apprehending suspects; detaining or supervising suspected and convicted criminals; . . . interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work." 29 C.F.R. § 541.3(b)(1).  Detectives are employed at the same wage rank as ordinary patrol officers and fit squarely within the language of the preamble.

### B. Premium Offset

There are two issues to be resolved in calculating the damages amounts owed to individual plaintiffs.  First, the court must decide whether the Town is entitled to offset the contractual (as opposed to FLSA) overtime payments already made to plaintiffs.  The second issue is whether the Town should be credited for the payment of premiums on a cumulative basis (as defendants contend), or whether the credit may only be taken on a week-by-week basis (as plaintiffs contend).  The FLSA specifically permits an employer to offset the amount owing for FLSA overtime by the "premium component"[10] of any overtime paid to an officer pursuant to a contractual agreement.  29 U.S.C. § 207(h).  Although the Town contends that it is entitled to offset *all* contractual overtime that it paid to plaintiffs pursuant to the CBAs, this is not the case.  As the First Circuit held in Agawam, "only the *premium* portion of the contractual overtime rate (that is, the amount in excess of the employee's regular rate) is deemed 'overtime' pay and may be offset against any statutory overtime liability in the same week."  350 F.3d at 289 (emphasis supplied).

---

[10]The premium rate cannot be "less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during [each] workday or workweek." 29 U.S.C. § 207(e)(7).

Consistent with the instructions of the First Circuit and Judge Ponsor's holding in O'Brien v. Town of Agawam, 491 F. Supp. 2d 170 (D. Mass. 2007), this court holds that the Town is permitted to offset only the premium portions of contractual overtime payments, although it is entitled to do so on a cumulative basis. That is, the Town may apply a credit "regardless of when the premiums were paid and when the overtime work occurred." Id. at 176.

### 4. Liquidated Damages

An employer who violates the provisions of the FLSA "shall be liable to the employee or employees. . . [for] unpaid compensation. . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). As Judge Ponsor has noted, "liquidated damages are normally awarded in cases where an FLSA violation has been established, and it is the employer's burden to show why that general practice should not be followed." O'Brien v. Town of Agawam, 482 F. Supp. 2d 115, 120 (D. Mass. 2007). The burden on defendants to demonstrate that they acted in good faith is a surprisingly heavy one, as "case law construing 29 U.S.C. § 260 strongly suggests that liquidated damages must be awarded unless the employer can show that it solicited an opinion from the Department of Labor regarding the employment practice at issue, or relied on the advice of informed counsel." Id. (internal citations omitted). Here, defendants concede that they neither solicited an opinion from the DOL nor relied on the advice of counsel. Accordingly, liquidated damages must be awarded to each plaintiff in an amount equal to that owed in unpaid overtime.

### CONCLUSION

For the foregoing reasons, the parties' cross-motions for summary judgment are <u>ALLOWED</u> in part and <u>DENIED</u> in part. Plaintiffs are entitled to have all wage augments included in the calculation of their regular rate,[11] and to be paid FLSA overtime for performing Town Details. Sergeants and lieutenants are exempt from the FLSA's overtime provisions; detectives are not. Plaintiffs who are eligible to receive overtime are entitled to liquidated damages in an amount equal to the sum that has not been paid. The Town is entitled to credit the premium portions of all contractual overtime payments on a cumulative basis as earlier specified. The parties will calculate the amount owed to each plaintiff under the court's rulings and will submit a proposed form of final judgement within forty-five (45) days of the date of this Order.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[11] The parties are directed to Judge Ponsor's opinion in <u>O'Brien v. Town of Agawam</u>, 440 F. Supp. 2d 3, 11-12 (D. Mass. 2006), for guidance as to the correct method for calculating the regular rate.