THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and,<br><br>Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Town of Natick, et al.<br><br>    Defendants | USDC Case No.:  04-11996 RGS |

**PLAINTIFFS' MOTION
FOR CLARIFICATION OR AMENDMENT
OF COURT'S MEMORANDUM AND ORDER (DOC#69)
REGARDING THREE YEAR STATUTE OF LIMITATIONS
AND ATTORNEYS FEES ISSUES**

**A.    Introduction**

Plaintiffs, by counsel, hereby move for clarification or amendment of the Court's Memorandum and Order on Cross Motions For Summary Judgment (Doc #69, dated Sept. 25, 2007) ("Memorandum") under FRCP Rule 60(a) or other relevant rule to the extent that the Memorandum does not comment on the three-year statute of limitations issue or Plaintiffs' entitlement to reimbursement for attorney fees and costs in the instant FLSA action. Clarification or amendment of the Memorandum in this regard is necessary before the parties may proceed to reach agreement as to a final proposed form of judgment.

1

**B.    Three Year Statute Of Limitations Issue.**

Regarding the three-year statute of limitations issue, Plaintiffs request clarification or amendment of the Court's Memorandum and Order on Cross Motions For Summary Judgment (Doc #69, dated Sept. 25, 2007) such that the Court order a trial on the issue of "willfulness" of the FLSA violation found by the Court.  "The FLSA imposes a two-year statute of limitations unless the violations are shown to be willful, in which case a three-year period applies." <u>Reich v. Newspapers of New England</u>, 44 F.3d 1060 (1st Cir. 1995) (citing 29 U.S.C. §255(a)); <u>Lopez v Corporation Azucarera de Puerto Rico</u>, 938 F2d 1510 (1st Cir. 1991); <u>see also</u>  <u>Andrews v. Dubois</u>, 888 F. Supp. 213 (D. Mass. 1995). FLSA violations are willful where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." <u>McLaughlin v. Richland Shoe Co</u>., 486 U.S. 128, 133 (1988); <u>Newspapers of New England</u>, 44 F.3d at 1079.

The First Amended Complaint (Doc #16, per order granting motion to amend dated July 19, 2005) at ¶¶17 and 19 expressly alleges a willful violation:  "Defendants have violated and continue to violate the FLSA by failing and refusing in a willful and intentional manner [to pay overtime wages as required by the FLSA]".  (Doc #16 at ¶¶17 and 19)  Likewise, Plaintiffs at ¶C of the First Amended Complaint request that relief be granted based upon a "willful" violation (i.e., a three year statute of limitations), as follows:

> C.    Enter a judgment under FLSA Section 216 against Defendants for payment of backwages to Plaintiffs for all sums found due to each Plaintiff for unpaid overtime compensation <u>starting three years</u>

2

>   <u>prior to September 15, 2004</u> (i.e., the date that the
>   instant complaint was filed in Federal District Court)
>   and onward to present.

(Doc #16, emphasis added)

Based upon the foregoing a final judgment may not be issued until the Court accounts for this issue and orders a trial on the issue of "willfulness". In particular, the Complaint allegation that the violation was "willful" must be resolved in order to calculate damages insofar as the statute of limitations and case precedent cited above establish that the damages period will extend back two or three years (i.e., back to either September 15, 2001 or 2002) depending on whether the FLSA violation found by the Court is held to be "willful".

Plaintiffs anticipate that Defendants will argument in opposition to this motion that Plaintiffs waived the "willfulness" issue, and therefore waived the right to have damages calculated dating back three years from the date that the lawsuit was filed. That argument should be rejected.

First, as an initial matter it should be observed that when Plaintiffs filed their motion for summary judgment they did not seek judgment as to the three year statute of limitations issue. This is because Plaintiffs' counsel determined that there was a triable issue and that it was not proper for resolution by motion for summary judgment. See, e.g., <u>Lilliam Acosta Colon v. Wyeth Pharmaceuticals Co.</u>, 363 F. Supp.2d 24, 27-28, and at 29 for quote ("Plaintiffs' are correct in asserting that the determination of their employer's willfulness, or lack thereof, in order to apply the exception to the two year statute of

limitation is a question for the trier of fact to decide.") (collecting numerous cases).

