THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04- 11996RGS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. | )<br>)<br>) |
| and | ) |
| Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al. | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| Town of Natick, et al. | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OR AMENDMENT OF COURT'S MEMORANDUM AND ORDER (DOC #69) REGARDING THE THREE YEAR STATUTE OF LIMITATIONS AND ATTORNEYS FEES ISSUES**

Defendants, Town of Natick, Natick Police Department, and Chief Dennis R. Mannix, oppose Plaintiff's Motion for Clarification or Amendment on the grounds that there is nothing in the Court's September 25, 2007 Memorandum and Order which requires clarification or amendment. The Court responded fully to all issues raised in the Summary Judgment briefings, and the issues raised by the Plaintiffs in this Motion are waived, or premature. In support of this Opposition, Defendants state as follows:

1. **Three Year Statute of Limitations**.

There is nothing to clarify regarding the issue of "willfulness" of the Town's alleged violations of the FLSA. The Court's September 25, 2007 decision responded to

and addressed all of the issues raised by the parties on Summary Judgment, and the Court's Memorandum and Order is clear. Defendants' oppose Plaintiffs' request, and move that this court enter an order that the question of willfulness was waived, and that consequently, a two-year statute of limitations applies.

Defendants do not contest that the Plaintiffs alleged in the Complaint and the Amended Complaint that the violations of the FLSA at issue in this matter were willful. However, that claim was not briefed or argued at the Summary Judgment stage and no evidence or affidavits regarding the claim of a willful violation were put forward by Plaintiffs. Thus, that allegation has been waived, and the 2-year statute of limitations applies. See Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1514-1516 (1st Cir. 1991) (failure by plaintiff to make a competent demonstration as to willfulness results in the application of a 2-year statute of limitations).

Plaintiffs admit that they did not move for Summary Judgment on the willfulness issue, and in fact moved for back wages beginning September 15, 2002, only two years prior to the filing of the Complaint. Plaintiffs' Motion for Summary Judgment stated, at ¶ 6:

> The Court hereby enters Judgment on behalf of each Plaintiff for back wages within the meaning of FLSA § 216(b) from at least September 15, 2002 to present, pending and subject to any further motions or proceedings before the court on the issue of the "willfulness" of the FLSA violations described above . . .

No further motions were filed during the time frame in which Summary Judgment motions, cross-motions, and oppositions were filed, and prior to oral argument. Further, because Plaintiffs never affirmatively moved for Summary Judgment on this issue, Defendants never had the opportunity to oppose such a motion, and set

forth their evidence. For all of these reasons, Defendants submit that Plaintiffs have waived the willfulness issue, and it should not be allowed to be re-opened at this late date.

Plaintiffs' arguments in the instant motion appear to set forth a new standard of law which is entirely incorrect. Plaintiffs' appear to argue that as long as "willfulness" is pled, that is sufficient to find Defendants willful, and allow a three-year look back period for damages. The default statute of limitations for FLSA cases is two years. However, in cases where it can be demonstrated that the employer willfully failed to pay overtime, the statute of limitations may expand to three years. The statute of limitations will determine the extent to which plaintiffs are entitled to back pay. 29 U.S.C. 255(a).

The term "willful" has been defined in case law decided under the FLSA. The standard to determine willfulness is whether the employer either knew or showed reckless disregard for whether its conduct violated the FLSA.[1] McLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S. Ct. 1677, 100 L.Ed.2d 115 (1988). Not every instance of failure to pay overtime is willful, and requires application of a three-year statute of limitations. Here, as will be demonstrated with the filing of its proposed judgment, based on the terms of the Collective Bargaining Agreements ("CBAs"), the Town overpaid many of the Plaintiffs, and thus there was no actual violation of the FLSA. Further, with respect to the Superior Officers, because they are exempt employees, any failure to pay FLSA overtime cannot be deemed to be willful. These employees were also overpaid under the terms of the CBAs, and further were paid an additional Supervisory Stipend.

---

[1] The standard for determining willfulness is separate and distinct from the standard used to determine whether liquidated damages are available (which issue was briefed by the parties), although in some instances the evidence utilized to prove or disprove each may overlap.

Therefore, Defendants' request that any clarification or amendment of the Court's Summary Judgment ruling find that Plaintiffs waived the issue of willfulness, and thus the two-year look-back period is the appropriate period to apply to any damages calculations.[2]

### 2. **Attorney's Fees**.

The award of attorney's fees is not an automatic event. Plaintiffs must move for fees, and support their application with detailed information about the reasonableness of those fees. Thus, Plaintiffs' request for clarification on their request for attorney's fees is premature. Under the FLSA, section 216(b), attorney's fees are to be awarded when and only when a judgment is issued. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." As there has not been any final judgment entered in this matter, any award of attorney's fees in not appropriate at this time.

The Defendants and the Court are entitled to scrutinize any such fee application, in accordance with the standards set forth by the courts and the lodestar method. "It is well established that the lodestar approach, 'which computes attorney's fees by multiplying the number of hours reasonably spent on a case by a reasonable hourly rate,' is the appropriate method of determining attorney's fees [in FLSA cases]." Mogilevsky v. Bally Total Fitness Corp., 311 F. Supp. 2d 212, 216 (D. Mass. 2004). A lodestar evaluation includes an evaluation of the rate, and the number of hours expended. Id. at 216-218. The lodestar fee is also further evaluated in light of the results obtained. "Analysis of the results obtained is a 'preeminent consideration in the fee-adjustment

---

[2] In the alternative, if the Court determines that the issue was not waived, the Town requests the opportunity to present evidence on this issue, in the form of motions or evidence presented in a bench trial.

4

process.'" Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 338 (1st Cir. 1997).

Therefore, for all of the foregoing reasons, Defendants respectfully request that Plaintiffs Motion for Clarification or Amendment be denied as unnecessary and inappropriate at this time. With respect to the question of the Defendants alleged "willful" violation of the FLSA, Defendants request that the Court find that issue waived, and that a two-year statute of limitations applies. If this Court deems the question still open, Defendants request the opportunity to brief the matter further, or to present evidence in the form of a bench trial. On the attorney's fees issue, Defendants reserve the right to oppose any motion for attorney's fees which might be filed after judgment is issued.

            Respectfully submitted,

            Defendants, TOWN OF NATICK,
            NATICK POLICE DEPARTMENT, and
            DENNIS R. MANNIX, CHIEF OF POLICE

            By their attorneys,

            /s/ Karis L. North
            John P. Flynn, BBO# 172640
            Geoffrey B. McCullough, BBO# 558207
            Kathryn M. Murphy, BBO#564789
            Karis L. North, BBO # 648998
            MURPHY, HESSE, TOOMEY & LEHANE, LLP
            300 Crown Colony Drive, Suite 410
            Quincy, MA 02169
            (617) 479-5000

Dated: October 17, 2007

**RULE 7.1 CERTIFICATION**

I, Karis L. North, hereby certify that I have conferred with Plaintiff's counsel and have attempted in good faith to resolve or narrow the issue in the above-captioned matter and opposing counsel does not object to submission of the foregoing.

                                                        /s/ Karis L. North
                                                        Karis L. North

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on October 17, 2007

                                                        /s/ Karis L. North
                                                        Karis L. North