UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11996-RGS

ROBERT F. MURPHY, III
and
BRIAN C. GRASSEY, et al.

v.

THE TOWN OF NATICK, NATICK
POLICE DEPARTMENT,
and
DENNIS R. MANNIX

ORDER ON PLAINTIFFS' MOTION
FOR CLARIFICATION

October 19, 2007

STEARNS, D.J.

On September 25, 2007, the court issued a Memorandum and Order on the parties' cross-motions for summary judgment. Plaintiffs Robert F. Murphy and Brian C. Grassey have moved for clarification of the Order, in which the court ruled that plaintiffs are entitled to have all wage augments included in their regular rate of pay, and to be paid Fair Labor Standard Act (FLSA) overtime for performing Town Details.[1] Defendants oppose the motion.

Plaintiffs' motion seeks an order from the court setting trial on the issue of whether defendants' violations of the FLSA were wilful. In addition, plaintiffs request that the court

---

[1] The court additionally ruled that sergeants and lieutenants (but not detectives) are exempt from the FLSA's provisions, and that plaintiffs are entitled to liquidated damages in an amount equal to the sum that has not been paid. Finally, the court ruled that the Town of Natick is entitled to credit the premium portions of all contractual overtime payments on a cumulative basis.

clarify how it intends to address the issue of attorneys' fees. Defendants for their part argue that plaintiffs waived the issue of wilfulness by failing to raise it in their motion for summary judgment. Therefore, defendants argue, a two-year statute of limitations applies rather than the three-year statute of limitations governing cases in which there has been a finding of wilfulness.

Plaintiffs' failure to move (or decision not to do so) for summary judgment on the issue of wilfulness does not constitute a waiver. Unlike an appeal of a final judgment, which requires that an issue be raised or else waived, Fed. R. Civ. P. 56(a) specifically permits a claimant to move for summary judgment "on all or part of the claim." In the event that the parties cannot reach an agreement, the court will hold a bench trial to resolve the question of whether defendants' actions were wilful.[2] With regard to attorneys' fees, plaintiffs' request is premature. The court will not entertain a petition for attorneys' fees until a final judgment has been rendered.

## CONCLUSION

The motion for clarification is <u>ALLOWED</u> in part and <u>DENIED</u> in part as moot. The parties shall submit a joint status report within twenty-one (21) days from the date of this Order advising the court whether it is necessary to schedule a trial.

SO ORDERED.

/s/ Richard G. Stearns

---

[2]The Amended Complaint does not contain a demand for trial by jury. Although defendants' Answer does contain a jury demand, they request in their opposition to the motion for clarification that should the court find that the issue of wilfulness was not waived, they be afforded the opportunity to present evidence by way of motion practice or a bench trial.

_____
UNITED STATES DISTRICT JUDGE