THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and,<br><br>Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Town of Natick, et al.<br><br>    Defendants | USDC Case No.:  04-11996 RGS |

**DEFENDANTS' RESPONSE
TO DEFENDANTS' MOTION (DOC #73)
FOR ENLARGMENT OF TIME TO SUBMIT
PROPOSED FORM OF FINAL JUDGMENT**

Plaintiffs Robert Murphy et al. respectfully submit this response to the above-referenced motion filed by the Defendants (Doc #73).

Plaintiffs agree with Defendants that the time for submitting a "proposed form of final judgment" per the Court's order (Doc #69 at page 12) should be extended for the logistical issues referenced by Defendants.

1

However, the procedural disposition should address deadlines and sequence for three litigation events/issues as follows:[1]

- Deadline for resolution of disputes between the parties as to the computation methodology for calculating damages.[2]
- Bench trial or deadline for parties to submit stipulation of agreement on "willfulness" issue per the Court's order (Doc #72).
- Deadline for parties to submit proposed form of final judgment.

Step One – Resolve Computation Disputes.

The first of these three issues to be addressed should be the computation methodology for two key reasons.

First, the likelihood of the parties being able to compromise (reach agreement) on the issue of willfulness will likely hinge on their respective position on how damages are calculated, namely, whether adding one year to the limitations period makes a significant difference in the bottom line amounts owing to Plaintiffs.

---

[1] The approach suggested in Defendants' motion fails to address the sequence and deadline for these three events sufficiently and thus Plaintiffs are filing this separate response.

[2] As reported accurately by Defendants' counsel, counsel met on Thursday October 18 for a face-to-face meeting at Defendants' law offices to discuss the proper methodology for computing damages. Counsel learned from such face-to-face meeting that there are areas of agreement and disagreement. A key area for which there is no resolution at present is how to compute overtime premium pay for hours of work spent on Town details per the Court's order. Additionally, there is a significant difference that will require guidance from the court on whether details involving private contractors procured by and on behalf of the Town's Department of Public Works should be handled (i.e., as "private" or "Town" details). The ultimate resolution of how backpay will be handled for Town details may affect all other issues that appear to be resolved at present. Thus how Town details and any other disputes will be handled is a potential major area of difference and may require the parties to file motions with the court for guidance and clarification.

Second, the computation issues should be resolved first because it is more efficient. In particular, it would be wasteful for either party to apply a *disputed computation methodology* only to find that it was rejected by the court. Thus, Plaintiffs believe it is more efficient to establish the computation methodology first before it is applied to fifty plaintiffs over a damages period of five plus years. Efficiency dictates that the methodology should be established, then it should be applied to all plaintiffs for all years of the damages period.

### Step Two – Resolve "Willfulness" Issue

The second issue to be addressed should be the "willfulness" issue for two reasons.

First, the "final judgment" is the last act of the court in a court action and memorializes all salient points about the disposition of the case. Since the "willfulness" issue is not yet resolved, it is a logistical and legal impossibility for there to be a proposed form of "final judgment". The willfulness issue must be resolved before a proposed final form of judgment is submitted.

Second, it would be inefficient to have the parties submit a proposed form of final judgment, and then have them modify it if the "willfulness" issue was resolved to require computation of an additional year of backpay.

### Third Step – Submission of Proposed Form of Final Judgment

Plaintiffs believe that the last deadline should relate to submission of a proposed form of final judgment. After any computation methodology disputes are resolved (step one), and the willfulness issue is determined (step two), then the parties will be fully apprised of all salient information necessary to

3

complete a proposed form of final judgment.  Further, they are most likely in that context to be able to submit a proposed form of final judgment that is a *joint* proposal, rather than separate proposals.  That in turn promotes efficiency and economy in the court's processing of this case.

WHEREFORE, based upon the considerations set forth above, Plaintiffs respectfully submit that the schedule for the proposed form of final judgment and other matters should be handled as follows:

The parties shall submit a status report outlining areas of agreement or disagreement on the computation of damages by November 9, 2007 with proposed deadlines for the following events, in this order:

- Deadline for resolution of disputes between the parties as to the computation methodology for calculating damages.
- Bench trial or deadline for parties to submit stipulation of agreement on "willfulness" issue per the Court's order (Doc #72).
- Deadline for parties to submit proposed form of final judgment.

    Respectfully submitted,

    For Plaintiffs,

    By Plaintiffs' Counsel:

    */s/ Jack J. Canzoneri*
    Jack J. Canzoneri, BBO #564126
    McDonald, Lamond & Canzoneri
    Cordaville Office Center
    153 Cordaville Road, Suite 210
    Southborough, Massachusetts 01772
    (508) 485-6600

Dated:  October 24, 2007

## RULE 7.1 CERTIFICATION

I, Jack J. Canzoneri, hereby certify that I have conferred and have attempted in good faith to resolve or narrow the issue in the above-referenced response to Defendants' motion.

Dated: October 24, 2007          /s/ Jack J. Canzoneri
                                 Jack J. Canzoneri

## CERTIFICATE OF SERVICE

I, Jack J. Canzoneri, hereby certify that I have this day via the Electronic Case File system, served a copy of the foregoing upon opposing counsel John P. Flynn, Jr. Esq., Karis North, Esq., Kathryn Murphy, Esq., and Geoffrey B. McCullough, Esq., Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony Drive, P.O. Box 9126, Quincy, Massachusetts 02269.

Dated: October 24, 2007          /s/ Jack J. Canzoneri
                                 Jack J. Canzoneri