THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04- 11996-RGS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al. <br><br> Plaintiffs, <br><br> v. <br><br> Town of Natick, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' REPLY TO PLAINTIFFS' REPONSE RE: MOTION TO ENLARGE TIME TO SUBMIT PROPOSED FORM OF FINAL JUDGMENT

Defendants, Town of Natick, Natick Police Department, and Chief Dennis R. Mannix, reply to Plaintiffs' Response to Defendants' Motion to Enlarge Time, and respectfully disagree with the assumptions and process set forth in Plaintiffs' Response. In support of this position, Defendants' state the following:

1. The areas which Plaintiffs state are in "disagreement" do not require resolution by this Court because the guidance provided in the 9/25/07 Opinion is clear. Instead, Defendants submit that Plaintiffs try here take a "second bite at the apple" and re-argue issues which have been decided.

        a.     At the time the parties met on 10/18/07 to discuss methodologies, Defendants had not completed their analysis of how to include the hours worked on Town Details into the general FLSA overtime pot of hours. Since that meeting, Defendants have further refined that analysis, and believes they have established a methodology which is supported by the 9/25/07 Opinion. Defendants will continue to meet with Plaintiffs counsel to discuss the analysis.

        b.     The 9/25/07 Opinion clearly states how Town Details are to be addressed by the parties – those hours worked for Town Departments are included as hours worked for the purposes of calculating any FLSA overtime due. Plaintiffs attempt to create a dispute which does not exist.

    2.     While establishing methodologies to make the required calculations are important, it is virtually impossible to establish such methodologies in a vacuum. In order for the methodology to have any import, it must be applied to the facts and numbers at issue in this matter. So-called "computation disputes" cannot be resolved without consideration of the larger context of application of those methodologies. Defendants believe it is unlikely that any methodology will be "rejected" by the Court, although is it certainly likely that any proposed methodology may be refined per Court order.

    3.     While resolution of the willfulness issue is important, it is likely to be a small piece of the potential overall damages owed to Plaintiffs (i.e., one year out of approximately five or six). As such, Defendants believe it is more important to establish the overall picture for the 2-year look back, and the damages going forward from the date of the Complaint (9/24/04), before focusing on the smaller piece. It does not make sense to take time to resolve the willfulness issue prior to resolution of how the majority of the damages are to be calculated. Once the question of

willfulness is resolved, applying that resolution becomes mostly a ministerial task of further calculation of numbers.  Further, calculations of the majority of the damages may inform the parties in how they want to handle the willfulness issue going forward, i.e., whether they will find compromise on the issue, or decide to submit it to a trial.

4.      The parties are in agreement that they need significant additional time to calculate the proposed damages owed and prepare proposed forms of final judgment.  Defendants submit that it is from this calculation that all other numbers, decisions, issues, and compromise will flow.  As such, it should be the first piece resolved.

5.      In their Response, Plaintiffs state "the likelihood of the parties being able to compromise (reach agreement) on the issue of willfulness will likely hinge on their respective position on how damages are calculated, namely, whether adding one year to the limitations period make a significant difference in the bottom line amounts owning to Plaintiffs."  Defendants agree that the parties should actively seek to reach a compromise, but are not able to assess potential compromises until the proposed amount due is calculated.

WHEREFORE, Defendants respectfully submit that the following schedule should be established by the Court, to address revised deadlines for submission of the proposed forms of final judgment, and proposed resolution of the willfulness issue:

1.      Allow the parties an additional sixty (60) day until January 9, 2008 to submit interim proposed forms of final judgment, which do not include resolution of willfulness, or damages attributable to willfulness.  This submission would include an explanation of methodologies and highlight any of the parties' perceived disputes.

2.Allow the parties thirty (30) days following submission of proposed forms of final judgment in #1 (i.e., by Monday February 11, 2008) to submit a joint proposal on resolution of the willfulness issue

3.Following resolution of #1 and #2 above, the parties submit final proposed forms of final judgment which include any refinements as ordered by the Court, and include willfulness, if applicable, based on the final resolution thereof.

Defendants believe that the above schedule makes the most sense in light of the application of various rulings of the Court, and also allows the parties sufficient time to evaluate their own liability and work cooperatively in resolving this matter.

Respectfully submitted,

For Defendants TOWN OF NATICK,
NATICK POLICE DEPARTMENT, and
DENNIS R. MANNIX, CHIEF OF POLICE

By their attorneys,

*/s/ Karis L. North*
John P. Flynn, BBO# 172640
Geoffrey B. McCullough, BBO# 558207
Kathryn M. Murphy, BBO#564789
Karis L. North, BBO # 648998
MURPHY, HESSE, TOOMEY &
LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

Dated: October 25, 2007

## RULE 7.1 CERTIFICATION

I, Karis L. North, hereby certify that I have conferred with Plaintiff's counsel and have attempted in good faith to resolve or narrow the issue in the above-captioned matter and the parties continue to differ.

                                                /s/ Karis L. North
                                                Karis L. North

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on October 25, 2007.

                                                /s/ Karis L. North
                                                Karis L. North