THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04-11996RGS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. | )<br>)<br>)<br>) |
| and | ) |
| Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| Town of Natick, et al. | )<br>) |
| Defendants. | )<br>) |

## DEFENDANTS' INTERIM PROPOSED FORM OF JUDGMENT

Defendants respectfully submit their interim proposed form of judgment, in accordance with this Court's 9/25/07 Memorandum and Order on Cross-Motions for Summary Judgment, 10/29/07 Order granting Defendants' Motion for Extension of Time, and 12/18/07 Order granting Motion for Extension of Time.

### I.  BACKGROUND

Defendants analyzed the damages owing to certain Plaintiffs in accord with the direction provided by this Court.  Damages data were analyzed for the "period at issue"

(defined for purposes of this filing as from 9/15/02 through 6/30/07).[1] To bring the total damages owed through the end of 2007, the data were extrapolated. Data were analyzed for 57.5 months out of 63.5 months, or 90.55% of the period at issue. Each eligible Plaintiff's total was rounded up to account for the 6 months not analyzed by dividing the net total by 0.9055.

Eligible Plaintiffs are those Plaintiffs for whom the Court ordered damages be analyzed, and represents those who held the rank of Patrol Officer, including those at the rank of Detective, at any time during the period at issue. A total of 49 Plaintiffs held that rank at some time.

Data were analyzed for each week at issue during the period at issue, and were totaled annually and then cumulatively. An analysis was done for damages due on the basis of FLSA overtime for hours worked in excess of 40 hours per week, and FLSA overtime accruing from "Town Details" as defined by this Court. The two numbers were summed, and then that net total was extrapolated to 12/31/07 by multiplying the total by 109.45 percent. That number was doubled to provide the total damages owed including liquidated damages. As a result of this calculation, Defendants submit that as of 12/31/07, eligible Plaintiffs are owed a total of $56,216.41 in net damages for a total of $112,432.83 including liquidated damages.

## II. METHODOLOGY AND CALCULATIONS

In order to evaluate the damages owing to the eligible Plaintiffs, Defendants first identified the number of actual hours worked for each eligible Plaintiff for each week in controversy. Because the Town does not keep all of this information in one database, the

---

[1] Data are also available for 9/15/01 through 9/14/02, but have not been completely analyzed because whether that period is relevant will turn on the resolution of the "willfulness" issue.

information had to be extrapolated from several sources. Data was obtained from Town payroll records, as well as Town leave records.[2] Defendants created "summary sheets" for each Plaintiff which list in one file the hours worked in every week, including any overtime,[3] any leave taken,[4] the base work schedule for that week,[5] and all wage augments paid that week.[6] These summary sheets list other items from the pay records which show additional compensation paid, such as Holiday Pay, but which are not related to actual hours worked. The summary sheets also list Detail Hours, which were not utilized in this part of the analysis because the data provided do not distinguish between "Town Details" which are to be credited towards additional overtime, and other details, which are not. Town Details were added back into the analysis in a separate calculation, as explained more fully in Part II.C., below.

Each summary sheet for each eligible Plaintiff, as well as the other backup data supporting Defendants' analysis, is in the Appendix to this filing, filed today by hand and in hard copy due to its volume and complexity. The documents supporting the amount due

---

[2] In order to limit the size of the already voluminous appendix, Defendants are not submitting copies of the original payroll, leave, detail, and work schedule documents as part of the Appendix. The summaries compiled by Defendants contain the same information as the original documents. See Affidavit of Karis L. North, filed herewith.

[3] Overtime hours for purposes of this analysis are listed in the summary sheets as OT Day, OT Night or Court OT Day Rate.

[4] Leave includes sick leave, vacation time, personal days, bereavement days, Injured on Duty leave, or any other days tracked by the Town where an officer was not present for a scheduled work day.

[5] Many of the Patrol Officers work a 4-2 shift, which means that for 4 weeks in a row they are scheduled for 40 hours per week, and then for 2 weeks in a row they are scheduled for 32 hours per week. The schedules vary by Officer with assignments to different "groups" within the Department, and may change based on Officer preference and availability. Data as to group assignments and the schedules were provided by the Department.

[6] Which wage augments are paid each week vary by officer. Each augment was counted on the date it was paid, so, for example, augments that are not paid weekly such as Community Service pay were added into the total only on the date paid and not spread out over the year.

to Lead Patrol Officer Plaintiff Robert F. Murphy ("Officer Murphy") are at Tab 1, and will be discussed in this filing for example purposes. The documents for the other 49 eligible plaintiffs follow in alphabetical order at Tabs 2-49. Within the documents at each numeric tab are the individual summary sheets at Tab A; the overtime credit analysis at Tab B; an annual summary comparing the totals from Tab A with the credits from Tab B, at Tab C; and the detail analysis at Tab D. The final totals due to each Plaintiff are listed in Exhibit A, attached hereto.

