THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. and,<br><br>Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>Town of Natick, et al.<br><br>      Defendants | USDC Case No.:  04-11996 RGS |

**PLAINTIFFS' MOTION
TO ADD JASON SUTHERLAND AS CONSENTEE**

Plaintiffs move that Jason Sutherland be added as a consentee to the above-captioned Fair Labor Standards Act ("FLSA") lawsuit. The Consent Form of Patrol Officer Sutherland is set forth in the appendix of this motion. There is good cause to grant this motion:

    1.    On two prior occasions Plaintiffs added consentees to the lawsuit and on both occasions the court granted said motions. In this case Plaintiffs recently discovered an oversight when backpay calculations were being computed that Patrol Officer Jason Sutherland was not included as a consentee in this lawsuit.

1

2.      Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), any additional similarly situated employees may join FLSA litigation by filing their consent with the court.

3.      The violations of the FLSA that Patrol Officer Sutherland alleges in support of his FLSA claim are identical to the allegations already set forth by the existing Patrol Officer Plaintiffs in the amended complaint.  There is no need for additional legal rulings on the merits of his claim insofar as he is identically situated as the others.  This is simply a matter of adding a patrol officer who was inadvertently missed in prior attempts to identify all plaintiffs.

5.      The FLSA is clear that any similarly situated employees may participate in FLSA litigation against his or her employer simply by indicating his or her consent.  29 U.S.C. § 216(b).  While it is true that Patrol Officer Sutherland tomorrow or next week could file his own lawsuit and collect attorneys fees and costs in the process, the FLSA consent policy promotes judicial efficiency by having the Court hear similar claims of all the employees who wish to participate at one time, rather than having a series of identical suits proceeding through the court's docket at once.[1]

---

[1] Patrol Officer Sutherland's potential claim starts no earlier than the pay period ending October 19, 2004 given the start date of his employment. (See Plaintiffs' submission on interim damages, Exhibit 1 of Memorandum, which shows that damages for Officer Sutherland start effective the pay period ending October 19, 2005.)  If he filed a lawsuit today and a three year statute of limitations were applied he would capture damages dating back to February 2005, nearly the entire course of his employment, and if a two year limitations period were applied he would capture back to February 2006.  Given the attorneys fees and costs that the Town would incur to defend such lawsuit, it is clear that processing this as an additional lawsuit, rather than as part of this lawsuit, is wholly inefficient.  Nevertheless, as reported in the Local Rule 7.1 Certificate, counsel for Defendants have advised that Defendants will oppose this motion.

6. Patrol Officer's Sutherland's backpay calculations are already included on the modified EXCEL Paybooks on damages submitted by Plaintiffs yesterday regarding an interim proposed form of judgment. (See Exh. 1 and 2 of Plaintiffs' Memorandum regarding the interim proposed form of judgment which are PDF versions of EXCEL spreadsheet damages calculations, and Exh. A of Patricia Slates' Affidavit which contains such spreadsheets in EXCEL format.)[2]

7. Defendants' counsel has been on notice that Plaintiffs intended to add Patrol Officer Sutherland to this lawsuit since at least early December 2007.

WHEREFORE Plaintiffs respectfully move that Patrol Officer Jason Sutherland be added as consentee Patrol Officer Plaintiff to the above-captioned lawsuit.

> Respectfully submitted,
>
> For Plaintiffs,
>
> By Plaintiffs' Counsel:
>
> */s/ Jack J. Canzoneri*
> Jack J. Canzoneri, BBO #564126
> McDonald, Lamond & Canzoneri
> Cordaville Office Center
> 153 Cordaville Road, Suite 210
> Southborough, Massachusetts 01772
> (508) 485-6600

Dated:  February 6, 2008

---

[2] Defendants' counsel advised that Defendants would not prepare backpay calculations for Patrol Officer Sutherland until this motion and Defendants' opposition was resolved.

3

## RULE 7.1 CERTIFICATION

      I, Jack J. Canzoneri, hereby certify that I have conferred and have attempted in good faith to resolve or narrow the issue in the above-captioned matter and that counsel were unable to reach agreement. In December 2007 Defendants' counsel advised that Plaintiffs should report in this certification that Defendants shall oppose this motion.

Dated: February 6, 2008       */s/ Jack J. Canzoneri*
                                       Jack J. Canzoneri

## CERTIFICATE OF SERVICE

      I, Jack J. Canzoneri, hereby certify that I have this day via the Electronic Case File system, served a copy of the foregoing upon opposing counsel John P. Flynn, Jr. Esq., Karis North, Esq., Kathryn Murphy, Esq., and Geoffrey B. McCullough, Esq., Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony Drive, P.O. Box 9126, Quincy, Massachusetts 02269.

Dated: February 6, 2008       */s/ Jack J. Canzoneri*
                                       Jack J. Canzoneri

## APPENDIX

**CONSENT TO BECOME A PARTY PLAINTIFF
IN A CIVIL ACTION UNDER THE FAIR LABOR STANDARDS ACT**

      I am (or was) an employee in the Natick Police Department. I believe that my rights to proper compensation under the Fair Labor Standards Act (FLSA) may have been violated by my employer. Therefore, I consent to becoming a party plaintiff, pursuant to the FLSA, in a lawsuit against my employer.

      I authorize the law firm of McDonald & Associates, with offices at Cordaville Office Center, 153 Cordaville Road, Suite 320, Southborough, Massachusetts 01772, to represent me as counsel with respect to all claims under the FLSA, and other related laws which I have or may have against my employer. The authorization includes both an investigation of the validity of claims and any resulting litigation concerning such claims. The attorneys are authorized to file this consent on my behalf in an appropriate court and to take all steps pertinent thereto on my behalf, including, the filing of complaints, amended complaints, and other pleadings, and the settlement and collection of any and all such claims.

      I hereby request that the court assess any costs and expenses of this action and reasonable attorneys fees against my employer, and award said cost, expenses and fees to my above-named counsel.

      I understand that under the FLSA I cannot be discharged or in any way disciplined or penalized by my employer or its agents because of my participation in an FLSA lawsuit or because of my assertion of rights under the FLSA.

Signature:                 *s/Jason Sutherland*

Name (Printed):       Jason Sutherland
Work Address:         Natick Police Department, 20 East Central Street, Natick MA 01760
Assignment::           Patrol Officer in Natick Police Department
Date:                        February 6, 2008