THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04- 11996RGS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. | )<br>)<br>) |
| and | ) |
| Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al. | )<br>) |
| Plaintiffs, | ) |
| v. | ) |
| Town of Natick, et al. | ) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ADD JASON SUTHERLAND AS CONSENTEE

Defendants oppose Plaintiffs' Motion to Add Jason Sutherland as Consentee. Defendants oppose Plaintiffs' Motion on the grounds that the significant delay in adding yet another Plaintiff to the current action is prejudicial, that the Motion is time barred as to some portion of the claim, and that adding another Plaintiff to this litigation is no longer appropriate.

Plaintiffs' should have included Officer Sutherland in their earlier Motion to Add Consentees, filed 4/25/07 with the other Consentees hired at the same time.  Regardless, Sutherland was hired on October 18, 2004 is barred from bringing any claim, because his

request is untimely.  All opt-in members who seek relief under the FLSA must submit their consent forms before the statute of limitations has run.  Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10, 14 (D.P.R. 2005).  The statute of limitation in the FLSA is two years (24 months) after the cause of action commences, or, for willful violations, three years (36 months). 29 U.S.C. § 255(a).  Sutherland was hired as a cadet on October 18, 2004 and he was sworn in as a Patrol Officer effective March 11, 2005, 35 months ago.[1]  As such the 2-year statute of limitations has run.

Neither the filing date of the original Complaint, nor relation back will save this claim.  Filing a complaint does not toll the statute of limitations with regard to other employees who may be similarly situated.  King v. J. C. Penney Co., 58 F.R.D. 649 (N.D.Ga.1973); Groshek v. Babcock and Wilcox Tubular Products Division, 425 F. Supp. 232, 233-34 (D.C. Wis. 1977).  Similarly, a consent filed after the complaint has been held not to relate back to the filing of the complaint.  Kuhn v. Philadelphia Elec. Co., 487 F. Supp. 974, 977 (D.C. Pa., 1980).

In addition to the statute of limitation issue, adding yet another Plaintiff to the action at this late date is prejudicial, and the request should be denied.  This action commenced on September 15, 2004, and consent forms for each of the 56 Plaintiffs were filed with the Complaint.  Additional consent forms were filed on April 25, 2007.  An appropriate cut-off point would have been January, 2005, when the parties were required by order of this Court to file their certifications pursuant to Local Rule 16.1(D)(3), or, at the very latest, at the time the Complaint was amended.  Filing this motion more than three

---

[1] Prior to March 11, 2005 Sutherland was a cadet, and as such was not eligible to be a Plaintiff in this litigation since it only concerns payments to sworn officers. See First Amended Complaint of Violation under the Fair Labor Standards Act, ¶ 1 (The Plaintiffs in this action are fifty-six (56) current and former *patrol* and superior officers . . . )(emphasis added).

years after the action was commenced is untimely, and allowing such a motion would be prejudicial to Defendants. See Robertson v. Alaska Juneau Gold Mining Co., 61 F. Supp. 265, 267-68 (D.C.CAL. 1945) (Granting an untimely motion to add parties to FLSA litigation is prejudicial).

    **WHEREFORE,** Defendants oppose Plaintiffs' Motion to Add Jason Sutherland as Consentees as Plaintiffs' and respectfully request that Plaintiffs' Motion be denied.

    Respectfully submitted,

Defendants, TOWN OF NATICK,
NATICK POLICE DEPARTMENT, and
DENNIS R. MANNIX, CHIEF OF POLICE

By their attorneys,

/s/  Karis L. North
John P. Flynn, BBO# 172640
Geoffrey B. McCullough, BBO# 558207
Kathryn M. Murphy, BBO#564789
Karis L. North, BBO # 648998
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

Dated: February 15, 2008

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on February 15, 2008.

    /s/ Karis L. North
    Karis L. North