THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04- 11996-RGS

| | |
|---|---|
| Robert F. Murphy, III, Lead Plaintiff for Patrol Officer Plaintiffs, et al. | )<br>)<br>)<br>) |
| and | )<br>) |
| Brian C. Grassey, Lead Plaintiff for Superior Officer Plaintiffs, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| Town of Natick, et al. | )<br>)<br>) |
| Defendants. | )<br>) |

### JOINT STATUS REPORT AND MOTION TO CONTINUE STAY OF PROCEEDINGS

Plaintiffs Robert F. Murphy, Brian C. Grassey, et al, and Defendants, Town of Natick, Natick Police Department, and Chief Dennis R. Mannix, respectfully submit the following status report and joint request that the stay of these proceedings continue for an additional 90 days, until November 3, 2008. The parties recognize that the Court has already provided a significant amount of time for understanding and evaluating each parties' damages figures and entering into settlement discussions. The parties ask for this additional time because of the complexity of the ongoing settlement discussions and issues in controversy as well as the desire of all of the parties to come to an acceptable compromise which will resolve this case with respect to both back pay damages and to the applicable methodology utilized for going forward pay which necessarily involves significant collective bargaining issues.

This Court has ordered payment of certain FLSA pay to Patrol Officer Plaintiffs and settlement discussions have revealed that how those payments are to be calculated on a going-forward basis is in dispute and needs to be resolved between the parties, so as to avoid future litigation. The same disputes with respect to back pay calculation methodology also apply to the going forward methodology.

The parties report that in the last 60 days that have had further discussions with their respective clients regarding specific settlement authority. The parties have also had further discussions about the damages calculation methodology, including the submission of revised damages figures by Plaintiffs. Finally, the parties have each updated their damages figures to bring them current to July 2008.

The parties held a joint negotiating session on July 9, 2008. After agreeing **to** the ground rules and other preliminary matters, the parties entered into active negotiations. After several hours of discussion, the parties were still hundreds of thousands of dollars apart with respect to back pay in part because of continuing disagreements over the methodology to be utilized in calculating the back pay as set forth in the previously filed objections. In addition, the parties recognized a desire to include as part of any settlement both attorneys' fees and an agreement on the going forward methodology.

A second session was scheduled for July 22, 2008 and was subsequently cancelled by agreement. The reason for the cancellation was that based on the prior discussions, the parties jointly determined it would be most efficient to continue working on the going forward methodology in the context of the Collective Bargaining Agreement ("CBA"). As a result, the parties are approaching settlement with a broader and more comprehensive approach than was initially discussed. This revised approach includes detailed analysis of the costs and benefits of

various revisions and/or modifications to the CBA.  This analysis requires additional input from financial staff and additional legal review of that analysis.   The parties do not believe it makes sense to negotiate each part separately, where, for example, they might be able to agree to a compromise on back pay figures, in exchange for concessions in either some terms of the CBA or the going forward methodology.

    The parties require additional time to brief their respective clients on this revised approach, and for preparing and receiving approval on revised settlement authority.  There are 50 Patrol Officer Plaintiffs to be advised on the status of the proposals and negotiations, and each officer may even need to individually approve any settlement.  Further, because the Defendants are a municipality, due to Massachusetts open meeting law requirements as well as meeting schedules it is not always possible to update them instantaneously.   Further, if and when a settlement is reached, the Town believes that funding of any settlement will have to be approved by both the elected officials and Town Meeting, which can be a lengthy process.

    Finally, the parties note that counsel for Defendants and Defendants' client representative will be unavailable for much of August because of previously scheduled vacations.  During that period it will be impossible to hold negotiation sessions; however, work will continue on the cost-benefit analyses of various settlement possibilities.  The Defendants hope to complete their analyses by Labor Day, receive approval for specific settlement authority, and be able to begin face-to-face negotiations again sometime in September.  The parties are currently in process of scheduling further negotiation sessions in September.

    WHEREFORE, the parties respectfully request a further 90-day stay of the proceedings in the above-captioned matter.  The parties request that they be allowed to file a joint status report updating the Court on their progress on Tuesday, November 3, 2008.

Respectfully submitted,

| | |
|---|---|
| For Plaintiffs, ROBERT MURPHY, BRIAN GRASSEY, ET AL | For Defendants TOWN OF NATICK, NATICK POLICE DEPARTMENT, and DENNIS R. MANNIX, CHIEF OF POLICE |
| By their attorneys, | By their attorneys, |
| */s/ Jack J. Canzoneri* <br> Jack J. Canzoneri, BBO #564126 <br> McDonald Lamond & Canzoneri <br> Cordaville Office Center <br> 153 Cordaville Road, Suite 210 <br> Southborough, MA 01772 <br> (508) 485-6600 | */s/ Karis L. North* <br> John P. Flynn, BBO# 172640 <br> Geoffrey B. McCullough, BBO# 558207 <br> Kathryn M. Murphy, BBO#564789 <br> Karis L. North, BBO # 648998 <br> MURPHY, HESSE, TOOMEY & LEHANE, LLP <br> 300 Crown Colony Drive, Suite 410 <br> Quincy, MA 02169 <br> (617) 479-5000 |

Dated: August 1, 2008

4

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non registered participants on August 1, 2008.

      /s/ Karis L. North
      Karis L. North