THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Robert F. Murphy, III, Lead 0Plaintiff for
Patrol Officer Plaintiffs, et al. and,

Brian C. Grassey, Lead Plaintiff for
Superior Officer Plaintiffs, et al.,

    Plaintiffs,

    v.

Town of Natick, et al.

    Defendants

USDC Case No.: 04-11996 RGS

## ~~PROPOSED~~ FINAL JUDGMENT

It is Ordered, Adjudged and Decreed that final disposition of the above-captioned matter is as follows:

1. The Court incorporates by reference all orders previously entered in this matter, including but not limited to: (a) Memorandum and Order on Cross-Motions for Summary Judgment (dkt #69) dated September 25, 2007; (b) Rulings on Objections to Proposed Forms of Judgment (dkt #95) dated December 19, 2008; (c) Order Granting In Part and Denying In Part Defendants' Motion (dkt #96) for Clarification/Reconsideration dated January 26, 2009; (d) Order granting [dkt #97] Motion for Entry of Stipulation dated January 26, 2009; and (e) Findings of Fact and Conclusions of Law After a Non-Jury Trial (dkt #118) dated May 14, 2009.

2. <u>FLSA Backpay And Liquidated Damages.</u> The Defendant Town of Natick shall issue payments for backpay for a total of $646,565.83 on unpaid overtime and liquidated damages under the Fair Labor Standards Act ("FLSA") to Patrol Officer Plaintiffs in accordance with, and allocable to each Patrol Officer Plaintiff as set forth in the table below. These payments shall be referred to hereinafter as "FLSA Backpay". These payments are also acknowledged to include an element which represents the parties' resolution of the willfulness issue, as set forth in January 26, 2009 Order granting the parties Motion for Entry of Stipulation and as explained further in footnote 1, <u>infra</u>.

**FLSA Backpay Table**

| Name | Amount |
| --- | --- |
| Arena, Edward J | $26,022.17 |
| Bazigian, Eric W | $2,417.26 |
| Blanchard, Elizabeth M | $6,684.62 |
| Bosselman, Brian A | $14,860.92 |
| Brogan, Daniel R | $49,145.56 |
| Butler, Thomas J | $4,441.88 |
| Conaway, Brett P | $10,819.74 |
| Coughlin, Amy T | $941.75 |
| Delehanty, Kevin J | $38,872.95 |
| Doherty Jr, John W | $6,866.39 |
| Fitzgerald, Kenneth J | $32,324.44 |
| Fitzpatrick, Leo J | $1,450.32 |
| Forde, Vincent J | $27,914.48 |
| Frissore, John C | $799.16 |
| Gaieski, Anthony M | $324.80 |
| Geissler, William A | $207.42 |
| Graham, Allan W | $8,858.01 |
| Hall, Ryan T | $115.36 |
| Halloran, Richard P | $10,636.55 |
| Harper, Howard L | $1,613.11 |
| Haswell, John P | $10,370.29 |
| Hayes, Joseph N | $14,172.20 |
| Heffler, Elizabeth R | $11,452.85 |
| Hoffman, Robert A | $35,837.68 |

| | |
|---|---|
| Howard, Chad M | $32,041.22 |
| Ingham, Brian D | $15,611.02 |
| Jennings, Leonard M | $447.76 |
| Kelley, Keven P | $1,809.58 |
| Keohane, James F | $30,103.10 |
| Kerrissey, Edward F | $7,980.68 |
| Lacerra, Scott R | $9,158.64 |
| Lanoue, Gregory M | $26,667.84 |
| Linton, James M | $564.60 |
| McDonnell, Douglas M | $1,993.67 |
| Morrill, Diane | $2,550.09 |
| Munger, Sean D | $1,469.20 |
| Murphy, Robert F | $6,654.42 |
| Nguyen, Toan V | $1,368.36 |
| Ordway, James M | $7,497.33 |
| O'Shaughnessy, James F | $17.30 |
| Payne, Ryan E | $8,858.30 |
| Peros, Arthur | $5,045.09 |
| Quilty, James P | $18,692.64 |
| Richardson, Ronald D | $5,054.57 |
| Rodriguez, Christian A | $19,309.62 |
| Rossi-Cafarelli, Cara | $912.36 |
| Salis, S C | $58,038.55 |
| Showstead, Christopher G | $406.18 |
| Smith, Scott P | $12,890.67 |
| St Hilaire, Mark V | $7,643.85 |
| Sutherland, Jason D | $20,737.66 |
| Thurston, Joseph J | $7,916.92 |
| Vieira, Richard J | $9,715.05 |
| Vitale, Thomas W | $3,251.01 |
| Wade, Scott D | $4,176.24 |
| White, Robert J | $832.40 |
| Grand Total | $646,565.83 |