Second, nor can it be said that Plaintiffs waived the issue by their motion for summary judgment. To the contrary, Plaintiffs' motion for summary judgment *expressly* identifies the "willfulness" issue and that Plaintiffs *reserved* for later proceedings a court determination of the issue of "willfulness". In particular, ¶6 of Plaintiffs' Motion For Summary Judgment (Doc #48) states the following in this regard:

> ¶6. The Court hereby enters Judgment on behalf of each Plaintiff for back wages within the meaning of FLSA §216(b) from <u>at least</u> September 15, 2002 to present, <u>pending and subject to any further motions or proceedings</u> before the Court on the issue of the "willfulness" of the FLSA violations described above and, therefore, whether the longer three-year statute of limitations for "willful" violation shall be imposed with damages computed back to September 15, 2001 under FLSA §255(a).

(Doc #48, filed Nov. 1, 2006, Plaintiffs Revised Motion for Summary Judgment, emphasis added.)

Third, the court's comments after oral arguments entered on April 11, 2007 shows that there was no waiver by Plaintiffs of the willfulness issue.[1]

---

[1] Official notes in the docket entered on April 11, 2007 record the following summary by the court: "THE COURT: The court notes are going to say that the Court will be guided by the First Circuit's 'Agawam' decision, and based on 'Agawam' the court determines that there can be no dispute but that the patrol officers, with the exception of the seven patrol detectives are, in fact non-exempt under FSLA. As far as the court is concerned, to the extent that damages are due, if, in fact, they are due, that there can under 'Agawam' be no dispute as to the Quinn Bill incentives and as to longevity pay. If the Court determines the six remaining issues can be decided (and based on today's hearing the Court believes they can), on summary judgment on the facts, offered through the affidavits, and on those facts that are not in dispute; as to whether wage [augments] should be included in the regular rate; the Court will rule as to whether town details fall under a detail rate or an FSLA rate and, if so, which town details; whether -- and this is again I think rightly identified as the most important issue -- whether

4

Rather, the notes reflect that the Court summarized each of the issues that were being presented to the court by the parties on cross motions for summary judgment, and that the Court "believe[d]" that it would be able to resolve all such issues upon motions for summary judgment. Thus, nothing that transpired at oral argument constituted such a waiver.[2]

Fourth, Plaintiffs anticipate that Defendants will cite the First Circuit ruling in Lopez v. Corporacion Azucarera de Puerto Rico, 938 Fl.2d 1510, 1514-1516 (1st Cir. 1991) as supporting the contention that Plaintiffs waived the right to a trial on the willfulness issue. Such argument was raised by Defendants in a prior submission to the court opposing Plaintiffs' motion to add eight consentees. (See: Doc #67, filed May 9, 2007) In that prior submission, Defendants elaborated by arguing that because the "willfulness" issue "was not briefed or argued at the Summary Judgment stage and no evidence or affidavits regarding the claim of a willful violation were put forward by Plaintiffs," the allegation of willfulness was "waived." (Doc#67 at page 2) Defendants argument in this regard is not persuasive and should be rejected.

To begin with, in Lopez, the First Circuit on appeal reviewed whether the District Court properly granted a motion for summary judgment by defendant (referred to as the "First Summary Judgment" motion) to dismiss the claims of

---

the superior officers are, in fact, in an FSLA exempt status. If they are not, then whether pre- and post-work periods are compensable as damages; whether there is a premium offset, and, if so, what is the reach back of that offset; and, finally, the proper test to be to the claim for liquidated damages. Does that sound right?  MR. CANZONERI: Yes, it does.  MS. NORTH: Yes, your Honor.  THE COURT: . . .  All right we will be in recess." (Entered on 4/11/2007 by the Court)

[2] Indeed, it would be surprising that a plaintiff would waive the three-year statute of limitations issue where such waiver would result in a plaintiff recouping one fewer years year of damages.

two plaintiffs on grounds that the claims of those two plaintiffs were barred by the two year statute of limitations. Id. at 1515. In their opposition to the employer's motion for summary judgment on the statute of limitations issue, the two plaintiffs in Lopez did not proffer any evidence showing a willful violation. It was in that context that, quite predictably, the First Circuit affirmed the District Court's grant of summary judgment on the statute of limitations issue, holding: "We cannot conclude that the present summary judgment record, although viewed most favorably to appellants, raises any genuine issue of material fact concerning the willfulness of the FLSA violations alleged against Azucarera. A violation of the FLSA cannot be considered willful unless the employer acted not only unreasonably, but recklessly." Id. at 1515.