### A. Summary Sheets

The summary sheets were prepared by tabulating and comparing all work, leave and pay data for each Plaintiff for each week. Each week was then analyzed to determine whether the Plaintiff had in fact worked more than 40 hours during that week.[7]

In each week where a Plaintiff worked more than 40 hours, the increase to the base wage from the wage augments was calculated. The wage augments paid that week were totaled, and divided by 40 to provide the addition to the hourly rate due to the augments (sum of augments/40 = hourly rate attributable to augments). That rate was multiplied by the hours over 40 worked, to determine the extra amount due to that Plaintiff in that week, attributable to the wage augments, in terms of the base rate of pay. Those numbers were totaled on an annual basis, and for the entire period in dispute, and multiplied by 1.5 to provide the amount due as additional overtime (additional monies due at base rate X 1.5 = additional monies due at overtime rate).

---

[7] Hours for each week were analyzed based on the pay, leave, and work schedule data provided by the Town and/or the Department, and dates utilized were the dates from the actual data. No corrections were made to account for any delay in pay, when compared to work schedules.

Data for 2001 were not analyzed for the purposes of this filing but are included in the summary charts. The totals for 2002 were multiplied by 0.25, to account for the fact that only approximately 25 percent of 2002 (9/15/02-12/31/02) is at issue in this filing.

As an example illustrating the above process, on 5/6/2003, Officer Murphy worked 4 hours of Night OT for a total of 44 hours worked that week. That same week, he took 8 hours of Vacation. His total hours worked (44) are reduced by his vacation hours (8). 44-8 = 36, so there is no FLSA overtime due that week. On 5/27/2003 Officer Murphy worked 4 hours of Day OT, for a total of 44 hours worked. He took no leave that week, and was scheduled for a 40 hour week, so he is entitled to 4 hours of additional pay at time and a half, with his base rate to include the specific wage augments earned that week (in this case, Education and Longevity pay).

### B.     Overtime Credits

Because Plaintiffs are paid overtime for every extra shift, in accord with the contract (i.e., "contact overtime") Defendants are entitled to credit the premium portion of this overtime pay, for weeks in which the Plaintiffs did not actually work 40 hours, because of leave taken, or work schedules.

To perform this part of the analysis, Defendants examined every week in which the Plaintiffs worked over 40 hours. For each such week, the hours worked in overtime over 40 hours were reduced by the hours of leave taken (or hours not worked if the Officer was scheduled for a 32 hour week), up to the total amount of overtime hours worked. For example, on 9/23/2003 Officer Murphy worked 4 hours of Night OT. As a result, he was paid for 4 hours of contract overtime. In that same week, he took 8 hours of personal leave, and was also scheduled for a 32 hour week. Because Officer Murphy did not actually work

5

more than 40 hours that week, but was paid for 4 hours of contract overtime at 1.5 X base rate, the Defendants are entitled to take a credit for the premium portion of the contract overtime paid for those 4 hours X 0.5, to be offset against any FLSA overtime due to Officer Murphy.

MURPHY

| Work Week in Which Overtime Was Paid But Not Due Under FLSA (Contractual OT) | Number of Non-FLSA (Contract) Overtime Hours Paid | OT Premium | Premium Portion of Overtime Paid (Credit) |
|---|---|---|---|
| 9/23/2003 | 4.00 | 9.67 | $38.68 |

These credits were cumulated annually, and then for the entire period at issue, and offset against any FLSA overtime due for the entire period at issue.[8] Overtime credits for each Plaintiff are located in the Appendix at Tab B of the numerical tab for that Plaintiff.

After the credits are calculated, they are compared to the additional overtime payments due. Where the credit exceeded the FLSA overtime due, the Town did not take a further credit against additional monies which might be due as Town Detail overtime, but reported the amount due to that Plaintiff as 0.00. See Exhibit A. Tables summarizing this comparison are located in the Appendix at Tab C of the numerical tab for that Plaintiff.

For example, after the additional overtime due is calculated, and the overtime credits are credited, Officer Murphy had the following amounts due and excess overtime amounts to be credited:

---

[8] As with the amounts due from the summary sheets, discussed in Part II.A. above, no data was included in this analysis for 2001, and 25% of the total 2002 credit was used for calculating the reported credit for 2002.

| MURPHY | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 | GRAND TOTAL |
|---|---|---|---|---|---|---|---|---|
| FLSA OVERTIME DUE | 0 | 11.16 | 242.3 | 916.92 | 114.02 | 544.11 | 0 | $1828.51 |
| EXCESS CONTRACT PREMIUMS PAID | 0 | 19.34 | 386.80 | 1199.08 | 655.60 | 583.96 | 259.65 | $3104.43 |
| SUM | | | | | | | | $-1275.92 |

Because the sum of the excess contract premiums paid exceeded the FLSA overtime due, Officer Murphy is due no FLSA overtime.