3. <u>Damages period covered by FLSA Backpay set forth in paragraph two table.</u> The FLSA Backpay in the table above shall constitute the full amount owing for backpay and liquidated damages (excluding attorneys fees

3

and costs, addressed separately below) in the above-captioned FLSA action to each Patrol Officer Plaintiff from September 15, 2001 through May 19, 2009.[1]

4.   Additional FLSA Backpay.   The Town shall be allowed until July 22, 2009 to implement a payroll system that provides for compensation of officers on a weekly basis pursuant to the court's orders in this matter; *provided* that the Town shall pay Additional FLSA Backpay and an equal amount in liquidated damages to each Patrol Officer Plaintiff from the last workweek covered by the FLSA Backpay specified in paragraph two and three, until the workweek that the Town begins paying officers FLSA overtime in accordance with the court's orders in this matter; and *provided further* that the applicable work period and the specifics of the computation methodology and/or practice so applied shall be subject to the reservations set forth in paragraph five below.

5.   Reservation of Rights.   The Town expressly reserves and asserts any rights it may have: (1) to continue to negotiate with the Patrol Officers over the implementation of a 28-day pay period pursuant to section 207(k) of the FLSA and any additional changes in payment methodology or practice, so long as those methodologies and/or practices comply with the FLSA, and (2) to take the position that nothing in this Judgment or any implementation of this

---

[1] This Final Judgment incorporates by reference the parties' resolution of the willfulness issue (the issue under the FLSA of whether the statute of limitations of two years for non-willful violations, or three years for willful violation), and the September 15, 2001 date is specified only to clarify that this Final Judgment covers any possible period covered by the subject complaint dating back in time and not as indicating a disposition of the willfulness issue other than as stipulated by the parties.

4

Case 1:04-cv-11996-RGS   Document 119   Filed 06/15/2009   Page 5 of 7

Judgment shall establish any pattern or practice which has significance under applicable collective bargaining laws of the Commonwealth of Massachusetts, including but not limited to M.G.L. c. 150E. The Patrol Officer Plaintiffs and/or their collective bargaining representative expressly reserve and assert any rights they may have contrary to those argued by the Town as set forth in the prior sentence. Any payment under this judgment is without prejudice to those rights. Further, nothing hereunder will affect whatever rights a party may have under applicable collective bargaining laws of the Commonwealth of Massachusetts, including but not limited to M.G.L. c. 150E.

6. <u>Attorney Fees and Costs.</u> Within 30 days after the entry of judgment Plaintiffs may file a petition for attorneys fees and costs with the court. Defendants may have 30 days after such petition is filed to file a response to that petition.

7. <u>Superior Officer Plaintiff Claims.</u> The claims of the Superior Officer Plaintiffs in the final judgment shall be dismissed with prejudice, without costs or attorneys fees, and with all rights of appeal being waived, for the reasons set forth in the September 25, 2007 Memorandum and Order of the Court. This waiver of the right of appeal is pursuant to collective bargaining negotiations and memorialized in a document styled Memorandum of Agreement by and between New England Police Benevolent Association, AFL-CIO, Local 82 and the Town of Natick, Massachusetts dated April 3, 2009.

8. <u>Appealable Judgment.</u> The foregoing is a fully appealable judgment by all parties to this matter, except as set forth in Paragraph 7. The

court expressly notes that, by agreeing to entry of this judgment by "joint" submission, none of the parties in this action have waived the right to appeal any aspect of this case, including this judgment or any prior orders of the court in this matter, except as set forth in paragraph 7.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| For Plaintiffs, | For Plaintiffs, |
| By Plaintiffs' Counsel: | By Defendants' Counsel: |
| /s/ Jack J. Canzoneri | /s/ Karis L. North |
| Jack J. Canzoneri, BBO #564126 | John P. Flynn, BBO#172640 |
| McDonald Lamond & Canzoneri | Geoffrey B. McCullough, BBO#558207 |
| 153 Cordaville Road, Suite 320 | Kathryn M. Murphy, BBO# 564789 |
| Southborough, Massachusetts 01772 | Karis L. North, BBO # 648998 |
| (508) 485-6600 | Murphy, Hesse, Toomey & Lehane, LLP |
| | 300 Crown Colony Drive, Suite 410 |
| | Quincy, MA 02169 |
| | (617) 479-5000 |
| Dated: June 15, 2009 | Dated: June 15, 2009 |

It is so ORDERED, ADJUDGED and DECREED,

This 15th day of June, 2009

*[signature]*

Honorable Richard G. Stearns