The present case is entirely distinguishable from Lopez. Here *neither party* sought to establish or refute the existence of a "willful" violation through motions for summary judgment. If Defendants wanted to preclude a trial on any issue, it was incumbent upon Defendants to identify that issue in their motion for summary judgment. Defendants did not do so and Defendants therefore waived the right to a non-trial resolution of the willfulness issue. Accordingly, the issue of the willfulness of the violation is still alive and a trial should be held on that issue. Defendants reading of Lopez as reflected in their prior submission (Doc #67 at page 2) turns the rationale of the First Circuit on its head and is based upon the fallacy that, if a plaintiff does not bring a motion for summary judgment to establish a three year statute of limitation, then a two year statute of limitation must be concluded.

The Court should reject that argument and find that Plaintiffs were entitled to view the "willfulness" issue as one that raises triable issues of fact and refrain from bringing a motion for summary judgment on that issue as they did here. See, e.g., Lilliam Acosta Colon v. Wyeth Pharmaceuticals Co., 363 F. Supp.2d 24, 27-28, and at 29 for quote ("Plaintiffs' are correct in asserting that the determination of their employer's willfulness, or lack thereof, in order to apply the exception to the two year statute of limitation is a question for the trier of fact to decide.") (collecting numerous cases).  Therefore, a course of action by Plaintiffs here based upon a premise that it is triable issue rather than an issue for resolution upon motion for summary judgment does not logically constitute a waiver and Lopez does not establish otherwise.

Based upon the foregoing, Plaintiffs respectfully request that the Court clarify or amend its Memorandum to account for the "willfulness" issue and order a trial on same prior to final disposition of this matter.[3]

### C. Attorneys Fees.

Plaintiffs requested reimbursement for attorneys fees and costs in their complaint and in their motion for summary judgment.  The FLSA at 29 U.S.C. §216(b) provides for attorneys fees and costs as a matter of course upon a plaintiff prevailing in an FLSA unpaid wages claim:  "The court in such action [for violation of 29 U.S.C. §§206-207 for unpaid minimum or overtime wages]

---

[3] As a practical matter, Plaintiffs do not have a preference as to whether such trial would occur before or after an accounting of damages was done for at least the two year period onward. Such accounting for a two year period onward may shed greater light on the damages owing and that in turn could lead to a settlement.  However, final judgment should not be issued until the willfulness issue is resolved.

7

shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." . 29 U.S.C. §216(b).  Since the Court's Memorandum does not comment on how and when attorneys fees shall be handled, Plaintiffs respectfully request clarification or amendment of the Memorandum to address that issue.

### D. Motion.

WHEREFORE Plaintiffs respectfully request clarification or modification of the Court's Memorandum such that the issue of willfulness be submitted for resolution by jury trial prior to issuance of a final judgment in this matter. Further, Plaintiffs respectfully request clarification or modification of the Court's Memorandum relating to how the Court wishes to proceed with regard to attorneys fees and costs owing to Plaintiffs prevailing in this action.

        Respectfully submitted,

        For Plaintiffs,

        By Plaintiffs' Counsel:

        */s/ Jack J. Canzoneri*
        Jack J. Canzoneri, BBO #564126
        McDonald, Lamond & Canzoneri
        Cordaville Office Center
        153 Cordaville Road, Suite 210
        Southborough, Massachusetts 01772
        (508) 485-6600

Dated:  October 2, 2007

## RULE 7.1 CERTIFICATION

I, Jack J. Canzoneri, hereby certify that I have conferred and have attempted in good faith to resolve or narrow the issue in the above-captioned matter and that counsel were unable to reach agreement; Defendants' counsel oppose the motion.

Dated:  October 2, 2007          */s/ Jack J. Canzoneri*
                                 Jack J. Canzoneri

## CERTIFICATE OF SERVICE

I, Jack J. Canzoneri, hereby certify that I have this day via the Electronic Case File system, served a copy of the foregoing upon opposing counsel John P. Flynn, Jr. Esq., Karis North, Esq., Kathryn Murphy, Esq., and Geoffrey B. McCullough, Esq., Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony Drive, P.O. Box 9126, Quincy, Massachusetts  02269.

Dated:  October 2, 2007          */s/ Jack J. Canzoneri*
                                 Jack J. Canzoneri