### C. Town Detail Analysis

The Court also ordered that Plaintiffs were entitled to additional wages for excess overtime resulting from "Town Details," which are any details worked for a Town entity, such as the DPW, the Recreation Department, the Town Clerk, or the School Department. The Town provided data for all details worked for any department of the Town, and that data was compiled into individual sheets for each eligible Plaintiff. Dates worked on Town Details were compared to the summary sheet for each Plaintiff, to determine if those town detail hours put the Plaintiff over 40 hours for the week. If not, those dates were not included in the analysis. Only the hours that put the Plaintiff over 40 hours for that week were included. The data was analyzed for every Plaintiff for the period at issue, but not every Plaintiff worked qualifying Town Details, and not every Plaintiff who worked a Town Detail was owed additional monies. Where either no qualifying details were worked, or no monies were due, 0.00 was entered into the final summaries. See Exhibit A.

For each date a Town Detail was worked that put the Plaintiff into actual overtime for that week, the detail rate (the rate paid for the hours worked as specified in the CBA)

was compared to the rate that should have been paid where Town Details are considered overtime under the Court's Order (base rate with augments).[9] The difference multiplied by the hours worked for that detail is the amount due the Plaintiffs.[10] If the Plaintiff was overpaid over the entire period at issue, the Town did not take a credit for that overpayment against monies due for excess overtime from the analysis described in Parts II.A.-II.B. Tables summarizing the Town Detail analysis are located in the Appendix at Tab D of the numerical tab for that Plaintiff.

Officer Murphy worked the following Town Details:

| Date | | Detail Hours | Detail Rate | Base OT Rate | Sum of Augments | Base OT Rate w/ Augments[11] | Difference | Amount Owed |
|---|---|---|---|---|---|---|---|---|
| 11/07/2003 | NATICK DPW (1) | 12.00 | 32.00 | 31.69 | 5.91 | 40.56 | 8.56 | $102.66 |
| 12/23/2003 | NATICK TOWN CLERK | 12.00 | 32.00 | 31.69 | 5.91 | 40.56 | 8.56 | $102.66 |
| 03/07/2007 | NATICK TOWN CLERK | 8.00 | 32.00 | 34.62 | 6.92 | 45.00 | 13.00 | $104.00 |
| TOTAL OWED | | | | | | | | $309.32 |

The amounts due resulting from Town Details were summed with the amounts due from additional overtime, for the net total amount due each Plaintiff. Because Defendants only analyzed data through 6/30/07, the net amount due was extrapolated to 12/31/07. Those numbers were then doubled to account for liquidated damages, to provide the total amount due, per Plaintiff.

---

[9] Base OT rate with Augments was determined as follows: Base OT Rate + (Sum of Augments X 1.5).

[10] Where the amounts paid a Plaintiff at the detail rate were greater than the amount "due" at the FLSA overtime rate, Defendants credited that amount towards the total amount due from details for that Plaintiff.

[11] See Footnote 9.

Based on the foregoing analysis, and the guidance of this Court, Officer Murphy is due the following amounts:

| | TOTAL OT FROM DETAILS 9/15/02-6/30/07 | TOTAL FLSA OT 9/15/02-6/30/07 | NET DAMAGES (Total OT From Details + Total FLSA OT) | NET DAMAGES EXTRAPOLATED TO 12/31/07 (Net Damages/0.9055) | TOTAL DAMAGES AS OF 12/31/07 (Extrapolated Net Damages x 2) |
|---|---|---|---|---|---|
| **Murphy** | $309.32 | $0.00 | $309.32 | $341.60 | $683.20 |

### III. CONCLUSION

Defendants submit that based on the foregoing analysis, the backup data contained in the Appendix, and the guidance from the Court, eligible Plaintiffs are due the amounts set forth in the table attached hereto as Exhibit A.

WHEREFORE, Defendants submit that this interim proposed form of judgment as set forth in Exhibit A be adopted by the Court and is the amount awarded to eligible Plaintiffs for the period 9/15/02 through 12/31/07. Specifically, Defendants submit that as of 12/31/07, eligible Plaintiffs are owed a total of $56,216.41 in net damages for a total of $112,432.83 including liquidated damages.

>Respectfully submitted,
>
>Defendants, TOWN OF NATICK,
>NATICK POLICE DEPARTMENT, and
>DENNIS R. MANNIX, CHIEF OF POLICE
>
>By their attorneys,
>
>/s/ John P. Flynn
>John P. Flynn, BBO# 172640
>Geoffrey B. McCullough, BBO# 558207
>Kathryn M. Murphy, BBO#564789
>Karis L. North, BBO # 648998
>MURPHY, HESSE, TOOMEY & LEHANE, LLP
>300 Crown Colony Drive, Suite 410
>Quincy, MA 02169
>(617) 479-5000

Dated: February 5, 2008

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on February 5, 2008.

                                                  /s/ John P. Flynn
                                                John P. Flynn